UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHERINE WRIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HP INC. DBA HP COMPUTING AND PRINTING INC., a foreign profit corporation; HEWLETT PACKARD ENTERPRISE COMPANY, a foreign profit corporation; HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, a foreign profit corporation; HP HEALTH SOLUTIONS INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF BREANNE MARTELL IN SUPPORT OF DEFENDANT HP INC.'S NOTICE OF REMOVAL** |

I, Breanne Martell, do hereby swear, affirm and attest as follows:

1.  I am an attorney with the law firm Littler Mendelson P.C., counsel for Defendants HP Inc., HP Health Solutions Inc., Hewlett Packard Enterprise Company, and Hewlett-Packard Financial Services Company in the above-captioned matter. I am over the age of 18 years and have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so. I respectfully submit this declaration in support of Defendant HP Inc.'s Notice of Removal.

DECLARATION OF BREANNE MARTELL
ISO DEF. HP INC.'S NOTICE OF REMOVAL - 1

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

2.  Attached as Exhibit 1 is a true and correct copy of a Declaration filed by Plaintiff's counsel, Timothy Emery, dated July 26, 2023, in support of Plaintiffs' motion for attorneys' fees in a class action settlement.

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

Dated this 15th day of August, 2024 at Seattle, Washington.

*s/ Breanne Martell*
Breanne Martell, WSBA #39632

DECLARATION OF BREANNE MARTELL
ISO DEF. HP INC.'S NOTICE OF REMOVAL - 2

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on August 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Court and to the following:

**Attorney for Plaintiff**

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Tel: (206) 442-9106
Fax: (206) 441-9711
emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct. Executed on August 15, 2024, at Seattle, Washington.

 */s/ Liana Natividad*
Liana Natividad
lnatividad@littler.com
**LITTLER MENDELSON, P.C.**

4874-7919-1768.1 / 086660-1065

DECLARATION OF BREANNE MARTELL
ISO DEF. HP INC.'S NOTICE OF REMOVAL - 3

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

# EXHIBIT 1

EXHIBIT 1

Case 2:24-cv-01261-MJP Document 13 Filed 07/26/24 Page 5 of 9

# EXHIBIT 1

|   |   |
|---|---|
|   | Hon. William L. Dixon<br>Hearing Date: September 29, 2023<br>Hearing Time: 10:00 a.m.<br>With Oral Argument |

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| AMY GARCIA, ANTHONY GIBBONS, and TAYLOR RIELY-GIBBONS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF LICENSING, an agency of the State of Washington,<br><br>Defendant. | No. 22-2-05635-5 SEA<br><br>DECLARATION OF TIMOTHY W. EMERY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS |

I, Timothy W. Emery, make the following declaration based upon my personal knowledge, and where stated, upon information and belief. I declare:

1. I am a member in the law firm Emery Reddy, PLLC. Kim D Stephens and Kaleigh N. Boyd of Tousley Brain Stephens PLLC, M. Anderson Berry of Clayeo C. Arnold, A Professional Corp., and I (collectively, "Class Counsel") are the attorneys of record for Plaintiffs and the Settlement Class in this matter. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and I could testify competently to them if called upon to do so.

2. As set forth in detail in the Declaration of Timothy W. Emery In Support of Motion for Preliminary Approval (Dkt. 57), Class Counsel all have extensive experience prosecuting

complex class actions, especially in the area of data breach litigation. We all believe, based upon our extensive experience, that the result in this case is an outstanding result for the Class that will provide them with significant and material benefits that they otherwise could not achieve.

### The Litigation and Settlement

3. This litigation was hard-fought, difficult, contentious, and posed a series of case dispositive risks for Class Counsel, including, for example, a motion to dismiss and potential motions for summary judgment. In addition, Plaintiffs risked being unsuccessful on a motion for class certification. Class Counsel reached a settlement only after an extensive investigation and prolonged arm's-length negotiations presided over by talented mediator Bennett G. Picker of Stradley Ronon.

4. Even after coming to an agreement on the central terms, Class Counsel negotiated for weeks over the fine points of the settlement.

5. Class Counsel also worked for weeks to finalize the Settlement Agreement and associated exhibits pertaining to notice (such as the Class Notices and Claim Form), preliminary approval, and final approval.

### The Settlement Agreement

6. As of the date of this filing, Class Counsel are aware of only two objections to the Settlement Agreement in general, both of which were connected with the amount of credit monitoring provided, as detailed in Plaintiffs' Motion for Final Approval. While the Settlement Class was notified of the amount Class Counsel may seek as proposed attorneys' fees and costs, Class Counsel have thus far received no objections to that amount.

7. Identity Defense Total by Pango Group—the identity theft protection and credit monitoring services offered to Settlement Class Members—has a retail value of $19.99 per month ($239.88 per year) per Settlement Class Member.[1]

---

[1] CyEx, *Identity Defense*, https://cyex.com/identity-defense/ (last visited July 26, 2023).

