UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHERINE WRIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HP INC. DBA HP COMPUTING AND PRINTING INC., a foreign profit corporation; HEWLETT PACKARD ENTERPRISE COMPANY, a foreign profit corporation; HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, a foreign profit corporation; HP HEALTH SOLUTIONS INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No. 2:24-cv-01261<br><br>**DEFENDANTS HP INC.'S AND HP HEALTH SOLUTIONS INC.'S ANSWER, AFFIRMATIVE, AND OTHER DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DISCRIMINATION** |

Defendants HP INC. and HP HEALTH SOLUTIONS INC. (collectively "Defendants" or separately "HPI" and "HPHS") hereby file their Answer, Affirmative, and Other Defenses to the Plaintiff's Class Action Complaint for Discrimination ("Complaint") filed by Plaintiff KATHERINE WRIGHT ("Plaintiff"). Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Defendants may have to seek relief by appropriate motions directed to the allegations of the Complaint. Defendants respond to the Complaint as follows:

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 1

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

## I. NATURE OF THE EPOA

1. In response to Paragraph 1 of the Complaint, Defendants deny any violations of Washington law, deny that this action may be brought as a class action on behalf of any proposed class, and deny all allegations in Paragraph 1.

2. Answering Paragraph 2, Defendants state that Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the provisions of RCW 49.58.110(1) speak for themselves. Defendants deny any violations of RCW 49.58.110, and deny all remaining allegations in Paragraph 2.

3. Answering Paragraph 3, Defendants state that Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the provisions of RCW 49.58.005(1) and 49.58.005(3)(b) speak for themselves. Defendants deny any violations of RCW 49.58.005, and deny all remaining allegations in Paragraph 3.

4. Answering Paragraph 4, Defendants state that the website contained in Paragraph 4 speaks for itself. To the extent an answer is required, Defendants deny the allegations in Paragraph 4.

5. Answering Paragraph 5, Defendants state that Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that S.B. 5761 Senate Bill Report speaks for itself. Defendants deny any violations of RCW 49.58.110, and deny all remaining allegations in Paragraph 5.

6. Answering Paragraph 6, Defendants state that the quoted language does not match the language in the law journal. In any event, 72 Duke L.J. 1771, 1789 speaks for itself. To the extent a response is required, Defendants deny the allegations in Paragraph 6.

7. Answering Paragraph 7, Defendants state that 72 Duke L.J. 1771, 1790 speaks for itself. To the extent an answer is required, Defendants deny the allegations in Paragraph 7.

8. Answering Paragraph 8, Defendant states that 72 Duke L.J. 1771, 1790 speaks for itself. To the extent an answer is required, Defendants deny the allegations in Paragraph 8.

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT - 2

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

9. Answering Paragraph 9, Defendants state that 72 Duke L.J. 1771, 1799 and Colorado's pay transparency law speak for themselves. To the extent an answer is required, Defendants deny the allegations in Paragraph 9.

10. Answering Paragraph 10, Defendants state that Paragraph 10 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny any violation of Washington law, deny that this action may be brought as a class action on behalf of any proposed class, and deny all allegations in Paragraph 10. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint.

11. Answering Paragraph 11, Defendants deny all allegations in Paragraph 11. Defendants further deny that they committed any illegal acts or practices that would entitle Plaintiff (or any member of the putative class she seeks to represent) to recover any damages or be entitled to injunctive relief, deny that Plaintiff can satisfy the requirements of FRCP 23, and deny that this action may be brought on behalf of any proposed class. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint.

## II.   JURISDICTION AND VENUE

12. Answering Paragraph 12, the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit this Court has subject matter jurisdiction over Plaintiff's claims based on the allegations in the Complaint.

13. Answering Paragraph 13, the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this judicial district. Except as expressly admitted, Defendants deny the allegations in Paragraph 13.

14. Answering Paragraph 14, the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny that federal jurisdiction is inappropriate under CAFA.

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 3

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

### III. PARTIES

15. Answering Paragraph 15, HPI lacks knowledge and information sufficient to admit or deny the location of Plaintiff's residence, but admits that Plaintiff represented she resides in Washington. HPI also admits that Plaintiff submitted an application to HPI. HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint. Except as expressly admitted, Defendants deny the allegations in Paragraph 15.

16. Answering Paragraph 16, HPI admits it is incorporated in Delaware. Except as expressly admitted, Defendants deny the allegations in Paragraph 16.

17. Answering Paragraph 17, this paragraph is not directed at Defendants, and therefore, no response is required.

18. Answering Paragraph 18, this paragraph is not directed at Defendants, and therefore, no response is required.

19. Answering Paragraph 19, HPHS admits it is incorporated in Delaware. Except as expressly admitted, Defendants deny the allegations in Paragraph 19.

