1
2
3
4
5
6

Honorable Marsha J. Pechman

7          UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9    KATHERINE WRIGHT, individually and on       No. 2:24-cv-01261-MJP
     behalf of all others similarly situated,
10                                                **PLAINTIFF'S MOTION TO REMAND**
11                                  Plaintiff,
12          v.
                                                  NOTE ON MOTION CALENDAR:
13    HP INC. DBA HP COMPUTING AND                October 10, 2024
      PRINTING INC., a foreign profit corporation;
14    HP HEALTH SOLUTIONS INC., a foreign
      profit corporation; and Does 1-20, as yet
15    unknown Washington entities,
16
                                    Defendants.
17

18                    **I.      RELIEF REQUESTED**

19          Plaintiff Katherine Wright respectfully requests that this matter be remanded for lack of

20   Article III standing. The Court has adjudged in *eight* virtually identical matters that when a

21   plaintiff sues under RCW 49.58.110 but does not plead that he or she is a "bona fide" applicant,

22   remand for lack of Article III standing is required. Should the Court depart from its prior rulings,

23   remand is still required because Defendants ("HP") cannot meet the $75,000 threshold for

24   diversity jurisdiction under 28 U.S.C. § 1332(a), nor can they meet the numerosity or amount in

25   controversy requirements for removal jurisdiction under 28 U.S.C. § 1332(d)(2) ("CAFA").

26                    **II.     STATEMENT OF FACTS**

27

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Ms. Wright filed this state law putative class action in King County Superior Court for HP's violation of the pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110. The law requires employers to disclose a wage scale or salary range and a description of benefits in all job postings seeking Washington workers. *See* RCW 49.58.110(1). Ms. Wright's complaint is virtually identical to eight others that were remanded for lack of Article III standing and subject matter jurisdiction. *See David v. Herc Rentals Inc.*, No. 2:24-cv-00175-BJR, 2024 U.S. Dist. LEXIS 85379, at *6 (W.D. Wash. May 10, 2024); *Floyd v. Insight Glob. LLC*, No. 2:23-cv-01680-BJR, 2024 U.S. Dist. LEXIS 85796, at *23-24 (W.D. Wash. May 10, 2024), *amended by Floyd v. Insight Glob. LLC*, 2024 U.S. Dist. LEXIS 112827 (W.D. Wash. June 26, 2024); *Atkinson v. Aaron's LLC*, No. 2:23-cv-01742-BJR, 2024 U.S. Dist. LEXIS 85799, at *27-28 (W.D. Wash. May 10, 2024), *amended by Atkinson v. Aaron's LLC*, 2024 U.S. Dist. LEXIS 112833, at *7 (W.D. Wash. June 26, 2024); *Spencer v. RXO, Inc.*, No. 2:23-cv-01760-BJR, 2024 U.S. Dist. LEXIS 92838, at *5 (W.D. Wash. May 23, 2024); *Floyd v. DoorDash, Inc.*, No. 2:23-cv-01740-BJR, 2024 U.S. Dist. LEXIS 92001, at *7 (W.D. Wash. May 22, 2024); *Spencer v. Vera Whole Health, Inc.*, No. C24-337-MJP, 2024 U.S. Dist. LEXIS 116904, at *11 (W.D. Wash. July 2, 2024); *Atkinson v. Penney Opco LLC*, No. 23-cv-01806-BJR, 2024 U.S. Dist. LEXIS 134571, at *5-6 (W.D. Wash. July 30, 2024); *Watson v. Deacon Constr., LLC*, No. 24-cv-00082-BJR, 2024 U.S. Dist. LEXIS 134585, at *5-6 (W.D. Wash. July 30, 2024) (collectively, the "Remand Orders").

