1

The Honorable Marsha J. Pechman

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                     FOR THE WESTERN DISTRICT OF WASHINGTON
8

9   KATHERINE WRIGHT, individually and on
    behalf of all others similarly situated,          Case No. 2:24-cv-01261-MJP

10                  Plaintiff,                         **DEFENDANTS' OPPOSITION TO**
                                                       **PLAINTIFF'S MOTION TO REMAND**
11          v.
                                                       NOTED ON MOTION CALENDAR:
12  HP INC. DBA HP COMPUTING AND                       October 10, 2024
    PRINTING INC., a foreign profit corporation;
13  HP HEALTH SOLUTIONS INC., a foreign                **ORAL ARGUMENT REQUESTED**
    profit corporation; and DOES 1-20, as yet
14  unknown Washington entities,

15                  Defendants.[1]

16

17

18

19

20

21

22

23

24

25

26  _____
    [1] The parties stipulated to dismiss Defendants Hewlett Packard Enterprise Company and Hewlett-Packard
    Financial Services on September 11, 2024, which the Court granted. Dkt. Nos. 10-11.

    DEFS' OPPOSITION TO MOTION TO REMAND - 1

    CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

**TABLE OF CONTENTS**

**PAGE**

I.      INTRODUCTION ............................................................................................................. 1

II.     FACTUAL BACKGROUND ........................................................................................... 3

        A.      Plaintiff's Allegations Are Sufficient to Plead Article III Standing. ..................... 3

        B.      Plaintiff's Complaint Is Materially Different from the Remanded Cases. ............ 5

        C.      HP Properly Removed This Action. ....................................................................... 5

III.    ARGUMENT ................................................................................................................... 6

        A.      Legal Standards...................................................................................................... 6

        B.      Plaintiff Has Pled Article III Standing................................................................... 8

        C.      Defendants Have Never Disavowed Article III Standing..................................... 11

        D.      Defendants Are Not Required to Satisfy a Heightened Evidentiary Burden
                for Establishing the Amount In Controversy or Putative Class Size................... 12

        E.      HP Has Established this Court's Jurisdiction Under Either Standard for a
                "Facial" or "Factual" Challenge. ........................................................................ 14

        F.      Plaintiff's Facial Challenge that HP Did Not Support Its CAFA Removal
                with "Proof" of Liability Fails. ........................................................................... 16

        G.      HP Has Established the $75,000 Amount in Controversy for Diversity
                Jurisdiction........................................................................................................... 19

        H.      Federal Courts Are Qualified to Interpret State Law, and This Litigation
                Implicates Important Questions of Federal Law................................................... 21

        I.      If Any Doubt Remains, the Court Should Permit Jurisdictional Discovery. ....... 22

IV.     CONCLUSION.............................................................................................................. 23

DEFS' OPPOSITION TO MOTION TO REMAND - i
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*54-40 Brewing Co. LLC v. Truck Ins. Exch.*,
    No. C21-5586 BHS, 2021 WL 6124788 (W.D. Wash. Dec. 28, 2021)............................14, 17

*Adkins v. J.B. Hunt Transport, Inc.*,
    293 F. Supp. 3d 1140 (E.D. Cal. 2018).................................................................................19

*Arias v. Residence Inn by Marriott*,
    936 F.3d 920 (9th Cir. 2019) ......................................................................................... *passim*

*Ariz. Elec. Power Co-Op, Inc. v. Berkeley*,
    59 F.3d 988 (9th Cir. 1995) .................................................................................................21

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................................11

*Atkinson v. Aaron's, LLC*,
    No. 23-CV-1742-BJR, 2024 WL 2133358 (W.D. Wash. May 10, 2024),
    *modified on reconsideration,* 2024 WL 3199860 (W.D. Wash. June 26, 2024) ......................9

*Atkinson v. Penney Opco LLC*,
    No. 23-CV-1806-BJR, 2024 WL 3579910 (W.D. Wash. July 30, 2024).................................9

*Backpage.com, LLC v. McKenna*,
    881 F. Supp. 2d 1262 (W.D. Wash. 2012)...........................................................................21

*Baur v. Veneman*,
    352 F.3d 625 (2d Cir. 2003)...................................................................................................8

*Bryan v. Wal-Mart Stores*,
    No. C 08–5221 SI, 2009 WL 440485 (N.D. Cal. 2009) ........................................................17

*Cannamark, Inc. v. Lighthouse Strategies, LLC*,
    No. C18-1629-JCC, 2019 WL 77056 (W.D. Wash. Jan. 2, 2019) ...................................13, 14

*Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*,
    743 F.2d 1341 (9th Cir. 1984), *abrogated in part on other grounds, Southern
    Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920
    (9th Cir. 2001)........................................................................................................................6

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

*Copple v. Arthur J. Gallegher & Co.*,
   No. C22-0116-LK-SKV, 2022 WL 3357865 (W.D. Wash. Aug. 2, 2022) ............................17

*Dart Cherokee Basin Operating Co. LLC v. Owens*,
   574 U.S. 81 (2014)...........................................................................................7, 12, 17

*David v. Herc Rentals Inc.*,
   No. 24-CV-175-BJR, 2024 WL 2133369 (W.D. Wash. May 10, 2024) ................................9

*Ehrman v. Cox Communications, Inc.*,
   932 F.3d 1223 (9th Cir. 2019) .......................................................................................13

*Erie Ry. Co. v. Tompkins*,
   304 U.S. 64 (1938)..........................................................................................................21

*Floyd v. DoorDash, Inc.*,
   No. 23-CV-1740-BJR, 2024 WL 2325128 (W.D. Wash. May 22, 2024) .............................9

*Floyd v. Insight Global, LLC*,
   No. 23-CV-1680-BJR, 2024 WL 2133370 (W.D. Wash. May 10, 2024),
   *modified on reconsideration,* 2024 WL 3199858 (W.D. Wash. June 26, 2024) .....................8

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
   899 F.3d 785 (9th Cir. 2018) .........................................................................................19

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir. 1992) ...........................................................................................7

*Gibson v. Chrysler Corp.*,
   261 F.3d 927 (9th Cir. 2011) .........................................................................................22

*Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*,
   30 F.4th 905 (9th Cir. 2022) .........................................................................................12

*Greene v. Harley-Davidson, Inc.*,
   965 F.3d 767 (9th Cir. 2020) .........................................................................................17

*Harris v. Cty. of Orange*,
   682 F.3d 1126 (9th Cir. 2012) .........................................................................................8

*Harris v. KM Indus., Inc.*,
   980 F.3d 694 (9th Cir. 2020) ......................................................................................7, 12

*Hemphill Chiropractic Clinic, LLC*,
   No. C08-1365 RAJ, 2008 WL 4621522 (W.D. Wash. Oct. 17, 2008)....................................2

DEFS' OPPOSITION TO MOTION TO REMAND - iii

CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

*Ibarra v. Manheim Invs., Inc.*,
   775 F.3d 1193 (9th Cir. 2015) ............................................................................13

*In re Kolb*,
   326 F.3d 1030 (9th Cir. 2003) ............................................................................21

*Kent v. Tech Mahindra*,
   No. 2:24-cv-1168-BJR, ECF No. 15 (W.D. Wash. Sept. 4, 2024) ...........................................8

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008)....................................................................17

*LaCross v. Knight Transp., Inc.*,
   775 F.3d 1200 (9th Cir. 2015) .........................................................................8, 12

*Laub v. U.S. Dep't of Interior*,
   342 F.3d 1080 (9th Cir. 2003) ............................................................................22

*Lewis v. Verizon Commc'ns, Inc.*,
   627 F.3d 395 (9th Cir. 2010) ......................................................................7, 15, 17

*Liu v. Veeva Systems Inc.*,
   No. 23-CV-1784-BJR, 2024 WL 4263176 (W.D. Wash. Sept. 23, 2024) ...............................9

*Matheson v. Progressive Specialty Ins. Co.*,
   319 F.3d 1089 (9th Cir. 2003) ............................................................................18

