EXHIBIT 4

EXHIBIT 4

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ALEXANDER FLOYD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOORDASH, INC., a foreign profit corporation doing business as DOORDASH; DOORDASH EXPRESS DELIVERY L.L.C., a Washington limited liability company; DOORDASH ESSENTIALS, LLC, a foreign limited liability company doing business as DASHMART; DOORDASH G&C, LLC, a foreign limited liability company; and DOES 1-20,<br><br>Defendants. | No.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF |

Plaintiff Alexander Floyd, on behalf of himself and all others similarly situated (the "Class"), by and through counsel, brings this Class Action Complaint against the above-captioned Defendants ("Defendants") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigations, and upon information and belief as to all other matters, as follows:

### I. NATURE OF THE CASE

1. Effective January 1, 2023, employers must disclose in each posting for each job opening, the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant. RCW 49.58.110(1).

2. The Washington Legislature finds that "despite existing equal pay laws, there continues to be a gap in wages and advancement opportunities among workers in Washington." RCW 49.58.005(1). The Legislature further finds that "lower starting salaries translate into lower pay, less family income, and more children and families in poverty." RCW 49.58.005(3)(b).

3. "Some folks do not have the networks or ability to negotiate salaries. Salaries vary wildly in companies within the same industry and applicants do not have the ability to know what the value of the position is." H.B. Rep. ESSB 5761, at 2 (Wash. 2022). The Equal Pay and Opportunities Act ("EPOA") "allows a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay." *Id*. Additionally, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." S.B. Rep. ESSB 5761, at 3 (Wash. 2022). The EPOA makes Washington "more competitive for job seekers…" *Id*.

4. This is a class action on behalf of individuals who applied to job openings with the Defendants where the job postings did not include the wage scale or salary range, or a general description of all of the benefits and other compensation to be offered in direct violation of RCW 49.58.110.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

6. Venue is proper in this Court pursuant to RCW 4.12.025 because the acts and omissions alleged took place, in whole or in part, in King County, Washington, and each Defendant resides and transacts business in King County, Washington.

7. Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because: (a) all members of the Class are applicants of Washington employers, or were applicants of Washington employers, at all times relevant to their interactions

with Defendants; (b) each Defendant is registered to conduct business, and regularly transacts business, within Washington; (c) Defendant DoorDash Express Delivery L.L.C. is a citizen of the State of Washington; (d) the alleged conduct of Defendants occurred within Washington; (e) the injuries to Plaintiff and the Class occurred within Washington; and (f) during the three-year period preceding the filing of this action, no other class action has been filed asserting the same or similar factual allegations against Defendants on behalf of the same persons. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act because: (a) pursuant to 28 U.S.C. § 1332(d)(4)(B), more than two-thirds of the Class reside in Washington; and (b) pursuant to 28 U.S.C. § 1332(2), the amount in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

### III. PARTIES

8. Plaintiff Alexander Floyd is a resident of King County, Washington and applied to work for Defendants at their office located in Seattle, King County, Washington.

9. Defendant DoorDash, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 1201 2nd Avenue, Seattle, Washington 98101 and 415 Bell Street, Seattle, Washington 98121.

10. Defendant DoorDash Express Delivery L.L.C. is a Washington limited liability company that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 1201 2nd Avenue, Seattle, Washington 98101 and 415 Bell Street, Seattle, Washington 98121.

11. Defendant DoorDash Essentials, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 1201 2nd Avenue, Seattle, Washington 98101 and 415 Bell Street, Seattle, Washington 98121.

12. Defendant DoorDash G&C, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has multiple offices for the

transaction of business in King County, Washington, including at 1201 2nd Avenue, Seattle, Washington 98101 and 415 Bell Street, Seattle, Washington 98121.

13. Plaintiff is currently unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

### IV. FACTS APPLICABLE TO THE CLASS AND ALL CAUSES OF ACTION

14. Effective January 1, 2023, all Washington employers are required to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant. RCW 49.58.110.

15. For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1).

16. Each Defendant employs more than 15 individuals.

17. From January 1, 2023 to the present, Plaintiff and more than 40 Class members applied to job openings with Defendants for positions located in Washington state where the postings did not disclose the wage scale or salary range, or a general description of the benefits and other compensation to be offered.

18. On or about August 7, 2023, Plaintiff applied for a job opening in King County, Washington with Defendants. The posting for the job opening did not disclose the wage scale or salary range, or a general description of all of the benefits and other compensation to be offered. A true and correct copy of Defendants' job posting is attached hereto as Exhibit 1.

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 4

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

19. Plaintiff and the Class members lost valuable time applying for jobs with Defendants for which the wage scale or salary range, or a general description of the benefits and other compensation to be offered was not disclosed to them.

