EXHIBIT 10

EXHIBIT 10

FILED
2024 JUL 02 03:32 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-14896-5 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| STEPHEN KENT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TECH MAHINDRA (AMERICAS) INC., a foreign profit corporation; TECH MAHINDRA TECHNOLOGIES INC., a foreign profit corporation; TECH MAHINDRA NETWORK SERVICES INTERNATIONAL, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT FOR DISCRIMINATION** |

Plaintiff Stephen Kent ("Plaintiff"), on behalf of himself and all others similarly situated (the "Class"), by and through counsel, brings this Class Action Complaint against Defendants Tech Mahindra (Americas) Inc.; Tech Mahindra Technologies Inc.; and Tech Mahindra Network Services International, Inc. (collectively, "Defendants") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigation, and upon information and belief as to all other matters, as follows:

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 1

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## I. NATURE OF THE EPOA

1. This is a class action lawsuit to remedy Defendants' ongoing violation of Plaintiff and the Class members' civil rights.

2. Effective January 1, 2023, employers with 15 or more employees must disclose, in each posting for each job opening, the wage scale or salary range and a general description of all of the benefits and other compensation being offered to the hired applicant. *See* RCW 49.58.110(1).

3. The Washington Legislature finds that "despite existing equal pay laws, there continues to be a gap in wages and advancement opportunities among workers in Washington." RCW 49.58.005(1). The Legislature further finds that "lower starting salaries translate into lower pay, less family income, and more children and families in poverty." RCW 49.58.005(3)(b).

4. This lawsuit follows important, recent research which revealed pervasive pay disparity in Washington with respect to both women and other protected classes. In particular, the study found that women are paid 78 cents for every dollar paid to men—a decline from 80 cents to the dollar a decade ago. *See* Alison Saldanha, *Seattle's pay gap between women and men just won't stop growing* (Mar. 8, 2024), https://www.seattletimes.com/business/seattle-hits-rock-bottom-in-terms-of-the-pay-gap-between-women-and-men/.

5. "Some folks do not have the networks or ability to negotiate salaries. Salaries vary wildly in companies within the same industry and applicants do not have the ability to know what the value of the position is." Engrossed Substitute S.B. 5761 House Bill Report, 67th Leg., Reg. Sess. (Wash. 2022). The pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, "allows a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay." *Id.* Additionally, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022). The EPOA makes Washington "more competitive" for job seekers. *Id.*

6. "[P]ay range disclosures function primarily to correct information asymmetry: they give applicants access to key information that only the employer may know. This information is essential to help job candidates, particularly females and candidates in other protected classes, to achieve equal pay when faced with negotiating a starting salary. Pay range disclosures also stand to help current employees discover if they are being underpaid, either to ask for more or equitable compensation or, if the employee suspects discrimination, to initiate an enforcement action." Stephanie Bornstein, *The Enforcement Value of Disclosure*, 72 Duke L.J. 1771, 1789 (2023).

7. "[T]he duty to disclose a pay range and to do so publicly goes further, serving other important purposes of a disclosure scheme. It may induce behavior-forcing effects by requiring an employer to identify the pay received by other employees currently in the position and set new employee pay comparably. The goal is that the employer will create pay uniformity based on the position itself rather than the person holding the position." *Id.* at 1790.

8. "That pay range postings are public creates additional pressure on employers to provide accurate and fair salary ranges that will attract the best job applicants. And setting pay in a range to which an employer has publicly pre-committed may likely limit the role that even unconscious gender and racial biases play in pay setting." *Id.*

9. On January 1, 2021, the State of Colorado enacted a similar pay transparency law that requires online job postings to include information about the expected salary of the position. "One early study of the Colorado pay range posting law showed that, among firms that complied, posted job salaries increased by 3.6 percent." *Id.* (citing David Arnold, Simon Quach & Bledi Taska, *The Impact of Pay Transparency in Job Postings on the Labor Market 2* (Aug. 17, 2022) (unpublished manuscript), https://perma.cc/KBQ5-L9U2.

10. This is a class action on behalf of individuals who applied to job openings with the Defendants where the job postings did not include the wage scale or salary range being offered in direct violation of RCW 49.58.110.

