EXHIBIT 11

EXHIBIT 11

Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| STEPHEN KENT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TECH MAHINDRA (AMERICAS) INC., a foreign profit corporation; TECH MAHINDRA TECHNOLOGIES INC., a foreign profit corporation; TECH MAHINDRA NETWORK SERVICES INTERNATIONAL, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No. 2:24-cv-01168-BJR<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

## I. RELIEF REQUESTED

Plaintiff Stephen Kent respectfully requests that the Court remand this matter to state court, rather than dismiss it with prejudice or rule on Defendants' ("Tech Mahindra") premature motion to strike class claims. Tech Mahindra—the sole proponent of federal jurisdiction—contends that Mr. Kent did *not* suffer an injury-in-fact. *See* Defs.' Mot. to Dismiss at 6-8, ECF No. 12. This Court adjudged in *eight* virtually identical cases that without an injury-in-fact, Article III standing is lacking, and remanding this state court issue of first impression is not futile.

Tech Mahindra is a serial violator of Washington's important pay transparency law, RCW 49.58.110 of the Washington Equal Pay and Opportunities Act ("EPOA"). Since the law became

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS - 1

No. 2:24-cv-01168-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

effective on January 1, 2023, Tech Mahindra has refused to publish a wage scale or salary range in job postings seeking workers for its Washington-based positions. *See* Decl. of Adam Belzberg ISO Defs.' Notice of Removal ¶ 5, Ex. A, ECF No. 1-2 ("Compl."). Its sole defense is a conspiracy theory designed to shift blame to Mr. Kent, a victim of its discriminatory and illegal hiring practices, merely because he exercised his civil right to pay transparency. Mr. Kent is entitled to prove his case in King County Superior Court where he first filed this action, and where, Tech Mahindra admits, this case should be litigated.

## II. STATEMENT OF FACTS

On or about July 2, 2024, Mr. Kent applied for Tech Mahindra's position of Data Engineer at its Redmond, Washington office. Compl. ¶¶ 27-32, Ex. A. Tech Mahindra refused to publish pay information in the job posting to which he applied. *Id*. Mr. Kent's experience is not unique. *Id*. ¶¶ 38-39. Tech Mahindra does not deny that it has routinely violated Washington's pay transparency law since January 1, 2023. *See generally* Defs.' Mot. to Dismiss.

## III. STATEMENT OF ISSUES

The following issues are presented for resolution by this Court:

1. *Whether remand to state court is the correct remedy for Tech Mahindra's motion to dismiss where returning this matter to state court would not be futile?*

2. *Whether remand to state court is the correct remedy for Tech Mahindra's motion to dismiss where RCW 49.58.110 does not include a "bona fide" or "good faith" element?*

3. *Whether this Court should dismiss Mr. Kent and the putative class's claims where he clearly and unmistakably alleged facts that establish they were subjected to Tech Mahindra's violative conduct?*

4. *Whether striking class allegations is premature, inappropriate, and would require that L&I, and not the Court, interpret the application of Federal Rule of Civil Procedure 23?*

## IV. EVIDENCE RELIED UPON

This response is based on all of the pleadings and other papers that are presently on file with the Court, and on all of the Court's RCW 49.58.110 remand orders. *See David v. Herc*

