# EXHIBIT 12

# EXHIBIT 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON SPENCER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERA WHOLE HEALTH, INC., a foreign profit corporation doing business as VERA WHOLE HEALTH and APREE HEALTH; VERA WHOLE HEALTH WA, P.C., a Washington professional services corporation; CASTLIGHT HEALTH, INC., a foreign profit corporation doing business as CASTLIGHT HEALTH and APREE HEALTH; and DOES 1-20,<br><br>Defendants. | No.<br><br>NOTICE OF REMOVAL |

TO: United States District Court for the Western District of Washington at Seattle

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, the Class Action Fairness Act of 2005 ("CAFA"), Defendant Castlight Health, Inc. (hereinafter "Defendant Castlight") hereby removes to the United States District Court for the Western District of Washington the above-captioned lawsuit, originally filed as Case No. 24-2-00163-8 SEA in King County Superior Court. In accordance with Local Civil Rule 101(b), a copy of the operative complaint (the "Complaint") is separately attached to this Notice as **Exhibit A**. Copies

NOTICE OF REMOVAL - 1

of all process, pleadings, and orders served on Defendant Castlight, except the Complaint, are attached to this Notice as **Exhibit B**. *See* 28 U.S.C. § 1446(a). As of the date of this filing, no other entities listed as "Defendants" in the case caption have been served.

### Legal Overview.

CAFA grants district courts original jurisdiction over actions in which: (1) removal is timely; (2) the Complaint alleges a class action; (3) any member of the putative class is a citizen of a state different from any defendant, thus establishing the required minimal diversity; (4) the members of the putative class number over 100; (5) the aggregate amount in controversy exceeds $5,000,000.00; and (6) exceptions to jurisdiction do not apply. *See* 28 U.S.C. § 1332(d)(2)(A), 1332(d)(5)(A) and (B). Removal is proper on the following grounds:

### Removal Is Timely.

1. Plaintiff filed this case on January 3, 2024, in King County Superior Court, Case No. 24-2-00163-8 SEA.

2. Defendant Castlight was formally served with the Summons and Complaint on February 23, 2024. Declaration of Jamie Turner Lovett ("Lovett Decl.") ¶ 2.

3. This Notice of Removal is filed within the thirty-day period of time prescribed by 28 U.S.C. § 1446(b).

### The Complaint Alleges a Class Action.

4. Plaintiff brings this case as class representatives. In the complaint, Plaintiff seeks to certify a proposed class defined as:

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with one or more of the Defendants where the job posting did not disclose the wage scale or salary range for the position.

*See* Complaint ("Compl.") ¶ 21. The Complaint asserts three causes of action against Defendants on behalf of Plaintiff and the putative class, including (1) violation of RCW 49.58.110; (2) injunctive relief; and (3) declaratory relief. *Id.* at ¶ 30-37.

NOTICE OF REMOVAL - 2

**Diversity of Citizenship Exists.**

5. "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). Minimal diversity exists if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

6. Upon information and belief, Plaintiff Shannon Spencer is a resident of Washington State. *See* Compl. ¶ 8.

7. While Defendant Castlight does not concede Plaintiff has identified a legally cognizable class, if the Court were to certify Plaintiff's proposed class, the class would include applicants who were citizens of states other than Washington as applicants from other states applied to the job posting. Lovett Decl. ¶ 3.

8. Defendant Vera Whole Health, Inc. is a foreign profit corporation doing business as Vera Whole Health and Apree Health. Defendant Vera Whole Health, Inc.'s principal place of business is 1201 2nd Avenue, Suite 1400, Seattle, Washington 98101 and it is incorporated in Delaware. Lovett Decl. ¶ 4.

9. Defendant Vera Whole Health WA, PC is a Washington professional services corporation. Defendant Vera Whole Health WA, PC's principal place of business is 1201 2nd Avenue, Suite 1400, Seattle, Washington 98101. Lovett Decl. ¶ 5.

10. Defendant Castlight Health, Inc. is a foreign profit corporation doing business as Castlight Health and Apree Health. Defendant Castlight Health, Inc.'s principal place of business is 50 California Street, Suite 1800, San Francisco, California 94111 and it is incorporated in Delaware. Lovett Decl. ¶ 6.

11. At least one member of the putative class is a citizen of a state other than Washington. *See* Lovett Decl. ¶ 3. All named defendants are citizens of Washington. Accordingly, the diversity requirement in 28 U.S.C. § 1332(d)(2) is met.

NOTICE OF REMOVAL - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**Plaintiff Proposes a Class of More than 100 Persons.**

12. As noted above, Plaintiff defines the putative class as:

All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with one or more of the Defendants where the job posting did not disclose the wage scale or salary range for the position.

