EXHIBIT 13

EXHIBIT 13

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SHANNON SPENCER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERA WHOLE HEALTH, INC., a foreign profit corporation doing business as VERA WHOLE HEALTH and APREE HEALTH; VERA WHOLE HEALTH WA, P.C., a Washington professional services corporation; CASTLIGHT HEALTH, INC., a foreign profit corporation doing business as CASTLIGHT HEALTH and APREE HEALTH; and DOES 1-20,<br><br>Defendants. | No. 2:24-cv-00337-MJP<br><br>**PLAINTIFF'S MOTION TO REMAND**<br><br>NOTE ON MOTION CALENDAR:<br>May 10, 2024 |

## I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiff Shannon Spencer respectfully requests that this class action be remanded to state court because it is a local, intrastate controversy between Washington citizens and Washington entities for a violation of a Washington statute: the pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110. After initiating this lawsuit in King County Superior Court, the above-captioned Defendants removed it, citing minimum diversity

PLAINTIFF'S MOTION TO REMAND - 1

No. 2:24-cv-00337-MJP

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Defendants' sole basis for minimal diversity is that some putative Class members are citizens of a state other than Washington. This is false. Mr. Spencer and the putative Class necessarily reside in Washington because the proposed putative Class definition is tailored to encompass only those applicants for Washington-based positions. For this reason, and because the exceptions set forth in 28 U.S.C. § 1332(d)(3) and (4) apply, the Court must remand this case to state court.

## II. STATEMENT OF FACTS

Mr. Spencer is a Washington citizen seeking relief for himself and a putative Class of Washingtonians for Defendants' violation of RCW 49.58.110. *See* Compl. ¶¶ 8, 16-33, ECF No. 1-1. His complaint states that the putative Class consists only of individuals who have "applied for a job opening in the State of Washington" with one or more of the Defendants. *Id*. ¶ 21. Defendants are also Washington citizens: "All named defendants are citizens of Washington." Defs.' Notice of Removal ¶ 11, ECF No. 1.

## III. STATEMENT OF THE ISSUES

The following issues are presented for resolution by the Court:

1. *Whether this class action must be remanded for lack of minimal diversity where Mr. Spencer, the putative Class, and Defendants are citizens of Washington?*

2. *Whether this class action must be remanded where Mr. Spencer and the putative Class satisfy CAFA's local controversy and home-state exception?*

3. *Whether this class action should be remanded where justice and the totality of the circumstances warrant remand?*

4. *Whether Mr. Spencer should be granted leave to amend his complaint in the event the Court determines the proposed class definition does not adequately allege that the putative Class consists solely of Washington citizens?*

## IV. EVIDENCE RELIED UPON

This motion to remand is based on all of the pleadings and other papers that are presently on file with the Court.

PLAINTIFF'S MOTION TO REMAND - 2

No. 2:24-cv-00337-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

|   |   |
|---|---|
| 1 | **V.     ARGUMENT AND ANALYSIS** |
| 2 | **A.     <u>This class action must be remanded for lack of minimum diversity.</u>** |

CAFA creates federal subject matter jurisdiction if three requirements are met: (1) the proposed class has 100 or more members; (2) at least one class member is diverse from at least one defendant; and (3) more than $5 million exclusive of interest and cost is in controversy. *See* 28 U.S.C. § 1332(d); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Mr. Spencer does not contest that the putative Class has more than 100 members, nor does he argue that less than $5 million is in controversy; rather, that minimal diversity is lacking because all parties are Washington citizens. It is undisputed that Mr. Spencer and the Defendants are citizens of Washington. *See* Compl. ¶ 8; *see also* Defs.' Notice of Removal ¶¶ 6-11. The sole dispute here is Defendants' contention that some unknown putative Class members are citizens of a state other than Washington. *See generally* Defs.' Notice of Removal. This cannot be true because Mr. Spencer's proposed Class definition encompasses only those seeking employment with Defendants "in the State of Washington." Compl. ¶ 21. This alone forecloses Defendants' argument to the contrary. *See* Defs.' Notice of Removal ¶ 11.

Domicile is evaluated in terms of objective facts. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Here, the objective fact is that each member of the putative Class applied for positions physically located in Washington, and that in order to work for Defendants in Washington, one must be domiciled in the state. This, coupled with Defendants' arguments regarding the Court's lack of jurisdiction, justifies remand. *See generally* Defs.' Mot. to Dismiss or Strike, ECF No. 9. This Court should take notice that Defendants are arguing that the Court does not have jurisdiction over this matter, so this case should never have been removed in the first place. *Id.*

