# EXHIBIT 14

EXHIBIT 14

# EXHIBIT 14

EXHIBIT 14

The Honorable Kristin Richardson
Noted for: April 5, 2024
Without Oral Argument

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DESTINEE MOLIGA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QDOBA RESTAURANT CORPORATION, a foreign profit corporation doing business as QDOBA MEXICAN EATS CORPORATION; and DOES 1-10,<br><br>Defendants. | No. 23-2-11540-6 SEA<br><br>**DECLARATION OF TIMOTHY W. EMERY IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Timothy W. Emery, declare as follows:

1. I am an attorney of record for Plaintiff Destinee Moliga in the above-captioned matter against Defendant Qdoba Restaurant Corporation.

2. I have personal knowledge of the matters set forth herein and if called to do so, I could and would testify competently under oath.

3. I submit this declaration in support of Plaintiff Destinee Moliga's Unopposed Motion for Preliminary Approval of Class Action Settlement.

### Counsel Qualifications

4. I have been licensed to practice law in the State of Washington since 2003 and the State of Utah since 2009.

---

DECLARATION OF TIMOTHY W. EMERY - 1

No. 23-2-11540-6 SEA

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

5. I am admitted to both the state and federal courts of Washington State.

6. I have extensive experience litigating and managing the litigation of class action matters in the state and federal courts of Washington, Utah, and California.

7. I am a member of Emery Reddy, PLLC, which was formed in 2005.

8. Emery Reddy is a litigation firm focused on protecting workers' rights.

9. Emery Reddy has successfully represented thousands of clients and amassed numerous awards and recognition for its skilled representation of Washington workers.

10. Prior to serving Washington workers, I was regulatory and litigation defense counsel for nationwide companies, including GMAC Mortgage Corp., Credit.com, and Creditrepair.com.

11. I spent nearly a decade as General Counsel to H.I.G. Capital, LLC portfolio entities, and was responsible for managing litigation in the consumer and credit space, including lawsuits filed for alleged violations of the Credit Repair Organizations Act, Telephone Consumer Protection Act, Telemarketing Sales Rule, and various state consumer protection acts.

12. In this role, I successfully resolved dozens of national class action matters, including *Ducharme v. John C. Heath Attorney at Law, PLLC*, No. 3:10-cv-02763 (N.D. Cal.), which reinterpreted the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, permitting credit repair organizations to engage in periodic billing procedures.

13. I have also litigated and managed the litigation of hundreds of employment law matters.

14. For example, I was co-lead counsel in *Frisino v. Seattle School District No. 1*, 160 Wn. App. 765 (2011), *cert. denied*, 172 Wn.2d 1013 (2011), a landmark Washington disability discrimination case, which interpreted the state's disability accommodation laws in favor of Washington workers.

15. I have also recently litigated several lawsuits that resulted in successful resolutions for thousands of Washington workers and consumers, including:

- *Abrego Olea v. Vessel WA Operations, LLC*, No. 22-2-06944-9 (King County Super.

DECLARATION OF TIMOTHY W. EMERY - 2

No. 23-2-11540-6 SEA

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Ct.) (secured payments to the class for non-compete violations);

- *Carlson v. Pacific Northwest Fondue LLC*, No. 19-2-05401-8 (King County Super. Ct.) (secured payments to the class for missed meals and breaks);

- *Clopp v. Pacific Market Research LLC*, No. 21-2-08738-4 (King County Super. Ct.) (secured payments to the class in a data breach action);

- *Cottington v. Washington Traffic Control., LLC*, No. 22-2-02152-7 (King County Super. Ct.) (secured payments to the class for minimum wage violations);

- *Davis v. Jeff, Pat, Chris LLC*, No. 19-2-33832-6 (King County Super. Ct.) (secured payments to the class for minimum wage violations);

- *Dozier v. Noble Food Group, Inc.*, No. 19-2-01148-29 (Skagit County Super. Ct.) (secured payments to the class for minimum wage violations);

- *Gegax v. Ann / Judith In Home Caregivers of Western Washington, LLC*, No. 22-2-17728-4 (King County Super. Ct.) (secured payments to the class for non-compete violations);