DECLARATION OF TIMOTHY W. EMERY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS - 2

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

### The Contingent Nature of the Case

8. Class Counsel prosecuted this case on a purely contingent basis. Class Counsel have contingency fee agreements with the Plaintiffs and Class Representatives that provide for 33 to 40 percent of the gross recovery to be paid as attorneys' fees, plus costs and expenses, in the event that Plaintiffs' Counsel settled or obtained a judgment for Plaintiffs on an individual basis.

9. As detailed below, Class Counsel have devoted substantial resources to the prosecution of this case with no guarantee that they would be compensated for their time or reimbursed for their expenses. Class Counsel assumed a significant risk or nonpayment or underpayment.

10. This matter has required Class Counsel, and other attorneys at their firms, to spend time on this litigation that could have been spent on other matters. At various times during the litigation of this class action, this lawsuit has consumed significant amounts of time and attorney resources.

11. Such time could otherwise have been spent on other fee-generating work. Because Class Counsel undertook representation of this matter on a contingency-fee basis, we shouldered the risk of expending substantial costs and time in litigating the action without any monetary gain in the event of an adverse judgment.

12. If not devoted to litigating this action, from which any remuneration is wholly contingent on a successful outcome, the time Class Counsel spent working on this case could and would have been spent pursuing other potentially fee generating matters.

13. Litigation is inherently unpredictable and therefore risky. Here, that risk was very real due to the rapidly evolving nature of case law pertaining to data breach litigation and the state of data privacy law. Therefore, despite Class Counsel's devotion to the case and our confidence in the claims alleged against DOL, there have been many factors beyond our control that posed significant risks.

14. Class Counsel's fees were not guaranteed—the retainer agreements Class Counsel

have with Plaintiffs did not provide for fees apart from those earned on a contingent basis, and, in the case of class settlement, approved by the court.

### Class Counsel's Time and Expenses

15. Due to the early stage of litigation and the efficiency by which Class Counsel was able to obtain this significant settlement, costs and fees incurred by Plaintiffs are relatively low for a class action of this size.

16. Each of Class Counsel's firms maintain contemporaneous records of time and expenses. These records are prepared and maintained in the ordinary course of business through software systems maintained by the firms.

17. This declaration was prepared with the assistance of other lawyers and staff at Class Counsel's firms with knowledge of the matters reflected herein. I have personally reviewed the information supporting the fee and expense requests that are the subject of this declaration.

18. As part of the preparation of this declaration, I reviewed the time and expenses incurred by all Class Counsel in this litigation to exercise billing judgment. In reviewing the time and expenses, and in exercising billing judgment, I have carefully reviewed the time entries for reasonableness, and endeavored to delete any time entries that could be viewed as duplication of work.

19. After exercising billing judgment and making billing reductions based on my review of the records, the number of hours spent on this litigation by Class Counsel, the reasonable hourly rates, and Class Counsel's lodestar is reflected below.

| TOUSLEY BRAIN STEPHENS PLLC TIME | | | | |
|---|---|---|---|---|
| NAME | TITLE | HOURS | RATE | TOTAL |
| Stephens, Kim D. | Attorney | 68.2 | $1,060 | $72,292.00 |
| Dennett, Jason T. | Attorney | 3.9 | $800 | $3,120.00 |
| Jordan, Cecily C. | Attorney | 1.2 | $575 | $690.00 |
| Boyd, Kaleigh N. | Attorney | 123.9 | $500 | $61,950.00 |
| Rashby, Eve | Paralegal | 8.4 | $330 | $2,772.00 |
| **TOTAL** | | **205.6** | | **$140,824.00** |

DECLARATION OF TIMOTHY W. EMERY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS - 4

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

| EMERY REDDY, PLLC TIME | | | | |
|---|---|---|---|---|
| NAME | TITLE | HOURS | RATE | TOTAL |
| Emery, Timothy W. | Attorney | 113.4 | $725 | $82,215.00 |
| Arthur, Karolina S. | Attorney | 18.2 | $725 | $13,195.00 |
| Ballard, Lesley | Paralegal | 113.1 | $225 | $25,447.50 |
| Chong, Jennifer | Legal Assistant | 22.2 | $225 | $4,995.00 |
| TOTAL | | 264.9 | | $125,852.50 |

| CLAYEO C. ARNOLD, A PROFESSIONAL LAW CORP. TIME | | | | |
|---|---|---|---|---|
| NAME | TITLE | HOURS | RATE | TOTAL |
| Berry, M. Anderson | Attorney | 102.5 | $800 | $82,000.00 |
| Haroutunian, Gregory | Attorney | 60.4 | $675 | $40,770.00 |
| Martin, Lori | Paralegal | 6.2 | $308 | $1,909.60 |
| Marentes, Bianca | Paralegal | 2.7 | $308 | $831.60 |
| Velichko, Olya | Paralegal | 26.1 | $243 | $6,342.30 |
| TOTAL | | 197.9 | | $131,853.50 |