20. Answering Paragraph 20, Defendants lack knowledge regarding other unnamed defendants and on that basis deny all allegations in Paragraph 20 to the extent a response is required.

### IV. STATEMENT OF FACTS

21. Answering Paragraph 21, Defendants state that Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the provisions of RCW 49.58.110 speak for themselves. Defendants deny any violations of RCW 49.58.110, and deny all remaining allegations in Paragraph 21.

22. Answering Paragraph 22, Defendants state that Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the provisions of RCW 49.58.110(1) speak for themselves. Defendants deny any violations of RCW 49.58.110, and deny all remaining allegations in Paragraph 22.

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 4

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

23. Answering Paragraph 23, HPI admits that it employs more than 15 individuals. HPHS denies that it employs more than 15 individuals. Except as expressly admitted, Defendants deny the allegations in Paragraph 23.

24. Answering Paragraph 24, HPI is unable to answer Plaintiff's vague allegation about unspecified "job postings" as it requires an individualized review of each specific job posting and denies on that basis. In addition, HPHS denies that it posted the job that is the subject of Plaintiff's Complaint or any job. Defendants deny any violations of Washington law, deny that this action may be brought as a class action on behalf of any proposed class, and deny all allegations in Paragraph 24.

25. Answering Paragraph 25, HPI is unable to answer Plaintiff's vague allegation about unspecified "job postings" as it requires an individualized review of each specific job posting and denies on that basis. In addition, HPHS denies that it posted the job that is the subject of Plaintiff's Complaint or any job. Defendants deny any violations of Washington law, deny that this action may be brought as a class action on behalf of any proposed class, and deny all allegations in Paragraph 25.

26. Answering Paragraph 26, Defendants deny all allegations in Paragraph 26.

27. Answering Paragraph 27, Defendants deny any violations of Washington law, deny that this action may be brought as a class action on behalf of any proposed class, and deny all allegations in Paragraph 27. Further, HPHS denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

28. Answering Paragraph 28, HPI admits that Plaintiff submitted an application to HPI on or about June 17, 2024. HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job. Except as expressly admitted, Defendants deny the allegations in Paragraph 28.

29. Answering Paragraph 29, Defendants lack knowledge and information sufficient to admit or deny whether Plaintiff was qualified to perform the position. Further, HPHS specifically

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 5

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

denies that it posted the job that is the subject of Plaintiff's Complaint or any job. Accordingly, Defendants deny all allegations in Paragraph 29.

30. Answering Paragraph 30, Defendants deny all allegations in Paragraph 30.

31. Answering Paragraph 31, Defendants lack knowledge and information sufficient to admit or deny what Plaintiff expected. However, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job. Accordingly, Defendants deny all allegations in Paragraph 31.

32. Answering Paragraph 32, Defendants deny all allegations in Paragraph 32. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

33. Answering Paragraph 33, Defendants deny all allegations in Paragraph 33. Further, HPHS specifically denies that it posted the job which Plaintiff attached as Exhibit 1 to the Complaint.

34. Answering Paragraph 34, Defendants deny all allegations in Paragraph 34. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

35. Answering Paragraph 35, Defendants deny all allegations in Paragraph 35. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

36. Answering Paragraph 36, Defendants deny all allegations in Paragraph 36. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

37. Answering Paragraph 37, Defendants deny all allegations in Paragraph 37. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

38. Answering Paragraph 38, Defendants deny all allegations in Paragraph 38. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

39. Answering Paragraph 39, Defendants deny all allegations in Paragraph 39. Defendants further deny that they committed any illegal acts or practices that would entitle Plaintiff (or any member of the putative class she seeks to represent) to recover any damages, deny that Plaintiff can satisfy the requirements of FRCP 23, and deny that this action may be brought on behalf

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 6

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

of any proposed class. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

40.     Answering Paragraph 40, Defendants deny all allegations in Paragraph 40. Defendants further deny that they committed any illegal acts or practices that would entitle Plaintiff (or any member of the putative class she seeks to represent) to recover any damages, deny that Plaintiff can satisfy the requirements of FRCP 23, and deny that this action may be brought on behalf of any proposed class. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

41.     Answering Paragraph 41, Defendants deny all allegations in Paragraph 41. Defendants further deny that they committed any illegal acts or practices that would entitle Plaintiff (or any member of the putative class she seeks to represent) to recover any damages, deny that Plaintiff can satisfy the requirements of FRCP 23, and deny that this action may be brought on behalf of any proposed class. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

42.     Answering Paragraph 42, Defendants deny all allegations in Paragraph 42. Defendants further deny that they committed any illegal acts or practices that would entitle Plaintiff (or any member of the putative class she seeks to represent) to recover any damages, deny that Plaintiff can satisfy the requirements of FRCP 23, and deny that this action may be brought on behalf of any proposed class. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

### V.     CLASS ACTION ALLEGATIONS

43.     Answering Paragraph 43, Defendants deny all allegations in Paragraph 43. Defendants deny that the purported class is appropriate for treatment as a class and deny that Plaintiff's claims can be maintained as a class under FRCP 23.