### III.    STATEMENT OF ISSUES

The following issues are presented for resolution by the Court:

1.    *Whether remand for lack of Article III standing is required where Ms. Wright did not plead "bona fide" applicant status and returning this matter to state court would not be futile?*

2.    *Whether remand is required where HP both asserts and disavows this Court's Article III authority to adjudicate this matter?*

3.    *Whether remand is required where HP cannot meet its burden of establishing diversity jurisdiction under 28 U.S.C. § 1332(a) by the requisite preponderance of the evidence standard?*

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

4.    *Whether remand is required where HP cannot meet its burden of establishing removal jurisdiction under CAFA by the requisite preponderance of the evidence standard?*

## IV.    EVIDENCE RELIED UPON

This motion to remand is based on all of the pleadings and other papers presently on file with the Court and on the Court's other rulings pertaining to RCW 49.58.110.

## V.    AUTHORITY

### A.    The Court must remand a case when Article III standing is lacking.

The Court adjudged in *eight* virtually identical matters that when a plaintiff sues under RCW 49.58.110 but does not plead that he or she is a "bona fide" applicant, remand for lack of Article III standing is required. *See* Remand Orders. This is because it determined, in the context of constitutional standing only, that "a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a 'bona fide' applicant before there is a risk of harm." *Penney Opco LLC*, 2024 U.S. Dist. LEXIS 134571, at *5-6. Ms. Wright did not plead "bona fide" applicant status because her complaint does not allege that she applied to work for HP in "good faith." *See generally* Compl., ECF No. 1-2. Remand is therefore required, subject only to a finding that returning this matter to state court would somehow be futile.

### B.    Remand to state court is not futile.

Although Federal Rule of Civil Procedure 12 ordinarily requires district courts to dismiss cases for lack of subject matter jurisdiction, where a case has been removed, "[i]f at any time it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Under § 1447(c), remand is "mandatory, not discretionary." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Likewise, when a plaintiff lacks Article III standing, "the district court generally must remand the case to state court, rather than dismiss it." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing *Bruns*, 122 F.3d at 1257). "Remand is the correct remedy because a failure of federal subject matter

jurisdiction means only that federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Id*.

Remanding this "state court issue" of first impression to a Washington state court so it may "provide the authoritative adjudication" of the novel issues in this case would not be futile for four reasons. *Aaron's*, 2024 U.S. Dist. LEXIS 112833, at *6. First, the futility exception contradicts the removal statute and "may no longer be good law." *Polo*, 833 F.3d at 1197. Indeed, the United States Supreme Court has recognized the irreconcilable conflict between the judge-made futility exception and the plain, mandatory language of the removal statute, which "give[s the court] no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 88-89 (1991). The Ninth Circuit recognized the exception's doctrinal peril following *International Primate* but has not yet had occasion to expressly overrule *Bell*. *See, e.g.*, *Bruns*, 122 F.3d at 1257-58 (concluding the district court erred in dismissing rather than remanding for want of subject matter jurisdiction); *Polo*, 833 F.3d at 1197-98 (casting doubt on futility exception but declining to expressly overrule *Bell sua sponte* where no party had argued the issue). Although courts have sporadically applied the futility exception, some have substantially narrowed its application and cast doubt on its validity. *See, e.g.*, *Polo*, 833 F.3d at 1198 ("[O]nly when the eventual outcome of a case after remand is so clear as to be foreordained have we held that a district court may dismiss it. . . ."); *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991). Given the signals that *Bell*'s futility exception is no longer good law, this Court need not consider it here.

Second, even if the futility exception were still good law, it is not implicated here because the Washington Constitution does not limit state courts' jurisdiction as Article III of the U.S. Constitution limits the jurisdiction of federal courts. *See In re Estate of Reugh*, 10 Wn. App. 2d 20, 55-56 (2019) ("Washington courts do not face such constitutional limitations."). The exception applies only where the district court has "absolute certainty" that a state court would "simply dismiss[] the action" for the same reason the district court remanded. *Bell*, 922 F.2d at 1425. Recognizing this difference between state and federal law, this Court expressly rejected a

futility argument in similar circumstances. *See Terrell v. Costco Wholesale Corp.*, No. C16-1415JLR, 2017 U.S. Dist. LEXIS 74567, at *4-5 (W.D. Wash. May 16, 2017). There, the removing defendant argued the plaintiff lacked Article III standing for failure to articulate a concrete injury-in-fact and remand was futile. *Id*. The Court concluded that "[t]he Washington appellate courts have not yet determined whether *Spokeo*'s clarifications to the injury-in-fact prong extend to Washington law on standing, and it is therefore unclear whether remand would be futile." *Id*. (citation omitted). The Court remanded the case. *Id*.