*Navarro v. Servisair, LLC*,
   No. C 08-02716 MHP, 2008 WL 3842984 (N.D. Cal. Aug. 14, 2008)............................1, 11

*O'Halloran v. Univ. of Wash.*,
   856 F.2d 1375 (9th Cir. 1988) .............................................................................7

*Patel v. Microsoft Corp.*,
   No. 2:24-cv-00130-JHC, 2024 WL 755951 (W.D. Wash. Feb. 23, 2024) ............................18

*Ralls v. Facebook*,
   221 F. Supp. 3d 1237 (W.D. Wash. 2016).................................................................6

*Salter v. Quality Carriers*,
   974 F.3d 959 (9th Cir. 2020) ............................................................................13

*Sanchez v. Monumental Life Ins. Co.*,
   102 F.3d 398 (9th Cir. 1996) ............................................................................18

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

*Sauk-Suiattle Indian Tribe v. City of Seattle*,
    56 F.4th 1179 (9th Cir. 2022) ............................................................................11

*Smith v. Bayer Corp.*,
    564 U.S. 299 (2011).............................................................................................15

*Spencer v. RXO, Inc.*,
    No. 23-CV-1760-BJR, 2024 WL 2399974 (W.D. Wash. May 23, 2024) ...............9

*Spencer v. Vera Whole Health, Inc.*,
    No. C24-337 MJP, 2024 WL 3276578 (W.D. Wash. July 2, 2024).......................9

*Standard Fire Ins. Co. v. Knowles*,
    568 U.S. 588 (2013).............................................................................................15

*State Farm Fire & Cas. v. Helen of Troy Ltd.*,
    No. C15-1771RSM, 2016 WL 11664785 (W.D. Wash. Feb. 9, 2016)...................6

*Ultimate Timing, L.L.C. v. Simms*,
    No. C08-1632MJP, 2009 WL 1835943 (W.D. Wash. June 26, 2009) ..................12

*United States v. AVX Corp.*,
    962 F.2d 108 (1st Cir. 1992) .................................................................................8

*Urbino v. Orkin Servs. of Cal., Inc.*,
    726 F.3d 1118 (9th Cir. 2013) ..............................................................................6

*Vasquez v. RSI Home Prod., Inc.*,
    No. 8:20-cv-01494-JWH, 2020 WL 6778772 (C.D. Cal. Nov. 12, 2020)..............14

*Watson v. Deacon Constr., LLC*,
    No. 24-CV-82-BJR, 2024 WL 3579912 (W.D. Wash. July 30, 2024)...................9

*Williams v. Costco Wholesale Corp.*,
    471 F.3d 975 (9th Cir. 2006) ................................................................................7

**Statutes**

28 U.S.C. § 1332............................................................................................... *passim*

28 U.S.C. § 1446.........................................................................................................12

Washington Equal Pay and Opportunities Act, RCW 49.58, *et. seq.* ................... *passim*

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

**Other Authorities**

Fed. R. Civ. P. 8 ............................................................................................................12

Fed. R. Civ. P. 23 ...........................................................................................................2

Fed. R. Evid. 201 ...........................................................................................................8

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.    INTRODUCTION

This case falls squarely within the jurisdiction of this Court. Defendant HP Inc. ("HP") properly removed Plaintiff Katherine Wright's putative class action under the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58, *et. seq.*, by affirmatively establishing this Court's diversity jurisdiction, 28 U.S.C. § 1332(a), and this Court's Class Action Fairness Act ("CAFA") jurisdiction, 28 U.S.C. § 1332(d). Dkt. No. 1, Notice of Removal ("NOR"); Dkt. No. 1-2, Class Action Complaint ("Complaint"). Plaintiff's allegations, along with reasonable assumptions and evidence presented by HP in its NOR, establish federal jurisdiction.

In bringing her Motion to Remand ("Motion"), Plaintiff relies on theories that are procedurally and substantively inapplicable to *her case*. Dkt. No. 12. It is nothing more than a cookie-cutter motion Plaintiff's counsel has filed in dozens of other EPOA cases.[2] Plaintiff cannot deprive HP of its right to federal jurisdiction by disavowing her own allegations. As one court aptly held, Plaintiff may not "have [her] cake and eat it too." *Navarro v. Servisair, LLC*, No. C 08-02716 MHP, 2008 WL 3842984, at *9 (N.D. Cal. Aug. 14, 2008).

***First, HP has established this Court's diversity and CAFA jurisdiction.*** Plaintiff has not disputed the parties' diversity of citizenship. And, HP has demonstrated that the amount in controversy is satisfied, relying on Plaintiff's Complaint, reasonable assumptions, ***and*** evidence.

***Second, Plaintiff has pled sufficient allegations to demonstrate her Article III standing.*** Plaintiff solely relies on eight "virtually identical" remanded cases where this Court held that plaintiffs' allegations failed to demonstrate they were "good-faith" applicants—because they did not allege they were qualified for the positions or suffered any injury. By contrast, ***Plaintiff alleges that she was qualified, she expected to learn the pay rate during the application process, and, when she did not, it negatively impacted her current and lifetime wages.*** Complaint, ¶¶ 29-38. Assuming

---

[2] Plaintiff's counsel has filed more than 100 EPOA actions on behalf of at least 25 named plaintiffs since Fall 2023 and has reaped millions of dollars in attorneys' fees in claims-made settlements. Martell Declaration, ¶ 2 & Ex. 16.

DEFS' OPPOSITION TO MOTION TO REMAND - 1

CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  Plaintiff's Complaint is true, as we must at this early stage before any discovery has been conducted,

2  Plaintiff's allegations support that she was a "good-faith" applicant.

3        Plaintiff knows whether she was a "good-faith" applicant, and without discovery, HP does

4  not. HP cannot possibly know facts about Plaintiff's intent, qualifications, or alleged injury at this

5  stage. Instead, HP has properly relied on Plaintiff's allegations to establish this Court's jurisdiction.

6  NOR, ¶ 30. Plaintiff's current position is inconsistent with her Complaint, and she has failed to

7  present *any* evidence that she was *not* a good-faith applicant. Nor could she without bringing the

8  veracity of her entire Complaint into question. Plaintiff's only argument is she did not use the words

9  "good faith," and she insists that HP present evidence disproving her allegations. Under binding

10  Ninth Circuit precedent, this approach would improperly shift the burden to HP. Plaintiff cannot

11  contradict her own pleadings to evade this Court's jurisdiction. The Motion is "exemplary of

12  pointless legal gamesmanship" that is "professionally inappropriate at best, and sanctionable at

13  worst," and "has no place in this court." *Hemphill Chiropractic Clinic, LLC*, No. C08-1365 RAJ,

14  2008 WL 4621522, at *1, 3 (W.D. Wash. Oct. 17, 2008) (denying remand where, after defendant

15  met its burden in the notice of removal, plaintiff refused to provide any evidence and instead relied

16  on "the defendant's supposed inability to demonstrate" the amount of plaintiff's claim).

17        ***Third***, ***Plaintiff's challenges to the "amount in controversy" and putative class size[3] fail to***

18  ***acknowledge her own allegations and binding precedent***, *see* NOR, ¶¶ 29-30. Plaintiff's Complaint

19  alleges that Defendants "engaged in a common course of conduct" with "systemic violations" of the

20  EPOA by failing to disclose pay ranges in their job postings. Complaint, ¶¶ 40-41, 52. At this stage,

21  Defendants are required to accept Plaintiff's allegations as true. For purposes of establishing

22  jurisdiction at the time of removal, courts do not consider a defendant's defenses. Accordingly, HP

23  presented evidence that more than 3,000 individuals submitted applications for Washington job

24  openings during the relevant period. Dkt. No. 2, ¶ 3. Under Ninth Circuit standards for removal, HP

25

26  [3] Use of the term "numerosity" is misleading as that is a distinct requirement for class certification under FRCP 23(a).

DEFS' OPPOSITION TO MOTION TO REMAND - 2
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    is not required to review every job posting individually and identify which individuals applied for a

2    job that did not list a pay range, just as HP is not required to admit that certification of any "class"

3    is appropriate (it is not). Plaintiff's attempt to foist this burden on HP is not supported by the law,

4    and Plaintiff has failed to present any legitimate facial challenge to HP's removal, much less a factual

5    one, because she has submitted zero evidence in support of her position.