20. As a result of Plaintiff's and Class members' inability to evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace, Plaintiff and the Class members were harmed.

21. As a result of Defendants' actions and omissions, Plaintiff and the Class have been damaged in amounts to be proven at trial.

## V. CLASS ACTION ALLEGATIONS

22. <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the Class defined as follows (the "Class"):

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with one or more of the Defendants, where the job posting did not disclose the wage scale or salary range for the position.

23. Excluded from the Class are the Defendants and Defendants' officers, directors, and independent contractors, and any judge to whom this case is assigned, as well as his or her staff and immediate family.

24. <u>Numerosity</u>. There are potentially hundreds of individuals who applied for jobs with Defendants within the time period relevant to this matter. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

25. <u>Commonality</u>. Because all applicants applied for job openings that did not disclose the wage scale or salary range, or a general description of the benefits and other compensation to be offered, this is a straightforward matter of determining whether Defendants' actions violate Washington law, and, if so, assessing damages.

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 5

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

26. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members all applied for job openings with Defendants that did not disclose the wage scale or salary range, or a general description of all of the benefits and other compensation to be offered.

27. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with those of the Class.

28. <u>Predominance</u>. Defendants have engaged in a common course of conduct of failing to disclose the wage scale or salary range, or a general description of all of the benefits and other compensation to be offered in job postings in violation of RCW 49.58.110. The common issues arising from Defendants' unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

29. <u>Superiority</u>. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members and the job postings to which they applied are readily identifiable through Defendants' own records.

## VI.  CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**VIOLATION OF RCW 49.58.110**
*Claim of Relief for Plaintiff and the Class*

30. Plaintiff incorporates by reference all foregoing factual allegations.

31. As described more fully above, Defendants did not disclose the wage scale or salary range, or a general description of all of the benefits and other compensation to be offered in their job postings.

32. On or after January 1, 2023, Plaintiff and the Class applied for job openings with the Defendants where the postings did not disclose the wage scale or salary range, or a general description of all of the benefits and other compensation to be offered.

33. Defendants' actions and omissions violate RCW 49.58.110.

34. As a result of Defendants' actions and omissions, Plaintiff and the Class have been damaged in amounts to be proven at trial.

## SECOND CAUSE OF ACTION
### INJUNCTIVE RELIEF
*Claim of Relief for Plaintiff and the Class*

35. Plaintiff incorporates by reference all foregoing factual allegations.

36. Plaintiff and the Class are entitled to an injunction prohibiting Defendants from further violations of Washington law. Specifically, Plaintiff seeks injunctive relief to require Defendants to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered.

## THIRD CAUSE OF ACTION
### DECLARATORY RELIEF
*Claim of Relief for Plaintiff and the Class*

37. Plaintiff incorporates by reference all foregoing factual allegations.

38. Plaintiff and the Class are entitled to a declaration that Defendants' practice of failing to disclose in each posting for each job opening the wage scale or salary range is illegal.

39. Plaintiff and the Class are entitled to a final judicial determination of the amounts owing to Plaintiff and the Class as a result of Defendants' failure to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant.

## VII. REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the members of the Class, requests that the Court enter judgment against Defendants as follows:

1. An Order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

2. Statutory damages equal to Plaintiff's and the Class members' actual damages or five thousand dollars, whichever is greater, pursuant to RCW 49.58.070(1);

3. Costs and reasonable attorneys' fees pursuant to RCW 49.58.070(1);

4. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendants from engaging in the conduct complained of herein, including, but not limited to, an Order requiring Defendants to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant;

5. Declaratory relief to the effect that Defendants' failure to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant, violates Washington law;

6. Pre- and post-judgment interest;

7. Leave to amend the Complaint to conform to the evidence; and

8. Any additional or further relief which the Court deems equitable, appropriate, or just.

///
///
///
///
///
///
///

DATED October 10, 2023           EMERY | REDDY, PLLC

                                 By:    /s/ Timothy W. Emery
                                        Timothy W. Emery, WSBA No. 34078
                                        Patrick B. Reddy, WSBA No. 34092
                                        Paul Cipriani, WSBA No. 59991
                                        Emery Reddy, PLLC
                                        600 Stewart Street, Suite 1100
                                        Seattle, WA 98101
                                        Phone: (206) 442-9106
                                        Fax: (206) 441-9711
                                        Email: emeryt@emeryreddy.com
                                        Email: reddyp@emeryreddy.com
                                        Email: paul@emeryreddy.com
                                        *Attorneys for Plaintiff Alexander Floyd and the Class*