11. Plaintiff and the Class seek injunctive relief to address Defendants' refusal to include a wage scale or salary range in their job postings, and statutory damages pursuant to RCW 49.58.070 and RCW 49.58.110.

## II. JURISDICTION AND VENUE

12. This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

13. Venue is proper in this Court pursuant to RCW 4.12.025 because the acts and omissions alleged took place, in whole or in part, in King County, Washington, and Defendants reside and transact business in King County, Washington.

14. Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because: (a) all members of the Class are applicants of a Washington employer, or were applicants of a Washington employer, at all times relevant to their interactions with Defendants; (b) Defendants are registered to conduct business, and regularly transact business, within Washington; and (c) the alleged conduct of Defendants occurred within Washington. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act because: (a) pursuant to 28 U.S.C. § 1332(d)(4)(B), more than two-thirds of the Class reside in Washington; and (b) pursuant to 28 U.S.C. § 1332(d)(2), the amount in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

## III. PARTIES

15. Plaintiff Stephen Kent resides in King County, Washington and applied for a position with Defendants in the State of Washington.

16. Defendant Tech Mahindra (Americas) Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has offices for the transaction of business in King County, Washington, including at 2035 158th Court Northeast, Suite 300, Bellevue, Washington 98008; 17425 Northeast Union Hill Road, Suite 100, Redmond, Washington 98052 and 17945 Northeast 65th Street, Suite 200, Redmond, Washington 98052.

17. Defendant Tech Mahindra Technologies Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has offices for the transaction of

business in King County, Washington, including at 2035 158th Court Northeast, Suite 300, Bellevue, Washington 98008; 17425 Northeast Union Hill Road, Suite 100, Redmond, Washington 98052 and 17945 Northeast 65th Street, Suite 200, Redmond, Washington 98052.

18. Defendant Tech Mahindra Network Services International, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has offices for the transaction of business in King County, Washington, including at 2035 158th Court Northeast, Suite 300, Bellevue, Washington 98008; 17425 Northeast Union Hill Road, Suite 100, Redmond, Washington 98052 and 17945 Northeast 65th Street, Suite 200, Redmond, Washington 98052.

19. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

### IV. STATEMENT OF FACTS

20. Effective January 1, 2023, all Washington employers with 15 or more employees are required to disclose, in each posting for each job opening, the wage scale or salary range, and a general description of all of the benefits and other compensation being offered to the hired applicant. *See* RCW 49.58.110.

21. For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1).

22. Defendants employ more than 15 individuals.

23. From January 1, 2023 to the present, Plaintiff and more than 40 Class members applied to job openings with Defendants for positions located in Washington where the postings did not disclose the wage scale or salary range being offered.

24. Despite RCW 49.58.110 becoming effective January 1, 2023, Defendants continue to withhold pay information in some, if not all, of their job postings for Washington-based positions.

25. As of the date of this filing, Defendants continue to employ discriminatory hiring practices as a result of their ongoing refusal to comply with RCW 49.58.110.

26. Defendants' refusal to post a wage scale or salary range in job postings is a violation of Plaintiff and the Class members' civil rights, as specifically defined by RCW 49.58.110.

27. On or about July 2, 2024, Plaintiff applied for a job opening in King County, Washington with Defendants.

28. Plaintiff was qualified to perform the position for which he applied.

29. The posting for the job opening Plaintiff applied to did not disclose the wage scale or salary range being offered.

30. In working through the application, Plaintiff expected that at some point he would learn the rate of pay for the open position.

31. However, Defendants withheld the rate of pay for the open position in the job posting and throughout the application process, forcing Plaintiff to complete the entire application without learning the rate of pay.

32. A true and correct copy of Defendants' job posting that Plaintiff responded to is attached hereto as Exhibit 1.

33. As a result of Defendants' refusal to publish the wage scale or salary range within the job posting, Plaintiff was unable to determine the rate of pay for the position.

34. As a result of Defendants' refusal to disclose the wage scale or salary range in the job posting, Plaintiff remains unable to evaluate the pay for the position and compare that pay to

other available positions in the marketplace, which negatively impacts Plaintiff's current and lifetime wages.