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 2

No. 2:24-cv-01168-BJR

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1  *Rentals Inc.*, No. 2:24-cv-00175-BJR, 2024 U.S. Dist. LEXIS 85379, at *6 (W.D. Wash. May 10,
2  2024); *Atkinson v. Aaron's LLC,* No. 2:23-cv-01742-BJR, 2024 U.S. Dist. LEXIS 85799, at *26
3  (W.D. Wash. May 10, 2024), *amended by Atkinson v. Aaron's LLC*, 2024 U.S. Dist. LEXIS
4  112833, at *7 (W.D. Wash. June 26, 2024); *Floyd v. Insight Glob. LLC*, No. 2:23-cv-01680-BJR,
5  2024 U.S. Dist. LEXIS 85796, at *23-24 (W.D. Wash. May 10, 2024), *amended by Floyd v.
6  Insight Glob. LLC*, 2024 U.S. Dist. LEXIS 112827 (W.D. Wash. June 26, 2024); *Spencer v. RXO,
7  Inc.*, No. 2:23-cv-01760-BJR, 2024 U.S. Dist. LEXIS 92838, at *5 (W.D. Wash. May 23, 2024);
8  *Floyd v. DoorDash, Inc.*, No. 2:23-cv-01740-BJR, 2024 U.S. Dist. LEXIS 92001, at *7 (W.D.
9  Wash. May 22, 2024); *Spencer v. Vera Whole Health, Inc.*, No. C24-337 MJP, 2024 U.S. Dist.
10 LEXIS 116904, at *11 (W.D. Wash. July 2, 2024); *Atkinson v. Penney Opco LLC*, No. 23-cv-
11 01806-BJR, 2024 U.S. Dist. LEXIS 134571, at *5-6 (W.D. Wash. July 30, 2024); *Watson v.
12 Deacon Constr.*, LLC, No. 24-cv-00082-BJR, 2024 U.S. Dist. LEXIS 134585, at *5-6 (W.D.
13 Wash. July 30, 2024) (collectively, the "Remand Orders").

## V. AUTHORITY

### A. The Court must remand a case when Article III standing is lacking.

This Court should first decide whether this case should be remanded to state court prior to ruling on Tech Mahindra's motion to dismiss. *See Potter v. Hughes*, 546 F.3d 1051, 1056 n.2 (9th Cir. 2008) ("Federal courts normally must resolve questions of subject matter jurisdiction before reaching other issues."). To avoid remand, Tech Mahindra must prove that this Court has Article III standing and subject matter jurisdiction. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Its burden to establish both is ongoing: "if at any time before final judgment it appears that the federal district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Tech Mahindra thus finds itself in the position of proving—and maintaining throughout the resolution of this matter—that Mr. Kent is a "bona fide" applicant. *See* Remand Orders. As this Court has adjudged in *eight* virtually identically pled cases, without an allegation of "bona fide" applicant status in the complaint, Article III standing is lacking and remand is required. *Id.*

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS - 3

No. 2:24-cv-01168-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1       Tech Mahindra cannot meet its burden of establishing and maintaining Article III standing and subject matter jurisdiction by arguing the exact opposite. *See generally* Def.'s Mot. to Dismiss. Indeed, it spends the bulk of its motion to dismiss arguing that Mr. Kent did not experience an injury-in-fact because he is not a "bona fide" or "good faith" applicant who was willing to accept a position with Tech Mahindra if the company offered it to him. *Id*. By repeatedly arguing against this Court's Article III authority and subject matter jurisdiction, Tech Mahindra has effectively asked it to remand this matter to state court, a request seconded by Mr. Kent. *See* Pl.'s Mot. to Remand, ECF No. 14; *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

      **B.**     **Remand is not futile.**

      Although Federal Rule of Civil Procedure 12 ordinarily requires district courts to dismiss cases for lack of subject matter jurisdiction, where a case has been removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Under § 1447(c), remand is "mandatory, not discretionary." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). When a plaintiff lacks Article III standing, "the district court generally must remand the case to state court, rather than dismiss it." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing *Bruns*, 122 F.3d at 1257). "Remand is the correct remedy because a failure of federal subject matter jurisdiction means only that federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Id*. Thus, so long as remand is not futile, the Court must return this matter to King County Superior Court. *See* Remand Orders.

      Remanding this "state court issue" of first impression to a Washington state court so that it may "provide the authoritative adjudication" of the novel issues in this case would not be futile for four reasons. *Aaron's*, 2024 U.S. Dist. LEXIS 112833, at *6. First, the futility exception contradicts the removal statute and "may no longer be good law." *Polo,* 833 F.3d at 1197. Indeed, the Supreme Court has recognized the irreconcilable conflict between the judge-made futility exception and the plain, mandatory language of the removal statute, which "give[s the court] no

---

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS - 4

No. 2:24-cv-01168-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 88-89 (1991). The Ninth Circuit has recognized the exception's doctrinal peril following *International Primate* but has not yet had occasion to expressly overrule *Bell*. *See, e.g., Bruns*, 122 F.3d at 1257-58 (district court erred in dismissing rather than remanding for want of subject matter jurisdiction); *Polo*, 833 F.3d at 1197-98 (casting doubt on the futility exception but declining to expressly overrule *Bell sua sponte* where no party had argued the issue). Although courts have sporadically applied the futility exception, some have substantially narrowed its application and cast doubt on its validity. *See, e.g., Polo*, 833 F.3d at 1198 ("[O]nly when the eventual outcome of a case after remand is so clear as to be foreordained have we held that a district court may dismiss it. . . ."); *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991). Given the signals that *Bell's* futility exception is no longer good law, this Court need not consider it when determining whether to remand. *See* Remand Orders.

Second, even if the futility exception were still good law, it is not implicated because the Washington Constitution does not limit state courts' jurisdiction as Article III of the U.S. Constitution limits the jurisdiction of federal courts. *See In re Estate of Reugh*, 10 Wn. App. 2d 20, 55-56 (2019) ("Washington courts do not face such constitutional limitations."). It applies only where the district court has "absolute certainty" that a state court would "simply dismiss[] the action" for the same reason the district court remanded. *Bell*, 922 F.2d at 1425. Recognizing this difference between state and federal law, this Court expressly rejected a futility argument in similar circumstances. *See Terrell v. Costco Wholesale Corp.*, No. C16-1415JLR, 2017 WL 2169805, at *2 (W.D. Wash. May 16, 2017). There, the removing defendant argued the plaintiff lacked Article III standing for failure to articulate a concrete injury-in-fact and remand was futile. *Id*. The Court concluded that "[t]he Washington appellate courts have not yet determined whether *Spokeo's* clarifications to the injury-in-fact prong extend to Washington law on standing, and it is therefore unclear whether remand would be futile." *Id*. The Court remanded the case. *Id*.

Here, remand would not be futile under the exceptionally high standard set forth by *Bell*. *See* 922 F.2d at 1425. "Questions of standing under Washington law begin with the statutes

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS - 5

No. 2:24-cv-01168-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

themselves." *West v. Seattle Port Comm'n*, 194 Wn. App. 821, 826 (2016). Mr. Kent alleges that Tech Mahindra violated a right guaranteed by RCW 49.58.110. *See generally* Compl. If Tech Mahindra challenges standing upon remand, the state court will look to the statute, rather than to interpretations of Article III. *See In re Estate of Reugh*, 10 Wn. App. 2d at 55-56. RCW 49.58.110 is a new statute, and Washington courts have not yet determined its requirements for standing. Thus, it is far from "absolutely clear" that a Washington court would impose on Mr. Kent the same injury-in-fact standard required in federal court. *See Terrell*, 2017 WL 2169805, at *2.

Third, the Washington Supreme Court's broad view on standing for issues of substantial public importance means that a state court is very likely to find that Mr. Kent has standing to pursue his right to pay transparency, pay equity, and improved wages. "Our Supreme Court has criticized 'unrealistically strict' considerations of standing, and it has noted that Washington is increasingly taking a broader, less restrictive view." *Fed'n v. Joint Ctr. for Higher Educ.*, 86 Wn. App. 1, 4 (1997) (quoting *Seattle Sch. Dist. No. 1 of King County v. State*, 90 Wn.2d 476, 493 (1978)). "[S]tanding is not intended to be a particularly high bar." *Wash. State Hous. Fin. Comm'n v. Nat'l Homebuyers Fund, Inc.*, 193 Wn.2d 704, 712 (2019). Additionally, Washington courts may relax standing requirements for issues of substantial public importance. *Id.*, *see also* 193 Wn.2d 704, 712 (2019); *City of Snoqualmie v. King Cty. Exec. Constantine*, 187 Wn.2d 289, 296 (2016) ("[W]e have applied standing requirements more liberally where an issue is of serious public importance.") (internal quotations omitted); *Wash. Nat. Gas Co. v. Pub. Util. Dist. No. 1 of Snohomish County*, 77 Wn.2d 94, 96 (1969) (finding that where a controversy's "outcome will have a direct bearing on the commerce, finance, labor, industry or agriculture generally, questions of standing to maintain an action should be given less rigid and more liberal answer"). This liberal approach ensures that significant matters that might otherwise evade review are addressed. *See Wash. State Hous. Fin. Comm'n*, 193 Wn.2d at 712; *Farris v. Munro*, 99 Wn.2d 326, 330 (1983) ("Despite petitioner's failure to satisfy these standing requirements, he raised an issue vital to the state revenue process that remained unresolved at the time of this suit and might have affected a measure on the November 1982 ballot").

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS - 6

No. 2:24-cv-01168-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Fourth and finally, Washington state courts already declined to grant dispositive motions predicated on the existence of a theoretical "bona fide" element. *See* Order Denying Defs.' Mot. to Dismiss, *Herold v. Smart FoodService Stores*, No. 23-2-19555-8 (King Cnty. Super. Ct. May 13, 2024); Order Denying Def.'s Mot. for J. on the Pleadings, *Pizl v. Dependable Staffing Agency Ltd.*, No. 23-2-12099-5 (Pierce Cnty. Super. Ct. Apr. 26, 2024) (collectively and hereinafter, the "State Court CR 12 Orders"). Even when the plaintiff failed to allege "good faith" or "bona fide" applicant status, Washington state courts allowed actions under RCW 49.58.110 to proceed. *Id.*

**C. If this Court does not remand, it should deny Tech Mahindra's Federal Rule of Civil Procedure 12(b)(6) motion because Mr. Kent stated a claim upon which relief can and should be granted for him and the putative class.**

**1. Mr. Kent pled each element of an RCW 49.58.110 violation.**

The Federal Rule of Civil Procedure 12(b)(6) pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) is easily met here because Mr. Kent sufficiently pled each element of Tech Mahindra's RCW 49.58.110 violation for his own claim, and for those of the putative class: (1) Tech Mahindra is subject to the statute because it is an employer with 15 or more employees and engages in business in Washington; (2) Mr. Kent and the putative class responded to Tech Mahindra's job postings for Washington-based position; (3) the job postings to which they responded did not disclose the wage scale or salary range for the positions; and (4) the job postings were solicitations intended to recruit Mr. Kent and the putative class for specific available positions. *See generally* Compl. These allegations sufficiently state a "plausible" ground for relief under RCW 49.58.110 for Mr. Kent and the putative class. *See Twombly*, 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."). To be certain, this is precisely what Washington state courts adjudged when faced with virtually identical dismissal motions. *See* State Court CR 12 Orders.

Though Mr. Kent's complaint states a claim upon which relief can and should be granted for the putative class, he has zero obligation to make such allegations under the applicable federal rules: "Nothing in the Federal Rules of Civil Procedure requires a plaintiff to plead class action allegations." *Meyer v. Receivables Performance Mgmt., LLC*, No. C12-2013RAJ, 2013 U.S. Dist.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS - 7

No. 2:24-cv-01168-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

LEXIS 65918, at *4-5 (W.D. Wash. May 8, 2013). "This District's local rules require such allegations as a means of identifying, early on, putative class actions." *Id*. at *5. "A plaintiff whose class allegations do not pass muster has not failed to state a claim." *Id*. They have "merely failed to comply with the local rule." *Id*. This is presumably why Tech Mahindra relies exclusively on non-Washington district court opinions to make its attenuated argument. *See* Defs.' Mot. to Dismiss at 9-13.

### 2. A subjective element of intent, i.e., "bona fide" or "good faith" is a fictional defense that is inconsistent with both the plain text of the statute and the intent behind its passage.

Tech Mahindra's argument for dismissal with prejudice relies on this Court finding that subjective intent is an element within RCW 49.58.110. *Id*. It is not, and the Washington Supreme Court is likely to clarify this in the coming months. *See Branson v. Wash. Fine Wines & Spirits, LLC*, No. 2:24-cv-00589-JHC, 2024 U.S. Dist. LEXIS 148958 (W.D. Wash. Aug. 20, 2024). The plain text of the EPOA contains no requirement that an applicant who sues for a violation of RCW 49.58.110 must first prove his or her subjective intent to accept the job to which he or she applied if the employer eventually offers a position. *See generally* Chapter 49.58 RCW. The statute states only that: "A job applicant or an employee is entitled to the remedies in RCW 49.58.060 and 49.58.070 for violations of this section." RCW 49.58.110(1). The word "applicant" is not ambiguous, so no further inquiry is needed. *See In re Dependency of E.M.*, 197 Wn.2d 492, 499 (2021) ("[I]f the plain meaning of the statute is unambiguous, we end our inquiry. Only when the statute is ambiguous do we resort to the aids of statutory construction and legislative history."); RCW 49.44.200(5)(b) (defining applicant in same Title to mean only "an applicant for employment.").

The Legislature knows how to impose a "good faith" or "bona fide" requirement and has not done so in RCW 49.58.110 like it has in many other statutes. *See, e.g.*, RCW 42.40.020(10) (for protection, state whistleblowers must report in good faith); RCW 28A.400.301(4) (for immunity, specified actors must make good faith disclosures); RCW 5.68.010(5)(b) (defining news media as a person engaging in bona fide news gathering for a news media entity). The

| PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 8 | **EMERY \| REDDY, PLLC** 600 Stewart Street, Suite 1100 Seattle, WA 98101 |
|---|---|
| No. 2:24-cv-01168-BJR | Phone: (206) 442-9106 • Fax: (206) 441-9711 |

Legislature likewise knows how to use "good faith" and "bona fide" in the EPOA itself, defining wage discrimination to "not include a differential in compensation based in good faith on a bona fide job-related factor." RCW 49.58.020(3).

Beyond the distinct lack of textual support, there exists good reason for Washington state courts to reject Tech Mahindra's hypothetical element of subjective intent; its adoption would lead to bizarre consequences. No applicant could "intend" to accept a job before knowing what it pays, whether it will be offered, and if it is offered, under what conditions.[1] Tech Mahindra's interpretation would require an applicant, who learns that the offered pay, working conditions, or benefits of a job are intolerable, to nonetheless accept the position before being able to claim his or her rights under the statute. Even a job applicant who is offered less than minimum wage, for example, would be required to accept the job before acquiring rights under the statute.

The Legislature clearly intended RCW 49.58.110 to broadly benefit all job applicants to deficient job postings and all employees working for employers with deficient job postings. *See generally* Engrossed Substitute S.B. 5761, 67th Leg., Reg. Sess. (Wash. 2022). Injecting the element of subjective intent would permit employers to escape accountability and would make class certification more onerous. *Cf. Leishman v. Ogden Murphy Wallace, PLLC*, 196 Wn.2d 898, 907 (2021) ("The good faith requirement increased the need for factual inquiry and led to costly and protracted litigation, defeating the protection and immunity that the statute was meant to provide."). This does not comport with the broad, remedial legislative scheme of the EPOA, which is to bring about systemic change by holding employers with deficient job postings strictly liable to ensure pay equity and transparency. *See* RCW 49.58.005(4).

Empirical evidence supports such strict measures. A study analyzing the effects of a Colorado 2021 wage transparency law showed that the policy led to a "sharp increase" in the availability of wage information and about a 3.6 percent raise in posted salaries. *See* David Arnold et al., *The Impact of Pay Transparency in Job Postings on the Labor Market* (Aug. 17, 2022)

---

[1] Other factors will be important to applicants, such as whether the job is remote, the amount of hours per week that must be performed, the work schedule, the duties, whether it is hourly or salary, whether it requires overtime, whether the position includes benefits, whether the job requires travel, what advancement opportunities exist, etc.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 9

No. 2:24-cv-01168-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

(unpublished manuscript), https://perma.cc/KBQ5-L9U2. Tech Mahindra's conjecture regarding what it deems to be unqualified applicants is better directed to the Legislature than this Court.

For all of Tech Mahindra's arguments that the statute, as written, will lead to absurd results, it neglects to mention the absurdity of a serial violator being permitted to disregard one of the most important workers' rights statutes enacted in the last 75 years. For decades, employers like Tech Mahindra have withheld pay information from the Washington workforce. The existing pay disparity and wage suppression, fostered by this lack of pay transparency, is pure profit to Tech Mahindra. It is perhaps unsurprising then that instead of simply telling workers what each job pays, it instead spends its resources attacking the victim of its civil rights violations.

### 3. L&I lacks authority to create an element of subjective intent.

Tech Mahindra next turns to an overburdened agency's decision to limit its own investigations into complaints filed "by applicants who have applied to jobs in good faith with the intent of gaining employment." Defs.' Mot. to Dismiss at 7. Yet L&I was never given authority to interpret RCW 49.58.070, RCW 49.58.110, or the term "applicant" within this section. Its authority is expressly limited to RCW 49.58.005 and RCW 49.58.020 through RCW 49.58.060: "The department may adopt rules to implement RCW 49.58.005 and 49.58.020 through 49.58.060." RCW 49.58.090. L&I's authority ends at RCW 49.58.060. *Id*. Indeed, in iterating the EPOA several times since its implementation, the Legislature *never* increased L&I's authority. *See* Second Substitute H.B. 1506, 65th Leg., Reg. Sess. (Wash. 2018); Engrossed Substitute H.B. 1696, 66th Leg., Reg. Sess. (Wash. 2019); Engrossed Substitute S.B. 5761, 67th Leg., Reg. Sess. (Wash. 2022). It could have given L&I authority over the sections at issue here when it enacted and then amended RCW 49.58.110, but it elected not to. Even during the most recent legislative session, there was no discussion of expanding L&I's authority to dictate who can sue under the statute. *See* H.B. 2349, 68th Leg., Reg. Sess. (Wash. 2024); S.B. 6241, 68th Leg., Reg. Sess. (Wash. 2024); Substitute H.B. 1905, 68th Leg., Reg. Sess. (Wash. 2024).

L&I may decide to place strict limitations on its own enforcement of violative job postings, but applicants who exercise their private right of action are not subject to L&I's self-

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS - 10

No. 2:24-cv-01168-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

imposed restraints. *See Wash. State Hosp. Ass'n v. Dep't of Health*, 183 Wn.2d 590, 595 (2015) ("[Administrative] [r]ules that are not consistent with the statutes that they implement are invalid."). Indeed, if L&I were the arbiter of which applicants' complaints were enforceable, there would be no private right of action nor would there be any enforcement of the statute at all. To date, there exists no record of L&I ever filing a single administrative action or lawsuit against any business that violated RCW 49.58.110. The Legislature did not create the private right of action only to give L&I the authority to dispel it with a single sentence in the covering instructions of an L&I complaint form.[2] Further, it is unclear who authored this complaint form, if it is supported by the Director and Program Manager, and whether L&I even follows it. Its lack of enforcement and usage elsewhere suggests that it does not. Tech Mahindra also fails to explain why the term "good faith" does not appear on L&I's website, in any other L&I publications, including guidance for employers, or in any press release or other public venue. Simply put, this offhand comment, which may have been uploaded by a staffer, does not replace the entire statutory framework of RCW 49.58.070 and RCW 49.58.110, nor does it supersede Federal Rule of Civil Procedure 23.

> **4. The Legislature specifically declined to add the words "bona fide" or "good faith" before the word "applicant" in RCW 49.58.110 on multiple occasions.**

As this Court previously recognized, since RCW 49.58.110's passage, the Legislature specifically refused, on two separate occasions, to add "bona fide" as an element. *See Aaron's LLC*, 2024 U.S. Dist. LEXIS 85799, at *6. Indeed, during the 2024 regular session, House Bill 2349 and Senate Bill 6241, which would have narrowed the definition of "job applicant" in RCW 49.58.110 to "a person who has made and submitted a bona fide application for employment for a position listed by an employer covered by this section" did not advance past nomination. *See* H.B. 2349, 68th Leg., Reg. Sess. (Wash. 2024); S.B. 6241, 68th Leg., Reg. Sess. (Wash. 2024). The Legislature's rejection of two amendments that would have altered RCW 49.58.110 to

---

[2] The sole basis for Tech Mahindra's purported subjective element of intent, i.e., "bona fide" or good faith," is a single reference to good faith in an L&I complaint form that does not reference the corresponding private right of action: *What you need to know about filing a Equal Pay & Opportunities Act Complaint* (Feb. 2023), https://lni.wa.gov/forms-publications/F700-200-000.pdf (last visited Aug. 5, 2024).

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS - 11

No. 2:24-cv-01168-BJR

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

include Tech Mahindra's fictional "bona fide" element demonstrates that no such element exists. *See State v. Clark*, 129 Wn.2d 805, 812-13 (1996) (the Legislature's rejection of a proposed amendment to an existing statute is indicative of legislative intent underlying the statute).

Two Washington state trial court rulings agree with the Legislature. In *Herold* and *Pizl*, where neither plaintiff pled "good faith" or "bona fide" applicant status in their respective complaints, both courts denied CR 12(b)(6) and 12(c) motions to dismiss based on the argument that plaintiffs' were not "bona fide" applicants. *See generally* State Court CR 12 Orders. No Washington court has ruled that a plaintiff in an action for a violation of RCW 49.58.110 must first prove his or her subjective intent to accept a job to which he or she applies. No such rulings have come to pass because the plain text of the statute, and its legislative history, clarify that no such element exists.

### 5. Tech Mahindra mischaracterized this Court's opinion in *Aaron's*.

This Court did not adopt L&I's guidance in determining the definition of "bona fide" applicant, contrary to Tech Mahindra's assertion otherwise. *See* Defs.' Mot. to Dismiss at 7:12-16. In *Aaron's*, this Court unmistakably relied on the Black's Law Dictionary definition of "bona fide" only to aid in its assessment of constitutional standing. *Aaron's LLC*, 2024 U.S. Dist. LEXIS 85799, at *26 n.9. In so doing, it adjudged only that when a plaintiff sues under RCW 49.58.110 but does not plead that he or she is a "bona fide" applicant, remand for lack of Article III standing is required. *See* Remand Orders. This is because it determined that "a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a 'bona fide' applicant before there is a risk of harm." *Aaron's*, 2024 U.S. Dist. LEXIS 85799, at *26.

### 6. RCW 49.58.110 is not a tort; damages, i.e., injury, is not an element.

Tech Mahindra's insistence that RCW 49.58.110 requires Mr. Kent to establish damages, i.e., an injury, in this straightforward action for its statutory violation is misplaced. *See* Defs.' Mot. to Dismiss at 10-11. Its position is directly at odds with Washington law. The Washington Supreme Court has adjudged that where a statute "provides automatic damages for violations

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 12

No. 2:24-cv-01168-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

without condition, injury and causation does not need to be proved to receive damages." *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 723 (2017). Such is the case here where the statute automatically provides at least $5,000 in damages for a violation. *See* RCW 49.58.110(2).

**D. Tech Mahindra's attempt decertify the putative class is premature.**

If this matter is not remanded like the *eight* other RCW 49.58.110 cases devoid of a "bona fide" applicant allegation, then this Court should rule on Tech Mahindra's motion to dismiss and reserve ruling on the propriety of the putative class. *See Babare v. Sigue Corp.*, No. C20-0894-JCC, 2020 U.S. Dist. LEXIS 180262, at *7 (W.D. Wash. Sept. 30, 2020) ("[I]t is not an efficient use of the Court's time and effort to . . . address a class certification motion that could turn out to be unnecessary."); Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges* (3d ed. 2010) ("the most efficient practice is to rule on motions to dismiss or for summary judgment before addressing class certification" issues). This Court should continue to adopt this approach for three reasons. First, doing so is routine. Courts throughout the Ninth Circuit resolve dispositive motions before turning to class issues. *See Boyle v. Madigan*, 492 F.2d 1180, 1182 (9th Cir. 1974); *Dorian v. Amazon Web Servs.*, No. 2:22-cv-00269, 2022 U.S. Dist. LEXIS 140834, at *6 n.1 (W.D. Wash. Aug. 8, 2022) (refusing to consider "premature" request to strike class allegations at motion to dismiss stage). Second, this approach allows the parties to brief all Federal Rule of Civil Procedure 23 issues with a single focus, and without the constraints of page limitations. And third, in deciding a "12(f) motion to strike, a court should not resolve disputed and substantial factual or legal issues." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-75 (9th Cir. 2010).

Nevertheless, it is hard to imagine a more suitable class action than this straightforward issue of Tech Mahindra's uniform practice of failing to publish pay information in its job postings. First, the plain text of the EPOA does not prohibit class actions. *See generally* Chapter 49.58 RCW. Thus, they are allowed subject only to the limitations of Federal Rule of Civil Procedure 23. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398-99 (2010). Further, the Ninth Circuit has repeatedly held that discrimination cases, and cases predicated on

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS - 13

No. 2:24-cv-01168-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

the deprivation of information, are well-suited for class treatment. *See Gay v. Waiters' & Dairy Lunchmen's Union*, 549 F.2d 1330, 1333 (9th Cir. 1977) ("Employment discrimination based on race, sex or national origin is by definition class discrimination."); *Gibson v. Supercargoes & Checkers of Int'l Longshoremen's & Warehousemen's Union*, 543 F.2d 1259, 1264 (9th Cir. 1976) (class action is maintainable to challenge a general course of discrimination); *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1137-38 (9th Cir. 2016) ("where there exists 'a common failure to disclose information, and not merely a disparate series of statements,' predominance is easily established."). Class treatment here is intuitive, given that the application of RCW 49.58.110 applies broadly to effectuate the fundamental purpose of the statute, which is to deter discrimination and promote pay equity. *See Aaron's LLC*, 2024 U.S. Dist. LEXIS 85799, at *15-16. Mr. Kent will make the propriety of class treatment clear if given an opportunity to brief Federal Rule of Civil Procedure 23(a) and (b)(3).

Further, at least three Washington state courts have already certified EPOA classes with nearly identical class definitions to the one proposed here. In *Pizl v. C.J. of Washington, Inc.*, a state court certified a contested class defined as: "All individuals who applied for Washington jobs with Defendant on or after January 1, 2023." *See* Order Granting Pl.'s Mot. for Class Cert., *Pizl v. C.J. of Washington, Inc.*, No. 23-2-11204-6 (Pierce Cnty. Super. Ct. Feb. 9, 2024). This definition is substantially broader than the proposed class that Mr. Kent will eventually seek to certify given that it lacks any reference to the posting's lack of wage information. *Id*. Similarly, in *Moliga v. Qdoba Restaurant Corp.*, another state court, on an unopposed final approval motion, certified a class defined as: "Plaintiff and all individuals who, from January 1, 2023, through April 10, 2024, applied for a job opening in the State of Washington with the Defendant Qdoba Restaurant Corporation, where the job posting did not disclose the wage scale or salary range for the position." *See* Final Order and Judgment Approving Class Action Settlement, *Moliga v. Qdoba Restaurant Corp.*, No. 23-2-11540-6 (King Cnty. Super. Ct. July 19, 2024). And a third state court, on another unopposed final approval motion, certified a class defined as: "Plaintiff and all individuals who, from January 1, 2023, through April 24, 2024, applied for a job opening

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS - 14

No. 2:24-cv-01168-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

in the State of Washington with one or more of the Defendants, where the job posting did not disclose the wage scale or salary range for the position." *See* Final Order and Judgment Approving Class Action Settlement, *Yount v. Diamond Parking, Inc.*, No. 23-2-11540-6 (King Cnty. Super. Ct. Aug. 23, 2024). Evident from these state court rulings is that Mr. Kent's class definition is not overbroad or improper, as Tech Mahindra suggests. *See* Def.'s Mot. to Dismiss at 9-13. Simply put, without legislative intent to the contrary, Federal Rule of Civil Procedure 23 governs the propriety of the putative class that Mr. Kent seeks to represent.

## VI. CONCLUSION

Based on the foregoing, Mr. Kent respectfully requests that this Court deny Tech Mahindra's motions and remand this matter for lack of Article III standing and subject matter jurisdiction.

DATED September 4, 2024.                              EMERY | REDDY, PLLC

                                            By:    */s/ Timothy W. Emery*
                                                            */s/ Patrick B. Reddy*
                                                             */s/ Paul Cipriani*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff*

I certify that this memorandum contains less than 15 pages, in compliance with the Court's Standing Order.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS - 15

No. 2:24-cv-01168-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

# CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filling to the following CM/ECF participants:

Adam S. Belzberg, WSBA No. 41022
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 386-7516
Fax: (206) 386-7500
Email: adam.belzberg@stoel.com

Kenneth W. Gage, NY Bar #2477784
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6046
Fax: (212) 230-7646
Email: kennethgage@paulhastings.com

Zara H. Shore, DC Bar #1602523
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1727
Fax: (202) 551-0227
Email: zarashore@paulhastings.com

Dated this 4th day of September, 2024, at Seattle, Washington.

/s/ Jennifer Chong
Jennifer Chong, Legal Assistant
jennifer@emeryreddy.com

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS - 16

No. 2:24-cv-01168-BJR

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711