Compl. ¶ 21.

13. Although Defendant Castlight denies liability and contests the propriety of class certification, for purposes of removal, Defendant Castlight performed an initial investigation and determined that Plaintiff's proposed putative class well exceeds 100 class members. Lovett Decl. ¶ 7.

**The Amount in Controversy Exceeds $5,000,000.00.**

14. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

15. Defendant Castlight denies Plaintiff's allegations and any wrongdoing and it will defend against Plaintiff's allegations and oppose certification of the putative class. *Grant v. Capital Mgmt. Servs., L.P.*, 2011 WL 3874877, *1 (9th Cir. 2011) (defendant not required to admit liability to remove under CAFA); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) (same). Defendant Castlight further denies that Plaintiff or the putative class would be entitled to recover any of the amounts claimed under any theory. For purposes of establishing the jurisdictional prerequisites for removal, however, Plaintiff's allegations—if presumed true—place more than $5,000,000.00 in controversy. *See* 28 U.S.C. § 1332(d)(2).

16. In determining whether the removing party has met the amount-in-controversy, the Court looks first to the complaint. *Lewis*, 627 F.3d at 399. When the amount in controversy is not "facially apparent" from the complaint, the Court may consider facts in the removal petition to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

NOTICE OF REMOVAL - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

17. Plaintiff seeks "[s]tatutory damages equal to Plaintiff's and the Class members' actual damages or five thousand dollars, whichever is greater, pursuant to RCW 49.58.070(1)." Compl. at p. 7:24-25. Plaintiff also seeks her attorneys' fees. *Id.* at p. 7:26.

18. While Defendant Castlight does not concede Plaintiff has defined a legally cognizable class, for removal purposes, potential statutory damages exceed $5,000,000.00. The putative class as defined by Plaintiff would include more than 1,050 people in Washington state. Lovett Decl. ¶ 7. As Plaintiff plead that the statutory damages are at a *minimum* $5,000.00 per class member, the amount in controversy must be at least $5,000,000.00.

19. In the context of CAFA jurisdiction, "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'" *Jasso v. Money Mart Exp., Inc.*, 11-CV-5500 YGR, 2012 WL 699465, *7 (N.D. Cal. Mar. 1, 2012) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)); *see also Rodriguez v. Cleansource, Inc.*, 14-CV-0789-L DHB, 2014 WL 3818304, 4 (S.D. Cal. Aug. 4, 2014). Potential attorneys' fees and costs for damages of approximately $5,000,000.00 million may thus be calculated at approximately *$1,250,000.00.*

20. Based on the above calculations, Defendant Castlight has a good faith belief that the amount in controversy exceeds $5,000,000.00.

WHEREFORE, Defendant Castlight requests the removal of the above-referenced action from King County Superior Court and requests that further proceedings be conducted in this Court as provided by law.

///

///

///

NOTICE OF REMOVAL - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 13th day of March, 2024.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Castlight

By  *s/ Melissa K. Mordy*
   Melissa K. Mordy, WSBA #41879
   929 108th Avenue NE, Suite 1500
   Bellevue, WA 98004-4786
   Telephone: (425) 646-6122
   Fax: (425) 646-6199
   Email: missymordy@dwt.com

By  *s/ Margaret Burnham*
   Margaret Burnham, WSBA #47860

By  *s/ David Rund*
   David Rund, WSBA #60862
   920 Fifth Avenue, Suite 3300
   Seattle, WA 98104-1610
   Telephone: (206) 757-8374
   Fax: (206) 757-7700
   Email: megburnham@dwt.com
         davidrund@dwt.com

NOTICE OF REMOVAL - 6

## CERTIFICATE OF SERVICE

I hereby certify that I caused the document to which this certificate is attached to be delivered to the following as indicated:

| | |
|---|---|
| Timothy W. Emery<br>Patrick B. Reddy<br>Paul Cipriani<br>Emery Reddy, PLLC<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Phone: (206) 442-9106<br>Email: emeryt@emeryreddy.com<br>reddyp@emeryreddy.com<br>paul@emeryreddy.com | ☐ Via Legal Messenger<br>☐ Via U.S. Mail, postage prepaid<br>☐ Via Federal Express<br>☐ Via Facsimile<br>☐ Via Email, per the electronic service agreement between the parties<br>☒ Via Court ECF |

Declared under penalty of perjury under the laws of the state of Washington dated this 13th day of March, 2024.

s/ *Tammy Miller*
Tammy Miller, Executive Legal Assistant

NOTICE OF REMOVAL - 7