PLAINTIFF'S MOTION TO REMAND - 3

No. 2:24-cv-00337-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

| | |
|---|---|
| 1 | **B.** **The local controversy and home-state exception also necessitate remand.** |
| 2 | Should the Court choose not to remand for lack of minimal diversity, it must remand under |
| 3 | CAFA's local controversy and home-state exception. Turning first to the local controversy |
| 4 | exception, 28 U.S.C. § 1332(d)(4)(A), a district court "shall decline to exercise jurisdiction" over |
| 5 | a class action when: (1) greater than two-thirds of the members of the proposed putative Class are |
| 6 | citizens of the state in which the action was originally filed; (2) there is at least one in-state |
| 7 | defendant against whom significant relief is sought and whose alleged conduct forms a significant |
| 8 | basis for the claims asserted; (3) the principal injuries resulting from the alleged conduct were |
| 9 | incurred in the state in which the action was originally filed; and (4) no other class actions |
| 10 | asserting the same or similar factual allegations against any of the defendants have been filed |
| 11 | within three years prior to the present action. Similarly, the home-state exception, 28 U.S.C. § |
| 12 | 1332(d)(4)(B), provides that a court must decline to exercise jurisdiction over a class action where |
| 13 | "two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the |
| 14 | primary defendants are citizens of the State in which the action was originally filed." |
| 15 | Mr. Spencer and the putative Class satisfy all requirements of both exceptions to CAFA. |
| 16 | First, as explained in the preceding section, the putative Class consists solely of Washington |
| 17 | citizens. *See* Compl. ¶ 21. Second, Mr. Spencer and the putative Class seek significant relief |
| 18 | against all Defendants, who are admittedly all Washington citizens. *See* Notice of Removal ¶ 11. |
| 19 | Third, the injuries suffered by Mr. Spencer and the putative Class stem directly from Defendants' |
| 20 | failure to publish pay information in Washington job postings seeking Washington workers. *See* |
| 21 | Compl. ¶¶ 29-37. And finally, this is the only pending action for Defendants' violation of RCW |
| 22 | 49.58.110. |
| 23 | Remanding this purely intrastate controversy will also satisfy the purpose behind these |
| 24 | exceptions, which is to ensure that class actions with a local focus remain in state court rather |
| 25 | than being removed to federal court, because state courts have a strong interest in resolving local |
| 26 | disputes. *Kendrick v. Conduent State & Local Sols., Inc.*, 910 F.3d 1255, 1260 (9th Cir. 2018) |

PLAINTIFF'S MOTION TO REMAND - 4

No. 2:24-cv-00337-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

(internal citation omitted). Put another way, these exceptions are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation" while "allowing the state courts to retain cases when the controversy is strongly linked to that state." *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 682 (7th Cir. 2006). It is hard to imagine an action more tethered to state interests than this straightforward action for Defendants' violation of a Washington anti-discrimination statute. For these reasons, and for the reasons that follow, the Court must remand this case.

### C. Justice and the totality of the circumstances warrant remand.

If the Court remains unpersuaded that minimal diversity is lacking and that the local controversy and home-state exceptions do not apply, then remand is still warranted when considering justice and the totality of the circumstances. CAFA affords trial courts discretion to decline to exercise jurisdiction over class actions based on the following factors:

> (A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction; (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3)(A)-(F).

Each of these factors support remand. First, the claims asserted do not involve matters of national or interstate interest; the statute at issue applies only to individuals seeking in-person employment in Washington. *See generally* RCW 49.58.110. Second, Washington law, not federal law, will govern whether Defendants violated Mr. Spencer and the putative Class's civil rights

PLAINTIFF'S MOTION TO REMAND - 5

No. 2:24-cv-00337-MJP

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

under RCW 49.58.110. *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996) ("[e]xcept in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State . . . federal courts sitting in diversity apply state substantive law and federal procedural law."). Third, Mr. Spencer's complaint was pled in a manner to avoid federal jurisdiction; he dedicated an entire paragraph outlining why federal jurisdiction is inappropriate. *See* Compl. ¶ 7. Third, the action was brought in King County Superior Court, the same county where Defendants reside, operate their principal place of business, and where Mr. Spencer sought employment with Defendants. *See* Notice of Removal ¶¶ 7-10. Finally, this action is brought on behalf of individuals seeking in–person employment (as opposed to remote work) with Defendants in Washington. In other words, the putative Class is comprised of those who already reside in Washington or are in the process of calling Washington their home. *See* Compl. ¶ 21. People who apply to work at in-person jobs in Seattle either already live in Seattle, live close enough to commute there, or are in the process of moving within commuting distance. Justice and the totality of the circumstances unequivocally warrant remand.

## VI. CONCLUSION

As the criteria for remand have been met, Mr. Spencer respectfully requests that the Court remand this case to King County Superior Court. A proposed order granting this requested relief is filed herewith.

DATED this 12th day of April 2024 in Seattle, Washington.

EMERY | REDDY, PLLC

By: /s/ *Timothy W. Emery*
/s/ *Patrick B. Reddy*
/s/ *Paul Cipriani*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100

PLAINTIFF'S MOTION TO REMAND - 6

No. 2:24-cv-00337-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

| | |
|---|---|
| 1 | |
| 2 | Seattle, WA 98101 |
|   | Phone: (206) 442-9106 |
| 3 | Fax: (206) 441-9711 |
|   | Email: emeryt@emeryreddy.com |
| 4 | Email: reddyp@emeryreddy.com |
|   | Email: paul@emeryreddy.com |
| 5 | *Attorneys for Plaintiff and the Class* |

I certify that this memorandum contains 1,741 words, in compliance with the Local Civil Rules.

PLAINTIFF'S MOTION TO REMAND - 7

No. 2:24-cv-00337-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

# CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Melissa K. Mordy
Davis Wright Tremaine LLP
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004
Email: missymordy@dwt.com

Margaret Burnham
David Rund
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Email: megburnham@dwt.com
Email: davidrund@dwt.com

*Attorneys for Defendants*

                               */s/ Cailey Afualo*
                               Cailey Afualo, paralegal

PLAINTIFF'S MOTION TO REMAND - 8

No. 2:24-cv-00337-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711