- *Grove v. Cressy Door Company, Inc.*, No. 21-2-09828-9 (King County Super. Ct.) (secured payments to the class for missed meals and breaks and travel time);

- *Heard v. Home Express Delivery Service, LLC*, No. 20-2-07098-0 (King County Super. Ct.) (secured payments to the class for missed overtime wages);

- *Honc v. Pacific Pie, Inc.*, No. 21-2-02653-32 (Spokane County Super. Ct.) (secured payments to the class for minimum wage violations);

- *Jones v. eFinancial, LLC*, No. 22-2-19385-9 (King County Super. Ct.) (secured payments to the class for non-compete violations);

- *Kennedy v. Ginsing, LLC*, No. 20-2-05287-6 (King County Super. Ct.) (secured payments to the class for missed meals and breaks);

- *LaCombe v. USNR, LLC*, No. 23-2-03036-2 (King County Super. Ct.) (secured payments to the class for time-clock rounding violations);

- *Moliga v. Vessel WA Operations, LLC*, No. 21-2-09027-0 (King County Super. Ct.) (secured payments to the class for missed meals and breaks);

- *Morey v. Aftermath Services, LLC*, No. 2:21-cv-00885 (W.D. Wash.) (secured payments to the class for missed meals and breaks and minimum wage violations);

- *Morrow v. Maverick Washington, LLC*, No. 22-2-03653-2 (King County Super. Ct.) (secured payments to the class for missed meals and breaks and minimum wage violations);

- *Nyannor v. Vessel WA Operations, LLC*, No. 22-2-08233-0 (King County Super. Ct.) (secured payments to the class for violations of Seattle Secure Scheduling Act);

- *Saraceno-Oliveri v. Solgen Power, LLC*, No. 23-2-09228-7 King County Super. Ct.) (secured payments to the class for non-compete violations) (pending preliminary approval);

DECLARATION OF TIMOTHY W. EMERY - 3

No. 23-2-11540-6 SEA

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

- *Schneider v. Assurance IQ, LLC*, No. 22-2-15633-3 (King County Super. Ct.) (secured payments to the class for non-compete violations);
- S*hipman v. Airport Investment Company, Inc.*, No. 19-2-32386-8 (King County Super. Ct.) (secured payments to the class for minimum wage violations);
- *Spencer v. City of Mount Vernon*, No. 22-2-00461-29 (Skagit County Super. Ct.) (secured payments to the class for EPOA violation);
- *Viveros v. Perfect Blend, LLC,* No. 23-2-05511-0 (King County Super. Ct.) (secured payments to the classes for EPOA and MWA violations) (pending final approval);
- *Warren v. Discount Tire, Co.*, No. 22-2-10618-8 (Pierce County Super. Ct.) (secured payments to the class for missed meals and breaks and minimum wage violations) (pending preliminary approval).

### Investigation and Discovery

16. Prior to filing this action, Emery Reddy thoroughly researched and evaluated the merits of Plaintiff's claims.

17. We reviewed Plaintiff's supporting documents, including the job posting to which she applied, her application, and correspondence with Defendant.

18. We investigated Defendant's company and evaluated Defendant's potential defenses and whether the matter should be brought as a class action.

19. After filing the action, I engaged in multiple telephone conversations and email exchanges with Defendant's counsel regarding the claims and defenses, as well as exploring early settlement.

20. The Parties engaged in formal and informal discovery.

21. Plaintiff propounded interrogatories and requests for production onto Defendant and closely reviewed the class data, including the number of applicants that applied to work for Defendant in Washington State since RCW 49.58.110 went into effect on January 1, 2023.

22. Emery Reddy performed calculations on the class data to assess potential individual and class damages.

### Mediation and Settlement Negotiations

23. On October 11, 2023, the Parties attended mediation with Clifford Freed of Washington Arbitration & Mediation Service.

DECLARATION OF TIMOTHY W. EMERY - 4

No. 23-2-11540-6 SEA

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

24.     The mediation did not result in a settlement, however, the Parties continued to discuss litigation and settlement options. After several weeks of negotiation, Parties reached an agreement on the material terms of the settlement and executed a CR 2A Agreement on January 2, 2024. Over the next 11 weeks, the Parties engaged in further debate and negotiation, exchanged drafts, and finalized the Class Settlement Agreement ("Settlement Agreement"), which was fully executed on March 21, 2024.

25.     A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 1.**

26.     Copies of the proposed Notice of Class Action Settlement ("Notice") and Claim Form are attached hereto as **Exhibits 2 and 3**, respectively.

27.     The proposed settlement in this case was reached through months of arm's-length negotiations between experienced class action counsel.

28.     As described more fully above, the Parties engaged in extensive investigation and negotiation.

## Attorneys' Fees, Costs, and Service Award

29.     The requested attorneys' fees of $1,121,000 (29.5 percent of the Maximum Settlement Fund) are in line with accepted standards for fees in class action resolutions in Washington.

30.     The Parties did not discuss the payment of attorneys' fees until after reaching an agreement on the material terms of the settlement.

31.     These fees are the product of more than 8 months and many hours of labor expended by an employment litigation team to: (a) confer with Plaintiff throughout the case; (b) analyze and document Plaintiff's claims; (b) research the case; (c) draft the Class Action Complaint; (d) engage in litigation, including drafting a motion for class certification, and a response to Defendant's motion to dismiss; (e) propound discovery requests onto Defendant; (f) perform individual and class damage calculations; (g) attend mediation; (h) participate in complex settlement negotiations for several weeks following mediation; (i) prepare the CR 2A Agreement,

DECLARATION OF TIMOTHY W. EMERY - 5

No. 23-2-11540-6 SEA

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Settlement Agreement, Notice, and Claim Form; (j) negotiate with settlement administration companies to secure the best notice plan and pricing practicable; and (k) draft the motion for preliminary approval.

32. I anticipate incurring additional time, costs, and expenses before our work is done in this case, as is true of the additional services which we will provide to the Class.

33. For example, Emery Reddy will expend additional time to: (a) prepare and review final drafts of the Notice, Claim Form, and website; (b) monitor the claims process and correspond with the Settlement Administrator and Defendant's Counsel regarding the same; (c) respond to Settlement Class member inquiries and any objections; (d) draft and file the motion for final approval and attend the final approval hearing; (e) defend any appeals taken from the final judgment approving settlement; and (f) ensure that the distribution of settlement proceeds to Settlement Class members is done in a timely manner in accordance with the terms of the settlement.

34. However, we will not seek any additional payment from the Maximum Settlement Fund to cover the future time and costs that will need to be dedicated to the case.

35. It is worth noting that Emery Reddy has not requested statutory fees in addition to a percentage of the Maximum Settlement Fund, despite entitlement to such fees.

36. Emery Reddy has incurred $4,231.49 in out-of-pocket costs and expenses on this action, including filing fees, process service expenses, mediation expenses, and settlement administration costs.

37. These out-of-pocket costs and expenses were necessary to secure the resolution of this litigation.

38. The Parties agreed that Plaintiff Destinee Moliga should be appointed as Class Representative and receive a service award in the amount of $20,000.

39. Plaintiff has been committed to this case from the beginning and made significant contributions to advance the prosecution and resolution of the lawsuit.

40. Plaintiff assisted counsel in investigating the claims, gathering evidence, preparing

DECLARATION OF TIMOTHY W. EMERY - 6

No. 23-2-11540-6 SEA

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

the complaint, and understanding the facts.

41. Plaintiff provided evidence to support the claims, participated in mediation and multiple meetings, stayed in contact with Emery Reddy, and was prepared to testify in her deposition and at trial.

42. Additionally, Plaintiff provided input on settlement terms before, during, and after mediation.

### The Contingent Nature of the Case

43. Wage and hour class and collective actions are inherently complex and time-consuming.

44. My customary hourly rate for matters such as this is $725 per hour. I also accept matters such as this on a contingency fee basis for 33.33 percent of the gross recovery before trial preparation begins, or 40 percent of the gross recovery after trial preparation has begun, plus costs and expenses, with additional fees to be negotiated for any further representation in the appeals process.

45. These hourly rates and contingency fees are reasonable and customary in the Seattle area for complex employment law and class action matters for attorneys with extensive litigation and trial experience.

46. Plaintiffs are frequently unable to pay the hourly fee associated with litigating such matters, necessitating a contingency fee where much of the risk of success is shifted onto plaintiffs' counsel, including recovering case costs advanced.

47. Emery Reddy prosecuted this case on a purely contingent basis.

48. Emery Reddy has a contingency fee agreement with Plaintiff that provides for 33.33 to 40 percent of the gross recovery to be paid as attorneys' fees, plus costs and expenses, with additional fees to be negotiated for any further representation in the appeals process.

49. At various times during the litigation of this class action, this lawsuit has consumed significant amounts of time and attorney resources, which could otherwise have been spent on other fee-generating work.

DECLARATION OF TIMOTHY W. EMERY - 7

No. 23-2-11540-6 SEA

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

50. Because Emery Reddy undertook representation of this matter on a contingency-fee basis, we assumed a significant risk of nonpayment or underpayment.

51. We will not be paid any amount of our fees absent prevailing on behalf of Plaintiff and the Class, nor will we recover the significant costs advanced in this litigation.

**Litigation Risks and Future Expenses**

52. Litigation is inherently unpredictable and therefore risky.

53. In agreeing to the settlement, Plaintiff and I considered the risks inherent to litigation and the defenses available to Defendant.

54. In the absence of a settlement, the putative Class would have faced significant hurdles to relief, including Defendant's opposition to class certification, Defendant's arguments in favor of dismissal, disputes regarding the legal standard for entitlement to relief under RCW 49.58.110, challenges to Plaintiff's evidence, and challenges to Plaintiff's damages model.

55. Defendant has maintained that its job postings seeking Washington-based workers were proper and compliant with RCW 49.58.110.

56. If Defendant were able to succeed on their defenses, the putative Class would recover nothing.

57. There is a risk of losing inherent in any jury trial.

58. If Defendant were able to convince a jury Plaintiff's allegations were overstated or unfounded, it could effectively reduce or eliminate the Settlement Class's recoverable damages.

59. Even if the jury agreed Defendant was liable, the jury (or the Court) could reject Plaintiff's assumptions regarding damage calculations, significantly limiting recovery.

60. Plaintiff also considered the risk the Court could deny class certification.

61. If Defendant had succeeded in challenging class certification, it would have left Plaintiff to pursue her individual claims and would have allowed no recovery to approximately 1,896 applicants.

62. Other applicants who wanted to sue Defendant would then face the daunting

DECLARATION OF TIMOTHY W. EMERY - 8

No. 23-2-11540-6 SEA

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

prospect of doing so on their own.

63. If Plaintiff obtained class certification and proved liability and damages, any recovery could be delayed for years by an appeal, and an appellate court could ultimately reverse any favorable ruling obtained at the trial court.

64. Further litigation could result in depletion of available funds for the Settlement Class.

65. That reality gave rise to judgment collectability questions that presented risks for Plaintiff and her counsel to consider.

66. At the time the Parties agreed to mediation, Emery Reddy was gathering evidence for class certification, which would have taken extensive time and resources.

67. Moreover, depositions of applicants and Defendant's management officials, expert discovery and depositions, motions for summary judgment, motions regarding proper methods for calculating damages, pretrial preparation, and a lengthy class action trial would have been likely.

68. Even if the Class prevailed against Defendant at trial, Defendant would likely appeal any adverse rulings, thereby delaying relief to the putative Class.

69. Although Plaintiff and I believe that the harm and violation of RCW 49.58.110 is clear, we believe the uncertainty of these legal issues necessitates early resolution.

70. The settlement ensures substantial and timely relief and recovery for Plaintiff and the putative Class.

71. Defendant's counsel and I both have substantial experience prosecuting and defending class actions.

72. Both parties believe they would ultimately prevail; however, litigating the case would be time-consuming, expensive, and, like most all class actions, risky.

73. Based on my experience, I evaluated these various issues, including the strengths and weaknesses of the case, and concluded that the settlement is in the best interest of the Settlement Class.

DECLARATION OF TIMOTHY W. EMERY - 9

No. 23-2-11540-6 SEA

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

74. Defendant and its counsel likewise support the settlement.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct. Executed on March 25, 2024 at Seattle, Washington.

By: /s/ Timothy W. Emery
Timothy W. Emery

DECLARATION OF TIMOTHY W. EMERY - 10

No. 23-2-11540-6 SEA

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711