| TOTAL TIME | | |
|---|---|---|
| FIRM | HOURS | TOTAL |
| Tousley Brain Stephens PLLC | 205.6 | $140,824.00 |
| Emery Reddy, PLLC | 264.9 | $125,852.50 |
| Clayeo C. Arnold, a Professional Corp. | 197.9 | $131,853.50 |
| TOTAL | 668.2 | $398,530.00 |

| TOTAL EXPENSES | |
|---|---|
| FIRM | TOTAL |
| Tousley Brain Stephens PLLC | $10,040.18 |
| Emery Reddy, PLLC | $1,319.38 |
| Clayeo C. Arnold, a Professional Corp. | $785.65 |
| TOTAL | $12,145.21 |

20. Class Counsel will expend additional time dealing with any objections, preparing for and attend the Final Fairness Hearing, defending any appeals taken from the final judgment approving settlement, and ensuring that the claims process and distribution of settlement proceeds to class members is done in a timely manner in accordance with the terms of the settlement.

21. Class Counsel assert that the attorneys' fees sought in the motion for attorneys' fees are reasonable and constitute fair and reasonable compensation for undertaking this case on a contingency basis and for obtaining the relief for Plaintiffs and the Class. The time Class

Counsel devoted to this case is reasonable. Class Counsel prosecuted the claims at issue efficiently and effectively, making every effort to prevent the duplication of work that might have resulted from having multiple firms working on this case. As set forth in the Settlement Agreement, the attorneys' fees, costs and expenses sought in this motion will not reduce the benefits payable to the class.

22. Prior to taking on Plaintiffs' case, Class Counsel thoroughly researched DOL's practices and Plaintiffs' legal claims by, among other things, conducting an independent investigation and researching relevant data privacy claims. This information was critical to Class Counsel's understanding of the nature of the Data Breach, the scope of potential damages and remedies, and the potential risks and benefits of continued litigation.

23. Class Counsel devoted significant time and resources to this case, including:

   a. Conferring with Plaintiffs throughout the case;
   b. Conducting an investigation into the facts regarding Plaintiffs' claims and Class Members' claims;
   c. Researching law relevant to and preparing Plaintiffs' class action complaints;
   d. Submitting public records requests to DOL and reviewing hundreds of files produced in response to the requests;
   e. Drafting both formal and informal discovery requests to DOL;
   f. Responding to DOL's motion to dismiss;
   g. Working with Plaintiffs to respond to DOL's informal discovery requests;
   h. Reviewing DOL's informal discovery responses;
   i. Preparing for and attending mediation with Bennett G. Picker of Stradley Ronon, including researching and preparing a detailed mediation statement, as well as attending pre-mediation conferences and calls with Mr. Picker;
   j. Engaging in substantial post-mediation negotiations over the notice plan, and negotiating a second reminder notice;
   k. Negotiating and preparing the Parties' class action settlement agreement, along

           with the proposed class notices and claim form;

    l. Negotiating with settlement administration companies to secure the best notice plan practicable;

    m. Preparing and revising Plaintiffs' motion for preliminary approval of the class action settlement;

    n. Preparing and revising Plaintiffs' motion for final approval of the class action settlement;

    o. Working with the Settlement Administrator to ensure the timely completion of Notice and processing of claims, including revising drafts of the Settlement Website and deficiency notices to claimants;

    p. Monitoring the claims process and corresponding with the Settlement Administrator and DOL's Counsel regarding the same;

    q. Closely monitoring evolving law regarding data security and its potential impacts on the case; and

    r. Responding to Class Member inquiries regarding the claims process.

24. Class Counsel carefully assigned work so as to avoid duplication of efforts and to have the work completed by the appropriate level of attorney.

25. All books and records in this case regarding costs expended were maintained in the ordinary course of business, from expense vouchers and check records. I have reviewed the records of costs expended in this matter by all three Class Counsel firms.

26. Class Counsel incurred out-of-pocket costs totaling $12,145.21, primarily to cover expenses related to mediation fees, court filing fees, service fees, fees for use of research databases, and administrative costs such as copying, mailing, and messenger expenses. These out-of-pocket costs were necessary to secure the resolution of this litigation and may be recouped in addition to attorneys' fees.

27. Class Counsel anticipates incurring additional costs and expenses before our work is done in this case, as is true of the additional services which we will provide to the Class.

However, Class Counsel will not seek any additional payment from the common fund to cover these known and predictable additional time and expenses.

28. In the opinion of the undersigned and other Class Counsel, the attorneys' fees and costs requested are fair and reasonable under the facts and circumstances of this case.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct. Executed on July 26, 2023 at Seattle, Washington.

By:     */s/ Timothy W. Emery*
        Timothy W. Emery, WSBA No. 34078