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 7

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

44. Answering Paragraph 44, Defendants deny that Plaintiff can satisfy the requirements of FRCP 23, deny that this action may be brought on behalf of any proposed class, and, therefore, deny all allegations in Paragraph 44.

45. Answering Paragraph 45, Defendants deny that Plaintiff can satisfy the requirements of FRCP 23, deny that this action may be brought on behalf of any proposed class, and deny all allegations in Paragraph 45. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

46. Answering Paragraph 46, Defendants deny that Plaintiff can satisfy the requirements of FRCP 23, deny that this action may be brought on behalf of any proposed class, and deny all allegations in Paragraph 46. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

47. Answering Paragraph 47, Defendants deny that Plaintiff can satisfy the requirements of FRCP 23, deny that this action may be brought on behalf of any proposed class, and deny all allegations in Paragraph 47. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

48. Answering Paragraph 48, Defendants deny that Plaintiff can satisfy the requirements of FRCP 23, deny that this action may be brought on behalf of any proposed class, and deny all allegations in Paragraph 48. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

49. Answering Paragraph 49, Defendants deny that Plaintiff can satisfy the requirements of FRCP 23, deny that this action may be brought on behalf of any proposed class, and deny all allegations in Paragraph 49. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

50. Answering Paragraph 50, Defendants deny that Plaintiff can satisfy the requirements of FRCP 23, deny that this action may be brought on behalf of any proposed class, and deny all

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 8

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

allegations in Paragraph 50. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

## VI. FIRST CAUSE OF ACTION
**ALLEGED VIOLATION OF RCW 49.58.110**
*Claim of Relief for Plaintiff and the Class*

51. Answering Paragraph 51, Defendants reallege and incorporate by reference each and every response set forth in the preceding paragraphs 1-50.

52. Answering Paragraph 52, Defendants are unable to answer Plaintiff's vague allegation about unspecified "job postings" as it requires an individualized review of each specific job posting, and denies on that basis. Defendants deny any violations of Washington law, deny that this action may be brought as a class action on behalf of any proposed class, and deny all allegations in Paragraph 52. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

53. Answering Paragraph 53, Defendants are unable to answer Plaintiff's vague allegation about unspecified "job postings" as it requires an individualized review of each specific job posting, and denies on that basis. Defendants deny any violations of Washington law, deny that this action may be brought as a class action on behalf of any proposed class, and deny all allegations in Paragraph 53. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

54. Answering Paragraph 54, Defendants deny all allegations in Paragraph 54. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

55. Answering Paragraph 55, Defendants deny all allegations in Paragraph 55. Defendants further deny that they committed any illegal acts or practices that would entitle Plaintiff (or any member of the putative class she seeks to represent) to recover any damages, deny that Plaintiff can satisfy the requirements of FRCP 23, and deny that this action may be brought on behalf

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 9

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

of any proposed class. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

56. Answering Paragraph 56, Defendants deny all allegations in Paragraph 56. Defendants further deny that they committed any illegal acts or practices that would entitle Plaintiff (or any member of the putative class she seeks to represent) to recover any damages, deny that Plaintiff can satisfy the requirements of FRCP 23, and deny that this action may be brought on behalf of any proposed class. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

57. Answering Paragraph 57, Defendants deny all allegations in Paragraph 57. Defendants further deny that they committed any illegal acts or practices that would entitle Plaintiff (or any member of the putative class she seeks to represent) to recover any damages, deny that Plaintiff can satisfy the requirements of FRCP 23, and deny that this action may be brought on behalf of any proposed class. Further, HPHS specifically denies that it posted the job that is the subject of Plaintiff's Complaint or any job.

## VII.   REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief and/or damages sought in Paragraphs 58 through 65 in the section entitled "VII. Request for Relief," or any relief at all.

## **AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

Defendants assert the following separately numbered defenses and affirmative defenses without assuming any burden of proof that they do not have as a matter of law. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative. Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendants plead as follows:

1. Defendants deny all allegations not specifically admitted herein.

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 10

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

2. Defendants allege that Plaintiff's claims individually and on behalf of the putative members of the purported class as set forth in the Complaint fail to state claims upon which relief may be granted, or upon which the damages sought may be awarded.

3. Depending on the facts developed in discovery, it may be revealed that Plaintiff or the putative members of the purported class lack standing to pursue their alleged claims under RCW 49.58.110.

4. Defendants allege the Complaint is barred to the extent one or both of them do not qualify as employers subject to the provisions of RCW 49.58.110 and/or do not qualify as employers with respect to Plaintiff or some or all of the putative class members.

5. Plaintiff's claims individually and on behalf of the putative members of the purported class as set forth in the Complaint, cannot and should not be maintained as a class action because those claims fail to meet the necessary requirements for class certification under Civil Rule 23, including but not limited to, lack of ascertainability, typicality, commonality, numerosity, manageability, and superiority; inadequacy of the proposed class representative; predominance of individual issues over any common issues; and lack of a community of interest among the putative class.

6. Certification of a class action based on the criteria set forth in Plaintiff's Complaint would violate due process, the U.S. and Washington Constitutions, and the Civil Rules.

7. Defendants allege that they were not the proximate or actual cause of the damages alleged by Plaintiff on behalf of herself or on behalf of the putative members of the purported class.

8. Plaintiff and the putative class members are not entitled to have their request for actual or statutory damages, attorneys' fees, costs, or matters of equity tried to a jury.

9. Defendants allege the Complaint is barred to the extent Plaintiff or putative class members have no right of action or private cause of action, are not proper parties to bring any action for relief, and are not entitled to any of the relief they seek, because, among other reasons, RCW 49.58.070 permits civil actions to be brought only by "employees," and not "applicants."

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 11

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

10. Plaintiff's claims, and the claims of any putative class members, are barred in whole or in part, to the extent that they are not within the class of persons that Washington's Equal Pay & Opportunities Act was intended to protect.

11. Defendants allege the Complaint is barred to the extent there are putative class members who did not apply for a job opening in good faith and with the intent to gain employment and/or were not qualified for the job posting(s) for which they applied.

12. Plaintiff can only be an "applicant" for a specific job posting for which Plaintiff applied, and not for every available job of the employer. Thus, Plaintiff lacks standing to bring a civil action, and cannot be a class representative, on behalf of applicants for job postings for which Plaintiff did not apply.

13. HPHS did not post the job that is the subject of Plaintiff's Complaint (or any job) and, therefore, HPHS should be dismissed from the lawsuit.

14. To the extent Plaintiff or putative members of the purported class were not Washington-based at the time that they applied for a job opening, they cannot assert a claim under RCW 49.58.110.

15. Plaintiff's claims against Defendants are frivolous and subject to RCW 4.84.185.

16. Plaintiff's claims, and the claims of the putative class, are barred in whole or in part by the doctrines of de minimis non curat lex, laches, waiver, estoppel, unclean hands, avoidable consequences, ratification, offset, and/or failure to mitigate.

17. Plaintiff's claims and/or the claims of some or all of the putative class members may be barred, limited, and/or waived by a settlement, judgment, or payment, and/or applicable bankruptcy laws.

18. To the extent any sum may be found due and owing to Plaintiff or putative class members, Defendants are entitled to an offset against any damages awarded for amounts paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 12

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

limited to any amounts paid to which they were not otherwise entitled or any amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal.

19. Plaintiff's claims for relief and/or the claims of some or all of the putative class members are barred in whole or in part by the applicable statutes of limitations or other applicable limitation periods.

20. Defendants' defenses above are likewise asserted as defenses to the claims of any and all members of any class that may be certified in this case.

21. Defendants have not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and accordingly, reserve the right to amend, modify, revise, or supplement this Answer, and to plead such further affirmative and other defenses or counterclaims and take such further actions as they may deem proper and necessary in their defense upon the completion of their investigation and study.

## **DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request that this Court:

a. Enter judgment in favor of Defendants;

b. Deny each and every demand, claim, and prayer for relief contained in Plaintiff's Complaint, and order that Plaintiff take nothing by her claims against Defendants;

c. Award Defendants their costs and attorneys' fees in defending this action pursuant to applicable law;

d. Grant Defendants' permission to amend their pleading to conform to the proof offered at the time of trial; and

e. Grant such other and further relief as the Court may deem just and equitable under the circumstances.

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 13

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1 | Dated:  August 22, 2024

2

*s/ Breanne Martell*
Breanne Martell, WSBA #39632
bsmartell@littler.com

*s/ Derek A. Bishop*
Derek A. Bishop, WSBA #39363
debishop@littler.com

*s/ Daniel Rhim*
Daniel Rhim, WSBA #58302
drhim@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Telephone:   206.623.3300
Facsimile:    206.447.6965

Attorneys for Defendants

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 14

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on August 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Court and to the following:

**Attorney for Plaintiff**

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Tel: (206) 442-9106
Fax: (206) 441-9711
emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct. Executed on August 22, 2024, at Seattle, Washington.

/s/ Liana Natividad
Liana Natividad, Attorney Practice Coordinator
lnatividad@littler.com
**LITTLER MENDELSON, P.C.**

4880-3020-8214.5 / 086660-1065

DEFS' ANSWER, AFFIRMATIVE, & OTHER DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT - 15

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300