Here, remand would not be futile under the exceptionally high standard set forth by *Bell*. *See* 922 F.2d at 1425. "Questions of standing under Washington law begin with the statutes themselves." *West v. Seattle Port Comm'n*, 194 Wn. App. 821, 826 (2016). Ms. Wright alleges that HP violated a right guaranteed by RCW 49.58.110. *See generally* Compl. If HP challenges standing upon remand, the state court will look to the statute rather than to interpretations of Article III. *See In re Estate of Reugh*, 10 Wn. App. 2d at 55-56. RCW 49.58.110 is a new statute, and Washington courts have not yet determined its standing requirements. Thus, it is far from "absolutely clear" that a Washington court would impose on Ms. Wright the same concrete injury-in-fact standard required in federal court. *See Terrell*, 2017 U.S. Dist. LEXIS 74567, at *5.

Third, the Washington Supreme Court's broad view on standing for issues of substantial public importance means that a state court is very likely to find that Ms. Wright has standing to pursue her right to pay transparency, pay equity, and improved wages. "Our Supreme Court has criticized 'unrealistically strict' considerations of standing, and it has noted that Washington is increasingly taking a broader, less restrictive view." *Fed'n v. Joint Ctr. for Higher Educ.*, 86 Wn. App. 1, 4 (1997) (quoting *Seattle Sch. Dist. No. 1 of King County v. State*, 90 Wn.2d 476, 493 (1978)). "[S]tanding is not intended to be a particularly high bar." *Wash. State Hous. Fin. Comm'n v. Nat'l Homebuyers Fund, Inc.*, 193 Wn.2d 704, 712 (2019). Additionally, Washington courts may relax standing requirements for issues of substantial public importance. *Id.*; *see also City of Snoqualmie v. King Cty. Exec. Constantine*, 187 Wn.2d 289, 296 (2016) ("[W]e have applied standing requirements more liberally where an issue is of serious public importance.") (internal

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

quotations omitted); *Wash. Nat. Gas Co. v. Pub. Util. Dist. No. 1 of Snohomish County*, 77 Wn.2d 94, 96 (1969) (finding that where a controversy's "outcome will have a direct bearing on the commerce, finance, labor, industry or agriculture generally, questions of standing to maintain an action should be given less rigid and more liberal answer"). This liberal approach ensures that significant matters that might otherwise evade review are addressed. *See Wash. State Hous. Fin. Comm'n*, 193 Wn.2d at 712; *Farris v. Munro*, 99 Wn.2d 326, 330 (1983) ("Despite petitioner's failure to satisfy these standing requirements, he raised an issue vital to the state revenue process that remained unresolved at the time of this suit and might have affected a measure on the November 1982 ballot.").

Fourth, and finally, Washington state courts have already declined to grant dispositive motions predicated on the existence of a theoretical "bona fide" element. *See generally* Order Denying Defs.' Mot. to Dismiss, *Herold v. Smart FoodService Stores*, No. 23-2-19555-8 (King Cnty. Super. Ct. May 13, 2024); Order Denying Def.'s Mot. for J. on the Pleadings, *Pizl v. Dependable Staffing Agency Ltd.*, No. 23-2-12099-5 (Pierce Cnty. Super. Ct. Apr. 26, 2024). Even where plaintiffs failed to allege "good faith" or "bona fide" applicant status in the complaint, Washington state courts have allowed actions under RCW 49.58.110 to proceed. *Id*. Accordingly, the Court should remand for lack of Article III standing because it is far from preordained that a Washington court would impose on Ms. Wright the same injury-in-fact standard required in federal court.

### C.    HP cannot both assert and disavow Article III standing.

HP cannot establish Article III standing when it argues the exact opposite. *See* Defs.' HP Inc.'s and HP Health Solutions Inc.'s Answer, Affirmative, and Other Defenses, ECF No. 8. In no uncertain words, HP states: "Plaintiff or the putative members of the purported class lack standing to pursue their alleged claims under RCW 49.58.110." *Id*. at 11:4-6. It further states that "Plaintiff lacks standing to bring a civil action." *Id*. at 12:7-10. HP's statements directly contradict its position that this matter should be adjudicated in federal court. *See* Remand Orders. HP was either disingenuous when it removed or when it answered. This double-dealing has been

characterized as a form of fraudulent removal[1] and is a "dubious strategy." *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018). Fraudulent removal wastes resources, needlessly delays proceedings, and offends notions of federalism. *See Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016). It is different from forum shopping. *Id.* It is more like a form of misrepresentation. *Id.* By removing while asserting that Ms. Wright lacks Article III standing, HP has created the very doubt that necessitates remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal."); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (noting there is a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper" (citation omitted)). The Court need look no further than the *eight* Remand Orders and HP's statements to conclude that this matter belongs in state court because the core component of Article III standing—the injury-in-fact—was not pled, and HP cannot establish the same by arguing the opposite. *See Ayala v. Sixt Rent a Car, LLC*, No. CV 19-1513-FMO (MRWx), 2019 U.S. Dist. LEXIS 112879, at *5 (C.D. Cal. July 8, 2019) (removing defendant cannot "have it both ways by asserting, then immediately disavowing, federal jurisdiction").

### D.    HP bears the burden of proving federal jurisdiction, and it cannot establish on a more probable than not basis that Ms. Wright's claim and corresponding pro-rata share of potential attorneys' fees exceeds $75,000.

#### 1.    Legal Standard

Diversity jurisdiction exists where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Aggregation of claims to meet the amount in controversy is not permitted unless they are "common and undivided" rather than "separate and distinct." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 859 (9th Cir. 2001); *see also Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) ("[C]laims must be considered separately and each class member's claim must satisfy the

---

[1] Zachary D. Clopton and Alexandra D. Lahav, *Fraudulent Removal*, 135 Harv. L. Rev. F. 87, 88 (discussing the clearest example of fraudulent removal being when a defendant removes a case to federal court and plans to immediately argue that the federal court lacks subject matter jurisdiction).

jurisdictional amount."). Claims are common and undivided "[o]nly where [they] can strictly 'be asserted by pluralistic entities as such,' or, stated differently, the defendant 'owes an obligation to the group of plaintiffs as a group and not to the individuals severally.'" *Urbino v. Orkin Servs. of Cal.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (internal citations omitted).

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090-91. Courts must order remand for lack of diversity jurisdiction where there is "any doubt" as to whether the case is removable. *See Gaus*, 980 F.2d at 566. Such is the case here where HP has not, and indeed cannot, establish that Ms. Wright's claim and share of fees puts over $75,000 in controversy.

### 2. Ms. Wright's damages are only $5,000.

Ms. Wright seeks only statutory damages of $5,000 for HP's violation of her civil rights under RCW 49.58.110, contrary to HP's suggestion otherwise. *Compare* Compl. ¶ 59, *with* Defs.' Notice of Removal ¶ 30. Because Ms. Wright seeks only $5,000, the only reasonable dispute here is whether her pro-rata share of potential attorneys' fees exceed $70,000 ($75,000 - $5,000). Her potential attorneys' fees come nowhere close to meeting the jurisdictional threshold.

### 3. Ms. Wright's potential attorneys' fees are less than $70,000.

Anticipated attorneys' fees attributable to Ms. Wright put far less than $70,000 in controversy because the Court considers only a plaintiff's pro-rata share. *See McConnell v. Mothers Work, Inc.*, 479 F. Supp. 2d 1147, 1149 (E.D. Wash. 2001) ("[I]n a class action suit, the potential attorneys' fees of the entire class cannot be taken into account in determining the amount in controversy, even if a statute authorizes attorney fees to a successful litigant."). Indeed, although Ms. Wright brings this action on behalf of a putative class who are each entitled to their

own respective attorneys' fees upon successful prosecution, aggregation to meet the amount in controversy is not permitted because their claims are "separate and distinct." *Kanter*, 265 F.3d at 859; *see also Goldberg*, 678 F.2d at 1367. This Court's ruling in *Pizl* makes this clear. *See Pizl v. Roadrunner Transp. Servs., Inc.*, No. 3:23-cv-6110-DGE, 2024 U.S. Dist. LEXIS 56728 (W.D. Wash. Mar. 27, 2024). There, the RCW 49.58.110 case was remanded for failure to satisfy the $75,000 amount in controversy requirement. *Id*. The Court refused to aggregate the putative class's potential attorneys' fees, adjudging that "events in the class action proceeding are not relevant" because the plaintiff's claim was clearly separate and distinct from those of the putative class. *Id*. at *3.

As instructive is the Ninth Circuit's decision in *Urbino*, where it held that discriminatory actions taken by employers interfere with a right held individually, not jointly. *Urbino*, 726 F.3d at 1122. Because each employee suffered their own injury, the harm done was redressable "without the involvement of other employees." *Id*. (citing *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 41 (1911) (explaining that claims are not common and undivided unless no party "can enforce the claim in the absence of the other")). Such is the case here where Ms. Wright and each putative class member has a statutory right to pay transparency: "job applicants are authorized to bring a civil action for [a] violation of RCW 49.58.110." *David*, 2024 U.S. Dist. LEXIS 85379, at *11. Put another way, Ms. Wright and each of her co-applicants have their own statutory right to redress HP's RCW 49.58.110 violation without implicating the rights of others. This prohibits aggregation of their potential attorneys' fees to establish the amount in controversy.

Despite this unambiguous precedent, HP speculates about potential attorneys' fees by baldly asserting that because Ms. Wright's lead counsel has an hourly rate of $725 per hour, the $75,000 threshold will be easily reached. *See* Notice of Removal ¶ 32. This conclusory statement is insufficient, particularly because the only case it cites actually supports a finding that far less than $75,000 is in controversy. *Id*. (citing Decl. of Breanne Martell, Ex. 1, ECF No. 3). Indeed, in *Garcia*, Ms. Wright's counsel was awarded $1,080,000 in fees on behalf of 545,729 class members. *Id*. This means the pro-rata share of attorneys' fees attributable to the named plaintiff

was less than $2.00. *See* Final Approval Order and Judgment, *Garcia v. Washington State Dep't of Licensing*, No. 22-2-05635-5-SEA (King Cnty. Super. Ct. Oct. 3, 2023), Dkt. No. 84. Based on HP's "evidence," far less than $70,000 in potential attorneys' fees is attributable to Ms. Wright.

### 4.    Prosecuting this case requires limited attorney time.

This straightforward action for HP's failure to publish pay information will be resolved with limited attorney time. In its removal notice, HP asserts that litigating this case would require at least "100" hours of work. Defs.' Notice of Removal ¶ 32. In a case involving the same statute and virtually identical allegations, the Court recognized: "[T]his is not a case in which it goes without saying that the attorney fees will 'easily' climb to great heights." *Moliga v. Qdoba Rest. Corp.*, No. 2:23-CV-01084-LK, 2023 U.S. Dist. LEXIS 137178, at *9 (W.D. Wash. Aug. 7, 2023). Excepting subjective intent, just because there is a strong disagreement on the outcome, does not mean presenting facts and law to the Court will require a lot of attorney time. HP offers no proof, as required, that extensive future attorneys' fees are necessary. *See generally* Defs.' Notice of Removal; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (noting courts "may reject defendant's attempts to include future attorneys' fees in the amount in controversy" if defendant fails to carry its burden of proof).

HP's job postings were either deficient or they were not. There is no need for extensive discovery, motions practice, or a trial in this matter. This case will turn, one way or the other, on a motion for class certification and a motion for summary judgment. This is exactly what the Court determined in a factually indistinguishable case that was remanded for failure to establish the requisite $75,000 amount in controversy. *See generally Pizl*, 2024 U.S. Dist. LEXIS 56728. This is simply not a complex matter.

HP likewise fails to consider factors used to assess lodestar calculations, just as the defendant in *Pizl* did. *Id.* at *4. "A 'reasonable attorney's fee' is initially determined by the lodestar method, which multiplies an attorney's reasonable hourly rate by the number of hours reasonably expended on the litigation. . . ." *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1020 (9th Cir. 2022). "Second, the court determines whether to modify the lodestar figure, upward or

downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). Those factors include, among others, the time and labor required and the skill requisite to perform the legal service. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975) (abrogated on other grounds). These factors are consistent with Washington Rule of Professional Conduct 1.5 and support a finding that less than $75,000 is in controversy. The time and labor required here is limited given the straightforward nature of RCW 49.58.110 and that Ms. Wright's counsel is litigating several similar cases, allowing for work product to be reproduced at minimal cost. Moreover, work on this simple case can be performed by associates and paralegals who bill at a fraction of senior members, just as the *Pizl* court recognized. *See* 24 U.S. Dist. LEXIS 56728, at *5. In sum, given that the issues are limited, the legal questions are straightforward, and the potential attorneys' fees are dispersed amongst the putative class, HP cannot establish, on a more probable than not basis, that more than $75,000 is in controversy. *See Gaus*, 980 F.2d at 566.

### E.    HP cannot establish CAFA jurisdiction by a preponderance of the evidence.

#### 1.    Legal Standard

CAFA gives federal courts jurisdiction over certain class actions, defined in 28 U.S.C. § 1332(d)(1), if the parties are minimally diverse, the class has more than 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014) (citing 28 U.S.C. §1332(d)(2), (5)(B); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)). When CAFA jurisdiction is challenged, state court defendants bear the burden of demonstrating, by a preponderance of the evidence, that CAFA's prerequisites are met. *See Lin v. Kennewick*, No. C20-1029RSL, 2021 U.S. Dist. LEXIS 121383, at *7 (W.D. Wash. June 29, 2021) (recognizing courts apply preponderance of evidence standard to CAFA prerequisites). Conclusory allegations are insufficient to establish CAFA jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006).

#### 2.    HP has not established CAFA's numerosity requirement.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

HP has not established, on a more probable than not basis, that the class exceeds 100 individuals. *See generally* Defs.' Notice of Removal. HP's removal notice bases numerosity on Senior Manager Kathryn Hooson's declaration, which states only that "between January 1, 2023, and August 5, 2024, more than 3,000 individuals submitted applications for HP Inc.'s Washington job openings." Hooson Decl. ¶ 3, ECF No. 2. Ms. Wright is not suing on behalf of everyone who applied to work for HP. *See* Compl. ¶ 43. She is suing on behalf of those who "applied for a job opening" with HP "where the job posting did not disclose a wage scale or salary range." *Id*. Put another way, the class is comprised only of those who did not receive pay information. *Id*. Nothing in HP's removal notice or supporting materials indicates a putative class size greater than 100. *See generally* Defs.' Notice of Removal. HP cannot meet its burden of establishing CAFA numerosity with vague conclusory statements. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198-99 (9th Cir. 2015). Remand for failure to establish numerosity is required.

### 3. HP has not established CAFA's amount in controversy requirement.

HP likewise fails to establish that the amount in controversy exceeds $5,000,000. *See generally* Defs.' Notice of Removal. Again, without proof that the applications HP received failed to include the requisite wage scale or salary range, HP is not permitted to include these applications for purposes of calculating damages. *Id*. The law is clear that HP "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). HP's conclusory allegations are insufficient to meet this burden. *See Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090-91 (9th Cir. 2004); *Raj K Patel v. Microsoft Corp.*, No. 2:24-cv-00130-JHC, 2024 U.S. Dist. LEXIS 31569, at *3 (W.D. Wash. Feb. 23, 2024) (stating courts reject "conclusory, unsupported statement[s] regarding alleged amounts in controversy").

### F. This matter of first impression is best suited for Washington state court.

The final reason to remand is that the Court adjudged in a virtually identical matter that the statute at issue presents "uniquely state court issues, i.e., how Washington state courts would

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

interpret provisions in the Washington Equal Pay and Opportunities Act." *Aaron's*, 2024 U.S. Dist. LEXIS 112833, at *6. "State courts provide the authoritative adjudication of questions of state law." *Id.* (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 48 (1997) ("Federal courts lack competence to rule definitively on the meaning of state legislation. . . ."). Because Washington courts have not yet had occasion to make any substantive rulings on RCW 49.58.110 given its recent passage, this matter should be remanded. Remanding state court issues of first impression is common. *See Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, No. 2:13-cv-00543-RAJ, 2022 U.S. Dist. LEXIS 43031, at *25-26 (W.D. Wash. Mar. 10, 2022) ("Traditionally and properly federal courts are reluctant to decide questions of first impression in the interpretation and application of state substantive law in diversity jurisdiction cases" finding it "unnecessary and certainly undesirable to advance a foreguess.") (citing *Black v. United States*, 421 F.2d 255, 258 (10th Cir. 1970)); *see also Liberty Surplus Ins. Corp. v. Ledesma & Meyer Const. Co.*, 834 F.3d 998, 1003 (9th Cir. 2016) (explaining "the federal character of our judicial system" recognizes that matters of state law should first be decided by state courts when possible, not federal courts) *(*quoting *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007)); *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1031-32 (D. Haw. 2008) ("When state law is unclear, '[a]bsent a strong countervailing federal interest, the federal court should not elbow its way . . . to render what may be an "uncertain" and "ephemeral" interpretation of state law.'"). The Court should follow this precedent and leave the initial interpretation of RCW 49.58.110 to a Washington state court.

## VI.    CONCLUSION

For the foregoing reasons, Ms. Wright respectfully requests that the Court remand this matter to King County Superior Court. A proposed order granting this relief is filed herewith.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1

2  DATED September 12, 2024.                    EMERY | REDDY, PLLC

3

4                                      By:      */s/ Timothy W. Emery*
                                               */s/ Patrick B. Reddy*
5                                              */s/ Paul Cipriani*
                                               Timothy W. Emery, WSBA No. 34078
6                                              Patrick B. Reddy, WSBA No. 34092
                                               Paul Cipriani, WSBA No. 59991
7                                              Emery Reddy, PLLC
                                               600 Stewart Street, Suite 1100
8                                              Seattle, WA 98101
                                               Phone: (206) 442-9106
9                                              Fax: (206) 441-9711
                                               Email: emeryt@emeryreddy.com
10                                             Email: reddyp@emeryreddy.com
                                               Email: paul@emeryreddy.com
11                                             *Attorneys for Plaintiff*

12

13                                             I certify that this memorandum contains less
                                               than 8,400 words, in compliance with the
14                                             Local Civil Rules.

15

16

17

18

19

20

21

22

23

24

25

26

27

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filling to the following CM/ECF participants:

Breanne Martell, WSBA #39632
Derek A. Bishop, WSBA #39363
Daniel Rhim, WSBA #58302
Littler Mendelson, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-3300
Email: bsmartell@littler.com
Email: debishop@littler.com
Email: drhim@littler.com

Dated this 12th day of September, 2024, at Seattle, Washington.

/s/ Jennifer Chong
Jennifer Chong, Legal Assistant
jennifer@emeryreddy.com

PLAINTIFF'S MOTION TO REMAND - 15

No. 2:24-cv-01261-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711