6          ***Fourth, Plaintiff's assertion that this litigation "presents uniquely state court issues" is***

7    ***wrong.*** As Plaintiff has stated, "[t]his case will turn, one way or the other, on a motion for class

8    certification and a motion for summary judgment." Motion at 10. Federal courts routinely decide

9    motions for class certification, which are governed by federal law. Additionally, and perhaps more

10   importantly, federal courts are uniquely qualified to decide issues that involve interstate and

11   international relations. Here, some potential class members have no connection to Washington and,

12   instead, are citizens of other states and even other countries. Indeed, the very job posting that is the

13   subject of Plaintiff's complaint advertised for three locations: Tlaquepaque, Jalisco, Mexico;

14   Vancouver, Washington; and Spring, Texas. Complaint, Ex. 1. As a result, the individuals that

15   Plaintiff seeks to represent include non-Washington and non-U.S. citizens. Even if this were not the

16   case, federal courts sitting in diversity have the authority and expertise to decide questions of state

17   law.

18         ***Finally, Plaintiff's Motion is rife with inaccurate statements of the facts and the law that***

19   ***are plain in documents filed with this Court.*** These tactics should not be condoned. For all of these

20   reasons, HP respectfully requests that the Court deny Plaintiff's Motion.

21                   **II.    FACTUAL BACKGROUND**

22   **A.    Plaintiff's Allegations Are Sufficient to Plead Article III Standing.**

23         Plaintiff is the named plaintiff in eight putative class actions filed in King County Superior

24   Court since June 2024, by the same Plaintiff's counsel, alleging violations of the EPOA's pay

25   transparency provision, RCW 49.58.110.

26         On July 12, 2024, Plaintiff filed the instant putative class action alleging that Defendants'

DEFS' OPPOSITION TO MOTION TO REMAND - 3
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  job postings did not disclose the pay range. As with her other lawsuits, Plaintiff alleges that HP

2  violated the EPOA by failing to disclose the pay range of a position to which she allegedly applied.

3  Complaint, ¶¶ 24, 27. Plaintiff defines the putative class she seeks to represent as follows: "[a]ll

4  individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for

5  a job opening in the State of Washington with [Defendants] where the job posting did not disclose a

6  wage scale or salary range." *Id.*, ¶ 43.

7       The Complaint does not expressly state that Plaintiff was a "good-faith applicant." However,

8  her allegations support that she intended to gain employment because allegedly she was "qualified

9  to perform the position," she expected to learn the rate of pay during her application process, and

10  suffered specific harms when she did not. *Id.*, ¶¶ 29, 38. Specifically, the Complaint alleges as

11  follows:

12

13      29. ***Plaintiff was qualified*** to perform the position for which she applied.

14                  *     *     *

15      31. In working through the application, ***Plaintiff expected that at some point she would learn the rate of pay for the open position.***

16      32. However, [HP] withheld the rate of pay for the open position in

17  the job posting and ***throughout the application process, forcing Plaintiff to complete the entire application without learning the***

18  ***rate of pay.***

19                  *     *     *

20      35. … Plaintiff remains unable to evaluate the pay for the position

and compare that pay to other available positions in the marketplace,

21  which ***negatively impacts Plaintiff's current and lifetime wages.***

22      36. … ***Plaintiff's ability to negotiate pay remains adversely affected.***

23      37. ***Plaintiff lost valuable time*** applying for a position for which the

wage scale or salary range being offered was not disclosed.

24

25      38. ***Plaintiff has experienced economic and non-economic harm***

as a direct result of [HP]'s discriminatory hiring practices, its

26  violation of RCW 49.58.110, and its contribution to wage inequality

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

as a result of its refusal to post a wage scale or salary range in the
job postings it publishes.

*Id.*, ¶¶ 29, 31–32, 35–38 (emphasis added).

Plaintiff additionally alleges that the putative class members "experienced harm identical to that experienced by Plaintiff." *Id.*, ¶ 41. Plaintiff seeks statutory damages equal to five thousand dollars for Plaintiff and each putative class member under RCW 49.58.070. *Id.*, ¶¶ 42, 56, 59. Although Plaintiff and putative class members could potentially be entitled to additional actual damages, Plaintiff intentionally omitted any reference to this potential remedy that would increase the amount in controversy. *See id.* Plaintiff also seeks costs and reasonable attorneys' fees under RCW 49.58.080, and pre- and post-judgment interest. *Id.*, ¶¶ 42, 57, 60.

**B.    Plaintiff's Complaint Is Materially Different from the Remanded Cases.**

In ***three separate places*** in her Motion, Plaintiff incorrectly claims that her Complaint is "virtually identical" to the complaints filed in eight remanded cases (most of which followed defendants' motions to dismiss). A cursory review of those complaints[4] reveals that the foundation of Plaintiff's argument is false. The eight remanded complaints are "virtually identical" to each other, but ***not*** Plaintiff's Complaint. ***None*** of the "virtually identical" complaints allege that the plaintiffs were qualified for the position to which they applied, as Plaintiff does in her Complaint at Paragraph 29. ***All*** of the "virtually identical" complaints contain conclusory statements about harm experienced by "Plaintiff and the Class members," *see* Martell Decl., Exs. 1-2 and 8-9, ¶¶ 16-18,[5] which are materially different from the more specific allegations of harm that Plaintiff alleges she personally experienced during, and as a result of, the application process, Complaint, ¶¶ 31-32, 35-38.

**C.    HP Properly Removed This Action.**

On August 15, 2024, HP filed a NOR and removed this action based upon diversity of citizenship, 28 U.S.C. § 1332(a), or alternatively under CAFA, 28 U.S.C. § 1332(d). In its NOR, HP

---

[4] The complaints are attached as Exhibits 1–8 to the Declaration of Breanne Martell ("Martell Decl.").
[5] *See* Martell Decl., Ex. 3, ¶¶ 17-19; Ex. 4, ¶¶ 19-21; Ex. 5, ¶¶ 20-22; Ex. 6, ¶¶ 18-20; Ex. 7, ¶¶ 17-19.

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  affirmatively established each requirement for diversity and CAFA jurisdiction by properly relying

2  upon the Complaint, coupled with competent evidence and reasonable assumptions regarding the

3  putative class size and amount in controversy. NOR, ¶¶ 9-34.

4      It is undisputed that Plaintiff is a citizen of Washington, while none of the Defendants are

5  citizens of Washington, which is supported by the NOR and Corporate Disclosure Statements. NOR,

6  ¶¶ 10-18; Dkt. Nos. 4-5. Plaintiff has not contested that the parties are completely diverse and thus

7  effectively concedes the same.[6]

8      With respect to the amount in controversy and putative class size, HP made reasonable

9  assumptions from Plaintiff's allegations and submitted a sworn declaration with supporting

10 evidence. Plaintiff alleges that each potential class member is entitled to five thousand dollars in

11 statutory damages, as well as reasonable attorneys' fees and costs. Complaint, ¶¶ 41, 59, 60. HP then

12 submitted evidence in the Declaration of Kathryn Hooson that there are more than 3,000 potential

13 class members, and demonstrated with reasonable calculations that the statutory damages in

14 controversy far exceed $5 million. NOR, ¶ 31; Dkt. No. 2, ¶ 3. HP also submitted evidence that

15 attorneys' fees at issue for Plaintiff's individual claim are at least $72,500, and thus, with Plaintiff's

16 alleged statutory damages of $5,000, the amount in controversy for her individual claim exceeds

17 $75,000. Dkt. 1, ¶¶ 30, 32.

18              **III.    ARGUMENT**

19 **A.    Legal Standards**

20     On a motion to remand, the removing defendant bears the burden of establishing that removal

21 was proper by a preponderance of evidence. *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118,

22 1122 (9th Cir. 2013) (citing case). Once a defendant establishes removal was proper, a court "lacks

23 discretion to remand a case to the state court." *State Farm Fire & Cas. v. Helen of Troy Ltd.*, No.

24 C15-1771RSM, 2016 WL 11664785, at *1 (W.D. Wash. Feb. 9, 2016) (citing *Carpenters S. Cal.*

25 ___
[6] *See* LCR 7(b)(2) ("failure [to respond] may be considered by the court as an admission that the motion has
26 merit."); *Ralls v. Facebook*, 221 F. Supp. 3d 1237, 1243 (W.D. Wash. 2016) (granting defendants' motion
as plaintiff failed to respond).

DEFS' OPPOSITION TO MOTION TO REMAND - 6
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  *Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984), *abrogated in part on other*

2  *grounds*, *Southern Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 924

3  n.6 (9th Cir. 2001)) (denying remand where plaintiff failed to produce evidence to rebut amount in

4  controversy asserted by defendants).

5       In deciding a motion for remand, courts must review a plaintiff's complaint as it stood at the

6  time of removal. *See, e.g.*, *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006)

7  ("propriety of removal is determined solely on the basis of the pleadings filed in state court");

8  *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (removal jurisdiction is based

9  on the complaint as filed).

10      Although courts generally construe the removal statute against removal jurisdiction in

11  diversity cases, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing cases), CAFA

12  "significantly expanded federal jurisdiction in diversity class actions." *Lewis v. Verizon Commc'ns,*

13  *Inc.*, 627 F.3d 395, 398 (9th Cir. 2010); *see also Dart Cherokee Basin Operating Co. LLC v. Owens*,

14  574 U.S. 81, 89 (2014). Under CAFA, the removing defendant still bears the burden of establishing

15  that removal was proper by a preponderance of evidence, but "***no antiremoval presumption attends***

16  ***cases invoking CAFA***." *Id.*

17      A plaintiff may seek remand by making either a "facial" or "factual" challenge to the

18  defendant's jurisdictional allegations in the NOR. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th

19  Cir. 2020) (citation omitted). "A facial attack accepts the truth of the defendant's allegations but

20  asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* (quotation and

21  citation omitted). "A factual attack contests the truth of the . . . allegations themselves." *Id.* (quotation

22  and citation omitted). Where a plaintiff seeks remand by mounting a "factual" challenge, the

23  removing defendant must provide "competent proof" showing by a preponderance of the evidence

24  that the jurisdictional requirements are satisfied. *Id.* at 701. If the plaintiff does not submit their own

25  evidence, they must nonetheless make "a reasoned argument as to why any assumptions…are not

26  supported by the evidence." *Id.* at 700.

DEFS' OPPOSITION TO MOTION TO REMAND - 7
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    The Court may consider exhibits submitted in support of this Opposition. Courts regularly

2    take judicial notice of undisputed matters of public record, such as documents filed in other federal

3    or state courts. Fed. R. Evid. 201(b); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir.

4    2012) (citing cases). As relied upon herein, HP requests that the Court consider the documents

5    attached to the Declaration of Breanne Martell ("Martell Decl.") as Exhibits 1–16, which include the

6    complaints in the eight remanded cases cited by Plaintiff and other pleadings in recent EPOA cases.

7    **B.    Plaintiff Has Pled Article III Standing.**

8    Plaintiff solely relies on "eight virtually identical cases"—all brought by Plaintiff's

9    counsel—in arguing that Article III standing does not exist in her case. Plaintiff's argument is

10    factually and legally wrong.

11    "[I]ngredients of standing are . . .not easily susceptible to concrete definitions or mechanical

12    applications[,]" and the analysis is "highly case-specific." *United States v. AVX Corp.*, 962 F.2d 108,

13    113 (1st Cir. 1992); *Baur v. Veneman*, 352 F.3d 625, 637 (2d Cir. 2003) (citation omitted). Because

14    of the case-specific analysis required for Article III standing, the analysis at the pleadings stage must

15    begin with the allegations in Plaintiff's Complaint. *LaCross v. Knight Transp., Inc.*, 775 F.3d at 1202

16    (9th Cir. 2015) (plaintiff's complaint is the court's "first source of reference").

17    Plaintiff incorrectly represents that the allegations in her Complaint are "virtually identical"

18    to those in the eight remanded cases. *See* Martell Declaration, Exs. 1-9. In fact, as detailed in Section

19    II.B, *supra*, Plaintiff's allegations are materially different than the remanded cases.[7]

20    In its Orders remanding the eight cited cases, this Court has emphasized that a plaintiff's

21    allegations must demonstrate they genuinely intended to apply for the job to establish Article III

22    standing for a claim under RCW 49.58.110. *Floyd v. Insight Global, LLC*, No. 23-CV-1680-BJR,

---

23    [7] Plaintiff's counsel maintains inconsistent positions across their many EPOA putative class actions in this
District. For instance, Stephen Kent's case against Tech Mahindra ***contains nearly identical allegations to
the instant case.*** Martell Decl., Exs. 10-11 (*compare Stephen Kent v. Tech Mahindra*, No. 2:24-cv-01168-
BJR, ECF No. 1-2 (W.D. Wash.) *with* Complaint). Yet, in Mr. Kent's case, Plaintiff's counsel argued in their
Opposition to Defendant's Motion to Dismiss that the "***allegations sufficiently state a 'plausible' ground for
relief under RCW 49.58.110 for Mr. Kent and the putative class.***" *Stephen Kent v. Tech Mahindra*, No. 2:24-
cv-1168-BJR, ECF No. 15 at 7 (W.D. Wash. Sept. 4, 2024).

DEFS' OPPOSITION TO MOTION TO REMAND - 8
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

2024 WL 2133370, at *5-8 (W.D. Wash. May 10, 2024), *modified on reconsideration,* 2024 WL 3199858 (W.D. Wash. June 26, 2024) ("a technical or procedural violation that by itself does not manifest concrete injury but requires a 'bona fide' applicant before there is a risk of harm."). *See also Atkinson v. Aaron's, LLC*, No. 23-CV-1742-BJR, 2024 WL 2133358, at *6-9 (W.D. Wash. May 10, 2024), *modified on reconsideration,* 2024 WL 3199860 (W.D. Wash. June 26, 2024); *David v. Herc Rentals Inc.*, No. 24-CV-175-BJR, 2024 WL 2133369, at *5 (W.D. Wash. May 10, 2024).; *Floyd v. DoorDash, Inc.*, No. 23-CV-1740-BJR, 2024 WL 2325128, at *2 (W.D. Wash. May 22, 2024); *Spencer v. RXO, Inc.*, No. 23-CV-1760-BJR, 2024 WL 2399974, at *2 (W.D. Wash. May 23, 2024); *Atkinson v. Penney Opco LLC*, No. 23-CV-1806-BJR, 2024 WL 3579910, at *2 (W.D. Wash. July 30, 2024); *Watson v. Deacon Constr., LLC*, No. 24-CV-82-BJR, 2024 WL 3579912, at *2 (W.D. Wash. July 30, 2024); *Spencer v. Vera Whole Health, Inc.*, No. C24-337 MJP, 2024 WL 3276578, at *3 (W.D. Wash. July 2, 2024) ("[A] nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof."). In another case that is "virtually identical" to the eight remanded cases—but distinctly different from Plaintiff's Complaint—the Court recently granted the plaintiff's motion to remand for the same reasons. *Liu v. Veeva Systems Inc.*, No. 23-CV-1784-BJR, 2024 WL 4263176, at *3 (W.D. Wash. Sept. 23, 2024).

This Court specifically held, in *Spencer v. Vera Whole Health, Inc.* No. C24-337 MJP, 2024 WL 3276578 (W.D. Wash. Jul. 2, 2024), that plaintiff failed to show any actual harm against which the EPOA intends to protect. *Id.* at *3. There, the plaintiff only alleged that he applied to a job. *Id.* He did not even allege that he was qualified for the position. *Id.* His Complaint contained only the most conclusory allegations of "harm" suffered generically by all applicants. *See* Martell Decl., Ex. 6, ¶¶ 18-20. As a result, this Court remanded the case because the complaint did not sufficiently demonstrate that Plaintiff was a "good-faith" applicant.

By contrast, Plaintiff's allegations here satisfy the guidance from this Court to demonstrate her Article III standing at the pleadings stage. Unlike all of the remanded cases, Plaintiff has pled

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    that (1) she was "qualified to perform the position;" (2) she "expected . . . she would learn the rate

2    of pay;" (3) she was "forc[ed] . . . to complete the entire application process without learning the

3    rate of pay;" (4) the alleged lack of disclosure has "negatively impact[ed] Plaintiff's current and

4    lifetime wages;" and (5) her ability to "negotiate pay remains adversely affected[.]" Complaint, ¶¶

5    29, 31–32, 35–36.  She has also pled that she personally—not generically lumped in with all "Class

6    members"— "lost  valuable time applying for a position" because the wage range was not disclosed

7    to her. *Id.*, ¶ 37. ***These allegations that Plaintiff was qualified for the position and experienced***

8    ***specific personal harm were not made in any of the eight remanded cases,*** and are sufficient to

9    plead Article III standing.

10           In addition, the Court should not condone Plaintiff's gamesmanship.[8] She cannot, on the one

11    hand, plead allegations sufficient to demonstrate that she was a "good-faith" applicant, but on the

12    other hand, intentionally avoid using the words that she "applied in good faith" to evade this Court's

13    jurisdiction, all the while preserving her ability to argue either position later in the case when it suits

14    her. *See* Motion at 3 ("Ms. Wright did not plead 'bona fide' applicant status because her complaint

15    does not allege that she applied to work for HP in 'good faith,'" but not taking a position on whether

16    Ms. Wright is actually a good-faith applicant or not). Either she must stand behind the allegations in

17    her Complaint that she was qualified for the job and she was harmed by the alleged failure to disclose

18    the pay during the application process, or she must admit she was not a "good faith" applicant and

---

19    [8] This gamesmanship is apparent in the surge of pay transparency class actions that have been filed in the past
20    year. *See* "Months after WA employers required to share pay info, a flood of lawsuits," The Seattle Times
     (Oct. 12, 2023), *available at* https://www.seattletimes.com/business/months-after-wa-employers-required-to-
21    share-pay-info-a-flood-of-lawsuits/#:~:text=Dozens%20of%20Washington%20state%20employers%20are
     %20facing%20proposed,state%20 regulation%20that%20went%20into%20effect%20in%20January. Emery
22    Reddy started soliciting plaintiffs two weeks after the EPOA amendment took effect by publishing a blog
     titled "Did you know that Washington job seekers could get $5,000…?" *Id.* Plaintiff's firm continues to reap
     millions of dollars in claims-made settlements. *See* Martell Decl., Ex. 16 (summary of Emery Reddy's
23    attorneys' fees in settlements to date). Defendants who have instead chosen to pursue their legitimate defenses
24    in federal court are almost universally facing motions to remand. These motions, similar to the Motion filed
     here, continue to assert the fiction that all of the cases are "virtually identical," without regard for what their
25    Complaints actually allege. In at least two cases, after deficiencies in the motions were highlighted in the
     defendants' opposition briefs, Plaintiffs' counsel withdrew the motion to remand. *See Raymond Hubbard v.*
     *Accel Schools*, No. 24-cv-1127, ECF Nos. 14, 17, 19 (W.D. Wash.); *Nicole Yount v. Office Depot*, No. 24-
26    cv-392, ECF Nos. 14-15, 17 (W.D. Wash.).

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

never intended to obtain the job in the first place. Plaintiff cannot "have [her] cake and eat it too." *Navarro v. Servisair, LLC*, No. C 08-02716 MHP, 2008 WL 3842984, at *9 (N.D. Cal. Aug. 14, 2008).

At the pleadings stage, the Court must accept Plaintiff's allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has—at this stage in the case—sufficiently pled her Article III standing in line with this Court's guidance as she has alleged that she was qualified for the position and that she was specifically and personally harmed. As such, Article III standing does not provide a basis for remand.

## C.    Defendants Have Never Disavowed Article III Standing.

Plaintiff argues that Defendants' affirmative defense regarding lack of standing somehow deprives this Court of jurisdiction and demonstrates "fraudulent removal." Motion at 6-7. The documents filed with this Court are all that is needed to disprove this argument. Defendants have not moved to dismiss for lack of standing. And, Plaintiff's selective quotation from Defendants' Answer is misleading. Dkt. 8. In one of their affirmative defenses, Defendants stated "***[d]epending on the facts developed in discovery, it may be revealed that*** Plaintiff, individually and as a purported class representative, and/or the putative members of the purported class lack standing to pursue their alleged claims under RCW 49.58.110." Dkt. 8 at 12. Plaintiff ***completely omits*** the bold phrase in representing to the Court the "no uncertain words" used by Defendants in their Answer. However, this concept is critical—no discovery has been conducted, and the analysis is necessarily limited to the pleadings. Moreover, the term "standing" in Defendants' Answer is not specific to Article III standing – Plaintiff must have statutory standing to bring a claim, which is a distinct legal concept. Plaintiff herself recognizes this by attempting to distinguish "standing under Washington law" from Article III standing (a question that does not need to be answered to deny Plaintiff's Motion). Motion at 5.[9]

---

[9] Plaintiff's Motion discusses at length her view that remand to state court would not be futile, and she claims to hear "signals that *Bell's* futility exception is no longer good law[.]" Motion at 3–6. Article III standing does not necessitate remand. Thus, considering whether remand would be futile is unnecessary. However, if

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Furthermore, pleading in the alternative is plainly allowed by the federal rules, even for defendants. *See, e.g., Ultimate Timing, L.L.C. v. Simms*, No. C08-1632MJP, 2009 WL 1835943, at *2 (W.D. Wash. June 26, 2009) (discussing that "inconsistencies between [d]efendants' answer, affirmative defenses, and counterclaims" are permitted by FRCP 8(d)(3)). Plaintiff cannot ignore the allegations in her own Complaint and shift the blame to Defendants for her own inaccurate statements in an attempt to evade this Court's jurisdiction.

### D. Defendants Are Not Required to Satisfy a Heightened Evidentiary Burden for Establishing the Amount in Controversy or Putative Class Size.

A notice of removal must present "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); Fed. R. Civ. P. 8. The removing defendant need only assert "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" when, as here, the Complaint fails to do so. *Dart Cherokee*, 547 U.S. at 89. Plaintiff has misstated the law by relying on a "strong presumption against removal jurisdiction," Motion at 7, which does not exist for CAFA jurisdiction. In fact, "no antiremoval presumption attends cases invoking CAFA." *Id.* Also contrary to Plaintiff's contentions, evidentiary submissions are not required at the time of removal. Motion at 8; *see Dart Cherokee*, 574 U.S. at 89. Indeed, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests [through a factual challenge], or the court questions, the defendant's allegations." *Id.* If the plaintiff seeks to remand, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied[.]" *Id.* at 82 (emphasis added); *Harris*, 980 F.3d at 699 (discussing "facial" versus "factual" challenges) (citing cases).

Defendants can rely on several sources to allege the amount in controversy. ***First, they can rely on plaintiff's allegations.*** The "plaintiff's complaint" is a court's "first source of reference in

---

the Court is inclined to remand, HP requests a full opportunity to brief this issue. Notably, the futility exception continues to be recognized by binding Ninth Circuit precedent. *See Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1190 (9th Cir. 2022) (noting the Ninth Circuit's "precedent . . . continues to recognize the futility exception"); *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022) (discussing futility exception).

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1   determining the amount in controversy." *LaCross*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citations

2   omitted). ***Second, they may use "reasonable assumptions" to support their "theory of damages***

3   ***exposure."*** *Ibarra v. Manheim Invs., Inc*., 775 F.3d 1193, 1198 (9th Cir. 2015) (citations omitted).

4   While such assumptions "cannot be pulled form thin air," they may be considered reasonable if they

5   are "founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920,

6   925 (9th Cir. 2019). ***Finally, they also "may submit evidence outside the complaint . . . relevant to***

7   ***the amount in controversy at the time of removal."*** *Ibarra*, 775 F.3d at 1197.  Here, HP has relied

8   on Plaintiff's allegations, reasonable assumptions, ***and*** evidence.

9       ***Because Plaintiff has failed to present any evidence or reasoned argument, as discussed***

10  ***further below, Plaintiff's Motion presents only a facial challenge to HP's removal.*** A plaintiff who

11  presents no evidence and merely attacks a defendant's notice of removal because of a failure to

12  provide "summary judgment-type evidence" amounts to improper "burden shifting." *See, e.g.*,

13  *Cannamark, Inc. v. Lighthouse Strategies, LLC*, No. C18-1629-JCC, 2019 WL 77056, at *2 (W.D.

14  Wash. Jan. 2, 2019) (denying remand). For a facial attack, "the court, accepting the allegations as

15  true and drawing all reasonable inferences in the defendant's favor, 'determines whether the

16  allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" *Salter v. Quality*

17  *Carriers*, 974 F.3d 959, 964 (9th Cir. 2020) (citation and quotation omitted)). In *Salter*, the Ninth

18  Circuit recently reaffirmed that a defendant removing an action under CAFA need not "support its

19  [jurisdictional] assertion with competent proof." *Id.* at 964. The defendant is only required to

20  produce competent evidence to support its jurisdictional assumptions if the plaintiff "challenge[s]

21  the rationality, or the factual basis, of [defendant's] assertions" through a "factual, rather than facial,

22  challenge." *Id.* A plaintiff's insistence that a defendant provide "summary judgment" evidence

23  provides no basis for remand. *Id.* "[T]o withstand a facial challenge," the defendant is not required

24  to produce ***any*** evidence. *See Ehrman v. Cox Communications, Inc*., 932 F.3d 1223, 1227–28 (9th

25  Cir. 2019).

26

DEFS' OPPOSITION TO MOTION TO REMAND - 13
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Here, HP has sufficiently alleged the jurisdictional requirements have been met. Indeed, the sole basis of Plaintiff's challenge is that HP did not provide "proof"—an argument expressly "foreclosed" by the Ninth Circuit. *See Salter*, 974 F.3d at 964-65. Plaintiff did not submit a declaration, any evidence, or any "reasoned argument" challenging HP's removal calculations. The Court is therefore bound by the Ninth Circuit's rulings to deny remand. *See also, e.g., Cannamark*, 2019 WL 77056, at *2 (denying remand on facial challenge where "Plaintiff ha[d] not provided evidence" and simply argued that defendants were required to support removal with "summary judgement-type evidence"); *Vasquez v. RSI Home Prod., Inc.*, No. 8:20-cv-01494-JWH, 2020 WL 6778772, at *4 (C.D. Cal. Nov. 12, 2020) ("[B]ecause Vasquez has not submitted any evidence outside of the pleadings to challenge RSI's jurisdictional allegations, Vasquez's arguments are in the nature of a facial attack on RSI's jurisdictional allegations, rather than a factual one.") (emphasis in original). But, even if evidence was required, HP has met that standard, too.[10]

### E. HP Has Established this Court's Jurisdiction Under Either Standard for a "Facial" or "Factual" Challenge.

Here, HP made reasonable assumptions based upon Plaintiff's allegations and evidence it submitted in a sworn declaration.

In relevant part, ***Plaintiff alleges*** that: (1) "Defendants engaged in a ***common course of conduct*** of failing to disclose the wage scale or salary range in the job postings;" (2) Defendants allegedly committed "***systemic violations*** of RCW 49.58.110, and the EPOA generally;" (3) Defendants' "job postings did not include the wage scale or salary range being offered;" and (4) Plaintiff seeks ***statutory damages equal to five thousand dollars for herself and each putative class member***, pursuant to RCW 49.58.070, as well as costs and reasonable attorneys' fees, and pre- and post-judgment interest. Complaint, ¶¶ 10, 40-42, and VII (Request for Relief).

---

[10] Even if the Court were to treat Plaintiff's Motion as a factual challenge to the removal (which would be contrary to Ninth Circuit authority), the "burden" on Defendants to establish the amount in controversy is "not a daunting one." *54-40 Brewing Co. LLC v. Truck Ins. Exch.*, No. C21-5586 BHS, 2021 WL 6124788, at *2–4 (W.D. Wash. Dec. 28, 2021) (citations omitted) (denying remand as defendant had "met its burden of providing competent proof that the amount in controversy likely exceeds $5 million, by large margin. This assertion is based on good faith, and plausible and logical assumptions and conclusions.").

DEFS' OPPOSITION TO MOTION TO REMAND - 14
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    ***HP then submitted evidence***, in the sworn declaration of its Senior Manager of Talent

2    Acquisition, that ***more than 3,000 individuals submitted applications*** for HP's Washington job

3    openings between January 1, 2023 and August 5, 2024. Dkt. 2, ¶ 3. HP calculated the amount in

4    controversy based upon reasonable assumptions from this data, and support from Plaintiff's own

5    allegations.

6        Based on Plaintiff's Complaint seeking five thousand dollars for Plaintiff and each putative

7    class member, the potential statutory damages alone exceed the CAFA amount in controversy

8    requirement (3,000 multiplied by $5,000 is equal to $15 million)—which does not even include

9    attorneys' fees. Nor does it include potential actual damages, which Plaintiff has omitted from her

10   Complaint, and which is a remedy that some putative class members could possibly be entitled to if

11   they proved their claims.[11] Whether the job postings to which putative class members applied

12   disclosed the wage scale or salary range is irrelevant for this determination. *See Lewis*, 627 F.3d at

13   399–400.

14       Based on Plaintiff's allegations, HP assumed in its NOR a 100% "violation" rate because of

15   the alleged "common course of conduct." Complaint, ¶ 40. But, even a 50% "violation" rate would

16   exceed $5 million in statutory damages alone by a large margin. In fact, all it would take to meet the

17   minimum is a 34% "violation" rate. To meet the requirement of 100 proposed class members, a 5%

18   "violation" rate would suffice. In making these assumptions, HP does not admit that there is a

19   "violation" rate or what the "violation" rate could be, nor does HP concede that any putative class

20   could be certified, but it is not required to do so.

21       As such, the NOR properly relied on Plaintiff's Complaint, evidence regarding the number

22   of applicants, and simple math. Nothing more is required.

23

24   [11] Plaintiff does not have the authority to bind absent class members to this limitation on damages. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) ("[A] plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified.") (citing *Smith v. Bayer Corp.*,

25   564 U.S. 299, 315 (2011) (citing case)). As such, although Plaintiff purports to seek only statutory damages of $5,000, putative class members may be entitled to seek a greater amount of actual damages under the statute.

26

DEFS' OPPOSITION TO MOTION TO REMAND - 15
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    **F.    Plaintiff's Facial Challenge that HP Did Not Support Its CAFA Removal with "Proof" of Liability Fails.**

2         Plaintiff does not dispute that HP submitted evidence that more than 3,000 individuals

3    submitted applications for Washington job openings during the relevant period. Thus, the potential

4    class exceeds 100 and the amount in controversy exceeds $5 million.[12] ***Plaintiff does not submit***

5    ***any evidence or argument that this information is incorrect.*** Instead, Plaintiff argues that HP failed

6    to "prove" removal was proper because HP did not individually review for each of the 3,000+

7    applicants whether they applied to a job posting with pay information. Motion at 12. Plaintiff's

8    argument misses the mark for several reasons.

9         ***First, Plaintiff's argument contradicts her own allegations.*** According to Plaintiff's

10   Complaint, Defendant's alleged failure to disclose the pay range applies generally to HP's "job

11   postings," representing "systemic violations" and "a common course of conduct." Complaint, ¶¶ 10,

12   40-41. The truth of these assertions will be tested in this litigation, but that is not the question now.

13   The focus for purposes of removal is the possible "amount at stake." Based on Plaintiff's allegations

14   of widespread violations, an assumed 34% "violation" rate is more than reasonable.

15        ***Second***, ***a defendant is not required to admit wrongdoing, or otherwise prove a plaintiff's***

16   ***case, by showing "it actually violated the law"*** when calculating the amount in controversy. *Arias*,

17   936 F.3d at 927. Yet, that is precisely what Plaintiff is demanding. By defining a fail-safe class of

18   only those "applicants" who applied to "postings" that did not disclose a "wage scale or salary

19   range," Plaintiff and her counsel want to short-cut all of the individualized inquiries that will be

20   required to determine if class certification is even appropriate (it is not), shirk their burden of proof,

21   and shift it all to Defendants. But, it is not Defendants' burden to sift through thousands of

22   individualized inquiries to identify who is part of this phantom "class" when there is no objective

---

[12] As yet another example of the inconsistent positions taken by Plaintiff's counsel in these EPOA cases, in *Shannon Spencer v. Vera Whole Health, Inc.*, 2:24-cv-00337-MJP, ECF Nos. 1, 10 at 3 (W.D. Wash. Apr. 12, 2024), defendants proffered evidence of more than 1,050 applicants. In the motion to remand, Plaintiff stated that he "does not contest that the putative Class has more than 100 members, nor does he argue that less than $5 million is in controversy." Martell Decl., Exs. 12-13.

DEFS' OPPOSITION TO MOTION TO REMAND - 16
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

data to do so. HP has provided evidence to show the number of applications received. That is all it is required to do.

**Third, Plaintiff ignores binding precedent that is directly contrary to her position, some of which was previously cited by HP.** *See* NOR, ¶ 29. The "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 399–402 (citation omitted) (holding that defendant's evidence of total billings, which did not sort out "unauthorized" from "authorized" charges, was sufficient for removal even where plaintiff's class definition was limited to consumers with "unauthorized" charges). *See also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (the amount in controversy is the possible "amount at stake" in the litigation, "not the likely liability"). A defendant need not prove to a "legal certainty" that the amount in controversy has been met. *Dart Cherokee*, 574 U.S. at 88-89. Indeed, the Ninth Circuit recently reaffirmed that a CAFA removal need only contain "plausible allegations," not "evidentiary submissions," and even when the plaintiff challenges them, the defendant may rely on "reasonable assumptions." *Arias*, 936 F.3d at 922. The "strength of any defenses… is irrelevant" for this analysis, *Greene*, 965 F.3d at 774, and HP has not considered them for this purpose.

Accordingly, HP is not obligated to "research, state, and prove the plaintiff's claims for damages." *See 54-40 Brewing Co. LLC v. Truck Ins. Exch.*, No. C21-5586 BHS, 2021 WL 6124788, at *2 (W.D. Wash. Dec. 28, 2021) (citations omitted) (denying remand as defendant had "met its burden of providing competent proof that the amount in controversy likely exceeds $5 million, by large margin. This assertion is based on good faith, and plausible and logical assumptions and conclusions."); *see also, Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *2 (W.D. Wash. Aug. 2, 2022)*, adopted by* 2022 WL 4448546 (W.D. Wash. Sept. 23, 2022), (internal quotations omitted) (citing cases). Nor is HP required to conduct a fact-specific inquiry into whether the rights of each and every potential class member were violated. *Bryan v. Wal-Mart Stores*, No. C 08–5221 SI, 2009 WL 440485, at *10 (N.D. Cal. 2009) (denying remand and noting "amount of detail plaintiffs request [on a motion to remand] would render removal under

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

CAFA unworkable in many cases"); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1202, 1205–06 (E.D. Cal. 2008) (denying remand where plaintiff alleged damages of $1,000 per violation and defined the class to include only consumers whose personal information had been recorded, and defendant established jurisdiction with evidence of 5,000 credit card transactions total).

*Plaintiff cites to three cases that are either miscited or unpersuasive.* Motion at 12.

- *Sanchez* does not hold that Defendant must exclude certain putative class members from the amount in controversy calculation. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). *Sanchez*—which pre-dates CAFA—merely stands for the proposition that "in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional threshold]." Thus, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy is met. HP does not dispute this principle and has followed it.

- In *Matheson*, the Court applied an antiremoval presumption and required "summary-judgment type evidence" for a removal involving a vehicle accident claim. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). Sixteen years later, the Ninth Circuit expressly rejected these standards with respect to CAFA jurisdiction, and sought to expunge the "remnants of our former antiremoval presumption." *Arias*, 936 F.3d at 922. These remnants should not be resurrected by this Court.

- *Patel* involved a *pro se* plaintiff's allegations regarding the amount in controversy of "$336,000,000 to $7 billion (seven billion dollars) ($1 per person in the world)." *Patel v. Microsoft Corp.*, No. 2:24-cv-00130-JHC, 2024 WL 755951, at *2 (W.D. Wash. Feb. 23, 2024). *Patel's* fanciful allegations are not on the same planet as what HP has sufficiently alleged in this matter.

DEFS' OPPOSITION TO MOTION TO REMAND - 18
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Thus, ***Plaintiff's argument that HP has provided no "proof" supporting removal is factually inaccurate and applies a heightened standard that the Ninth Circuit has repeatedly rejected.*** As the current case law makes clear, HP is not required to submit evidence in support of removal. Nonetheless, HP did so. Plaintiff cannot insist that HP prove up Plaintiff's claims. Nor is the Court required to conduct a mini-trial on potential damages, particularly where Plaintiff does not provide ***any*** evidence. Assuming the truth of Plaintiff's allegations, and the evidence proffered by HP that more than 3,000 individuals could potentially be members of a putative class, HP has demonstrated that it is "more likely than not" that the jurisdictional threshold of $5 million is exceeded for the purposes of removal under CAFA.

### G.    HP Has Established the $75,000 Amount in Controversy for Diversity Jurisdiction.

It is undisputed that Plaintiff seeks statutory damages of $5,000 for herself. Motion at 8.  The amount in controversy also includes future attorneys' fees. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794-96 (9th Cir. 2018). HP has demonstrated that attorneys' fees for Plaintiff's individual claims would be at least $72,500. To support this reasonable assumption, HP relies on sworn testimony of Plaintiff's own counsel about their fees in similar cases, as well as published caselaw within the Ninth Circuit. Plaintiff's counsel does not deny that a single-plaintiff case takes at least 100 hours of attorney work to litigate, nor do they contest that the hourly rate of Plaintiff's lead counsel is $725. *See generally* Motion at 8–10.

HP does not dispute that in a putative class action, only the named plaintiff's *pro rata* share of attorneys' fees is used to determine the amount in controversy for diversity jurisdiction. Motion at 9. Rather, HP reiterates that 100 hours is "an appropriate and conservative estimate" of the number of attorney hours expended through trial to litigate a single plaintiff's employment claims. NOR, ¶ 32; *Adkins v. J.B. Hunt Transport, Inc*., 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018) (quotations and citations omitted) (denying remand in part because 100 attorney hours projected on single-plaintiff employment case aligned with "[r]ecent estimates for the number of hours expended

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

through trial for employment cases in this district [that] have ranged from 100 to 300 hours.") (citing cases).

Plaintiff argues that "HP speculates about potential attorneys' fees," and, as such, it is "insufficient." Motion at 9. To the contrary, HP relies on evidence from Plaintiff's counsel and legal authority. NOR, ¶ 32 & Dkt. No. 3-1.

Plaintiff's lawsuit is among the first testing the bounds of the EPOA's pay transparency law. HP anticipates the parties will engage in significant motion practice during discovery, class certification, and summary judgment. Martell Decl. ¶ 16. Specifically, among other topics, discovery on ***Plaintiff's individual claims*** will necessarily include her job applications, related job search activities, and related third-party discovery; Plaintiff's employment history, including her qualifications, credentials, interests, and related third-party discovery; Plaintiff's internet activity, including her job posting search and browsing history; and Plaintiff's financial records as she claims her "current and lifetime wages" have been impacted. Martell Decl. ¶ 17.

Although Plaintiff's counsel attempts to downplay the number of attorney hours that will be needed to litigate this case, their assertions are undermined by representations they have made in other EPOA cases to justify their attorneys' fees for settlement approval. In one such declaration (*Yount v. Diamond Parking*), Plaintiff's counsel extensively discussed the attorney hours that they spent in the investigation and discovery phases of the lawsuit, the "additional time, costs, and expenses" should the case continue, and how the lawsuit has "consumed significant amounts of time and attorney resources," and described the risks inherent in continuing the litigation as "time-consuming [and] expensive." Martell Decl., Ex. 15. Plaintiff's counsel made similar representations in another of their serial EPOA cases (*Moliga v. Qdoba*) to justify their $1,121,000 attorneys' fees for settlement approval. Martell Decl., Ex. 14.

As such, Plaintiff's assertion that this is a "straightforward action," involving "limited attorney time," with "no need for extensive discovery, motions practice, or a trial" (without citing

DEFS' OPPOSITION TO MOTION TO REMAND - 20
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    any evidence or authority), Motion at 10, ***directly contradicts representations made by her counsel***
2    ***in similar cases***.

3          Given that Courts have found 100 attorney hours to be "an appropriate and conservative
4    estimate" in single-plaintiff employment cases, given Plaintiff's counsel's prior admissions that
5    EPOA litigation is time-intensive and expensive, and given Plaintiff's counsel's undisputed rate, HP
6    has established by a preponderance of the evidence that attorneys' fees to litigate Plaintiff's
7    individual claim could easily be at least $72,500 through trial in this matter. NOR, ¶ 32. This,
8    combined with Plaintiff's undisputed claim for $5,000 in statutory damages exceeds the amount in
9    controversy required for diversity jurisdiction. Plaintiff has provided no evidence or "reasoned
10   argument" to the contrary.

### H.    Federal Courts Are Qualified to Interpret State Law, and This Litigation Implicates Important Questions of Federal Law.

11         Plaintiff contends that federal courts should "leave the initial interpretation[s]" of state law
13   to the state court. Motion at 13. Her argument ignores the federalist principles embedded in our legal
14   system. *See e.g.*, *Erie Ry. Co. v. Tompkins*, 304 U.S. 64 (1938). Federal courts routinely interpret
15   state law. In doing so, "federal courts are bound by decisions of the state's highest court." *Ariz. Elec.*
16   *Power Co-Op, Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995) (citation omitted). "In the absence
17   of such a decision, a federal court must predict how the highest state court would decide the issue
18   using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises,
19   and restatements as guidance." *Id.* (citation omitted). When interpreting a state statute as a matter of
20   first impression, a federal court must interpret the law as would the state's highest court.
21   *Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262, 1276 (W.D. Wash. 2012) (citing *In re Kolb*,
22   326 F.3d 1030, 1037 (9th Cir. 2003)).

23         Here, HP appropriately availed itself of this federal forum under diversity and CAFA
24   jurisdiction. Plaintiff's argument that this case is better suited for state court fails as this Court has
25   the authority to hear and rule on Plaintiff's claims, even as a matter of first impression. Plaintiff's

DEFS' OPPOSITION TO MOTION TO REMAND - 21
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

argument is not a valid basis to support a remand.

Moreover, important legal issues in this litigation have nothing to do with interpreting state law. This lawsuit will require analysis of federal law, including preemption, class certification, and comity with respect to the laws of other states and nations. The job posting that Plaintiff attached to her Complaint as Exhibit 1 illustrates this point – the first-listed location of the job is in Mexico (and, as one would expect, many of the candidates are non-U.S. citizens). The job also lists Texas as a location (and Texans are also among the pool of candidates). This raises serious questions about how far Washington State can extend its jurisdictional reach in the policy decisions it makes. Mexico and Texas would likely be opposed to such an imposition on their sovereignty. This Court is arguably better-positioned to decide these questions, and HP has established that it has a right to remain in federal court.

## I.    If Any Doubt Remains, the Court Should Permit Jurisdictional Discovery.

If this Court has any doubt about HP's satisfaction of the jurisdictional requirements, HP respectfully requests that the Court describe what types of allegations were lacking, and permit HP to engage in jurisdictional discovery as to those limited categories. Such relief is particularly appropriate where Plaintiff has made repeated inconsistent statements to the Court by alleging one thing in her Complaint and then making arguments that contradict her own allegations, all for the purpose of escaping the Court's jurisdiction.

The Court has broad authority to require jurisdictional discovery. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). "[D]iscovery should be granted when the jurisdictional facts are contested or more facts are needed." *Id. Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2011) (jurisdictional discovery may be appropriate where a more satisfactory showing of jurisdictional facts is necessary). *See also Arias*, 936 F.3d at 925 ("[A] district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied.").

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    Defendants maintain that this is unnecessary. Based on Plaintiff's allegations, Plaintiff has

2 adequately pled her Article III standing, and Defendants have exhaustively established complete

3 diversity of the parties and that the putative class size and amount in controversy satisfy the

4 jurisdictional requirements. No further inquiry is needed to deny Plaintiff's Motion. However, the

5 Court should permit limited jurisdictional discovery to the extent it is inclined to remand.

6 Alternatively, the Court could allow this issue to play out in the normal course of discovery, since

7 there is ***no evidence*** to contradict Plaintiff's allegations demonstrating standing.

8                              **IV.    CONCLUSION**

9    HP has shown—with Plaintiff's own allegations, reasonable assumptions, ***and*** evidence—

10 that this Court has jurisdiction. HP has the right to have its defenses decided by this Court. Plaintiff's

11 arguments must be rejected because she does not proffer any factual or legal basis for her position,

12 and instead relies on inaccurate statements of the facts and the law. For the foregoing reasons, HP

13 respectfully requests that the Court deny Plaintiff's Motion for Remand.

14 Dated: October 3, 2024                    *I certify that this memorandum contains 8,329*
                                             *words, in compliance with the Local Civil Rules.*
15

16                                          *s/ Breanne Martell*
                                            Breanne Martell, WSBA #39632
17                                          bsmartell@littler.com
                                            Derek A. Bishop, WSBA #39363
18                                          debishop@littler.com
                                            Daniel Rhim, WSBA #58302
19                                          drhim@littler.com

20                                          LITTLER MENDELSON, P.C.
                                            One Union Square
21                                          600 University Street, Suite 3200
                                            Seattle, WA 98101.3122
22                                          Telephone:   206.623.3300
                                            Facsimile:   206.447.6965
23
                                            Attorneys for Defendants
24

25

26

DEFS' OPPOSITION TO MOTION TO REMAND - 23
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1

## CERTIFICATE OF SERVICE

2      I am a resident of the State of Washington, over the age of eighteen years, and not a party to

3 the within action.  My business address is One Union Square, 600 University Street, Ste. 3200,

4 Seattle, WA 98101.  I hereby certify that on October 3, 2024, I electronically filed the foregoing

5 document with the Clerk of the Court using the CM/ECF system, which will send notification of

6 such filing to the Court and to the following:

7      **Attorney for Plaintiff**

8      Timothy W. Emery, WSBA #34078
       Patrick B. Reddy, WSBA #34092
9      Paul Cipriani, WSBA #59991
       Emery Reddy, PLLC
10     600 Stewart Street, Suite 1100
       Seattle, WA 98101
11     Tel: (206) 442-9106
       Fax: (206) 441-9711
12     emeryt@emeryreddy.com
       reddyp@emeryreddy.com
13     paul@emeryreddy.com
       cailey@emeryreddy.com
14     lesley@emeryreddy.com
       alec@emeryreddy.com
15     stephen@emeryreddy.com
       calum@emeryreddy.com
16     jennifer@emeryreddy.com

17     I declare under penalty of perjury under the laws of the State of Washington that the

18 foregoing is true and correct.  Executed on October 3, 2024, at Seattle, Washington.

19

20     */s/ Karen Fiumano Yun*
       Karen Fiumano Yun
21     kfiumano@littler.com
       **LITTLER MENDELSON, P.C.**

22  4887-5087-9972.15
    DRAFT 10/03/24 8:36AM

23

24

25

26

DEFS' OPPOSITION TO MOTION TO REMAND - 24
CASE NO. 2:24-CV-01261-MJP

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300