35. As a result of Defendants' refusal to disclose the wage scale or salary range in the job posting, Plaintiff's ability to negotiate pay remains adversely affected.

36. Plaintiff lost valuable time applying for a position for which the wage scale or salary range being offered was not disclosed. As noted by the Legislature, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022).

37. Plaintiff has experienced economic and non-economic harm as a direct result of Defendants' discriminatory hiring practices, their violation of RCW 49.58.110, and their contribution to wage inequality as a result of their refusal to post a wage scale or salary range in the job postings they publish.

38. Plaintiff and the Class are victims of Defendants' discriminatory hiring practices, which are specifically prohibited by RCW 49.58.110.

39. Defendants engaged in a common course of conduct of failing to disclose the wage scale or salary range in the job postings to which Plaintiff and the Class applied.

40. As a result of Defendants' systemic violations of RCW 49.58.110, and the EPOA generally, the Class has experienced harm identical to that experienced by Plaintiff.

41. Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

## V. CLASS ACTION ALLEGATIONS

42. <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the Class defined as follows (the "Class"):

> All individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in the State of Washington with Tech Mahindra (Americas) Inc., Tech Mahindra Technologies Inc., or Tech Mahindra Network Services International, Inc., where the job posting did not disclose a wage scale or salary range.

43. Excluded from the Class are the Defendants and Defendants' officers, directors, and independent contractors, and any judge to whom this case is assigned, as well as his or her staff and immediate family.

44. Numerosity. There are potentially dozens of Class members who applied for jobs with Defendants within the time period relevant to this matter. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

45. Commonality. Because the Class members applied for job openings that did not disclose the wage scale or salary range being offered, this is a straightforward matter of determining whether Defendants' actions violate Washington law, and, if so, assessing statutory damages.

46. Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff and the Class members applied for job openings with Defendants that did not disclose the wage scale or salary range being offered.

47. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with those of the Class.

48. Predominance. Defendants have engaged in a common course of conduct of failing to disclose the wage scale or salary range being offered in job postings in violation of RCW 49.58.110. The common issues arising from Defendants' unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

49. Superiority. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class members would find the cost of litigating their claims prohibitive, especially

1  when that cost is balanced against each individual's respective potential award. Class treatment
2  is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial
3  resources, promotes consistency and efficiency of adjudication, provides a forum for claimants
4  with smaller cases and those with few resources, and deters illegal activities. There will be no
5  significant difficulty in the management of this case as a class action. The Class members and the
6  job postings to which they applied are readily identifiable through Defendants' own records.

## VI. CAUSE OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF RCW 49.58.110
*Claim of Relief for Plaintiff and the Class*

50. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

51. As described more fully above, Defendants did not disclose the wage scale or salary range being offered to Plaintiff and Class members in their job postings seeking workers for their Washington locations.

52. On or after January 1, 2023, Plaintiff and the Class members applied for job openings with the Defendants where the job postings did not disclose the wage scale or salary range being offered.

53. Defendants' actions and omissions violate RCW 49.58.110.

54. As a result of Defendants' actions and omissions, Plaintiff and the Class have experienced economic and non-economic harm.

55. Plaintiff and the Class seek statutory damages pursuant to RCW 49.58.070 and RCW 49.58.110, as opposed to their actual damages.

56. Plaintiff and the Class also seek to recover their costs and reasonable attorneys' fees.

## VII. REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the members of the Class, requests that the Court enter judgment against Defendants as follows:

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 9

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

57. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

58. Statutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.58.070 and RCW 49.58.110;

59. Costs and reasonable attorneys' fees pursuant to RCW 49.58.070 and RCW 49.58.110;

60. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendants from engaging in the conduct complained of herein, including, but not limited to, an order requiring Defendants to disclose a wage scale or salary range in job postings for jobs located in Washington;

61. Declaratory relief to the effect that Defendants' failure to disclose in each posting for each Washington job opening the wage scale or salary range violates Washington law;

62. Pre- and post-judgment interest;

63. Leave to amend the Class Action Complaint to conform to the evidence; and

64. Any additional or further relief which the Court deems equitable, appropriate, or just.

DATED July 2, 2024      EMERY | REDDY, PLLC

By: /s/ Timothy W. Emery
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff*