Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHERINE WRIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HP INC. DBA HP COMPUTING AND PRINTING INC., a foreign profit corporation; HP HEALTH SOLUTIONS INC., a foreign profit corporation; and Does 1-20, as yet unknown Washington entities,<br><br>Defendants. | No. 2:24-cv-01261-MJP<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND** |

## I.     INTRODUCTION

The Court must remand this matter to state court because Defendants fail to meet their burden of establishing this Court's Article III authority. As the removing party, Defendants must show that Plaintiff Katherine Wright has Article III standing. Defendants are unable to make this showing because they have not satisfied the core component of Article III standing—the injury-in-fact requirement—as articulated by this specific Court in *Spencer v. Vera Whole Health* and by this Court generally in what is now *nine* other prior rulings. *See Spencer v. Vera Whole Health, Inc.*, No. C24-337-MJP, 2024 U.S. Dist. LEXIS 116904 (W.D. Wash. July 2, 2024); *see also* Pl.'s

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 1

No. 2:24-cv-01261-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Mot. to Remand at 2 (citing Remand Orders); *Partridge v. Heartland Express Inc. of Iowa*, No. 3:24-cv-05486-DGE, 2024 U.S. Dist. LEXIS 164596 (W.D. Wash. Sept. 12, 2024). In *Vera Whole Health*, this court indicated that at least one of the following two allegations is required to meet the injury-in-fact requirement for Article III standing: (1) the plaintiff "engaged in any pay negotiations," or (2) the plaintiff was "offered an interview." 2024 U.S. Dist. LEXIS 116904 at *10. Ms. Wright did not allege either. *See generally* Compl.

Further, this Court has repeatedly concluded "plaintiffs must allege, *at minimum*, that they applied for the job with good-faith intent . . . to satisfy Article III standing." *E.g.*, *Liu v. Veeva Systems Inc., et al.*, No. 2:23-cv-1784-BJR, 2024 U.S. Dist. LEXIS 171512 (W.D. Wash. Sept. 23, 2024) (emphasis added). Ms. Wright did not plead "good faith" intent—or any other subjective intent—because it is not an element under the plain language of RCW 49.58.110 and is thus not required to state a claim for a violation of RCW 49.58.110. *See generally* Defs.' Notice of Removal, Ex. 1, ECF No. 1-2 ("Compl."). Likewise, Defendants do not allege that Ms. Wright engaged in pay negotiations or was offered an interview. Because a court without Article III jurisdiction cannot have subject matter jurisdiction, and because Defendants cannot establish Ms. Wright's Article III standing, this Court must remand.

## II. ARGUMENT

"It is axiomatic that federal courts are courts of limited jurisdiction." *Polo v. Innoventions Int'l, Ltd. Liab. Co.*, 833 F.3d 1193, 1195 (9th Cir. 2016). And it is an age-old maxim that a plaintiff, like Ms. Wright, is the "master of [her] case." *Id.* As the master of her complaint, Ms. Wright is entitled to "choose the court system in which she files suit." *See id.* Ms. Wright chose to file suit in state court, and Defendants removed. While the "availability of removal is an important check on the plaintiff's mastery," this tool is only available where the removing party can show the "federal court could have exercised original jurisdiction in the first instance." *Id.*

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 2

No. 2:24-cv-01261-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1   Where, as here, the removing party fails to meet their burden of establishing that the federal court
2   has jurisdiction, the Court must remand the case to state court.

3   Defendants—denying Ms. Wright her choice of forum as master of her case—removed this matter to federal court. Notably, Defendants removed, and continue to oppose remand, despite this Court's prior rulings in *ten* cases involving virtually identical matters where this Court concluded it lacked jurisdiction over plaintiffs like Ms. Wright. *See, e.g.*, *Liu v. Veeva Systems Inc., et al.*, No. 2:23-cv-1784-BJR, 2024 U.S. Dist. LEXIS 171512 (W.D. Wash. Sept. 23, 2024); *David v. Herc Rentals Inc.*, No. 2:24-cv-00175-BJR, 2024 U.S. Dist. LEXIS 85379 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC*, No. 2:23-cv-01742-BJR, 2024 U.S. Dist. LEXIS 85799 (W.D. Wash. May 10, 2024), *amended by Atkinson v. Aaron's LLC*, 2024 U.S. Dist. LEXIS 112833 (W.D. Wash. June 26, 2024); *Floyd v. Insight Glob. LLC*, No. 2:23-cv-01680-BJR, 2024 U.S. Dist. LEXIS 85796 (W.D. Wash. May 10, 2024), *amended by Floyd v. Insight Glob. LLC*, 2024 U.S. Dist. LEXIS 112827 (W.D. Wash. June 26, 2024); *Spencer v. RXO, Inc.*, No. 2:23-cv-01760-BJR, 2024 U.S. Dist. LEXIS 92838 (W.D. Wash. May 23, 2024); *Floyd v. DoorDash, Inc.*, No. 2:23-cv-01740-BJR, 2024 U.S. Dist. LEXIS 92001 (W.D. Wash. May 22, 2024); *Vera Whole Health, Inc.*, 2024 U.S. Dist. LEXIS 116904 ; *Atkinson v. Penney Opco LLC*, No. 23-cv-01806-BJR, 2024 U.S. Dist. LEXIS 134571 (W.D. Wash. July 30, 2024); *Watson v. Deacon Constr., LLC*, No. 24-cv-00082-BJR, 2024 U.S. Dist. LEXIS 134585 (W.D. Wash. July 30, 2024); *Partridge*, 2024 U.S. Dist. LEXIS 164596 (collectively, "Remand Orders"). Consistent with its prior rulings, the Court must remand this case to state court for lack of Article III jurisdiction.

A.   <u>Defendants fail to meet their burden of establishing that removal was proper because they have not shown this Court has Article III authority.</u>

As the removing party, it is Defendants' burden to establish the existence of subject matter jurisdiction and the appropriateness of removal. *See Abrego v. Dow Chem. Co.,* 445 F.3d 676, 685 (9th Cir. 2006). While Defendants are correct that CAFA does not ordinarily carry a "strong presumption" against removal jurisdiction, they ignore their own decision to assert federal jurisdiction pursuant to both CAFA and 28 U.S.C. 1332(a), which unquestionably does carry this

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 3

No. 2:24-cv-01261-MJP

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

presumption against removal. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). Further, Article III standing is a prerequisite to subject matter jurisdiction without which federal courts have no authority to adjudicate an action. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). Indeed, the Court cannot have subject matter jurisdiction of any kind if the plaintiff does not also possess Article III standing. *See Polo*, 833 F.3d at 1196. "If at any time it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

Contrary to Defendants' erroneous assertion, they do not have a "right to federal jurisdiction." Defs.' Opp. to Mot. to Remand at 8, ECF No. 14. Because they have not established the core component of Article III standing—the injury-in-fact—Defendants are unable to establish that removal to this court of limited jurisdiction was proper. *See Abrego*, 443 F.3d at 685. The Court is thus required to remand.

          *i.*     *Defendants fail to establish Ms. Wright has Article III standing under the test previously articulated by this Court.*

This Court, in *Spencer v. Vera Whole Health*, articulated the type of harm that must be alleged to show that a plaintiff suffered an injury-in-fact for violations of RCW 49.58.110. Order on Motion to Dismiss and Motion to Remand, *Vera Whole Health, Inc.*, 2024 U.S. Dist. LEXIS 116904, at *10. Specifically, this Court indicated that a plaintiff must allege they "engaged in any pay negotiations" or were "offered an interview" to meet the injury-in-fact requirement for Article III standing. *Id.* As recently as a month ago, this Court in *Partridge*, arrived at an identical conclusion, finding that:

> "Plaintiff does not allege that he was offered employment or an interview. Thus, he does not suggest that the deprivation of information compromised his bargaining power in pay negotiations, placed him at a disadvantage relevant to other applicants, or resulted in him having to exit a lengthy interview process after learning the pay was insufficient for his needs."

2024 U.S. Dist. LEXIS 164596 at 10. Because Ms. Wright did not allege that she engaged in pay negotiations or that she was offered an interview, Defendants cannot establish the Court's Article

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 4

No. 2:24-cv-01261-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

III authority under the analysis this Court articulated in both *Vera Whole Health* and *Partridge*. *See generally* Defs.' Notice of Removal, Ex. 1, ECF No. 1-2 ("Compl.").

Additionally, this Court has adjudged ten times now that when a plaintiff sues under RCW 49.58.110 but does not plead that he or she is a "bona fide" applicant, remand for lack of Article III standing is required. *See* Remand Orders. This Court concluded that, in the context of constitutional standing only, "a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but *requires a bona fide applicant before there is a risk of harm*." *Liu*, 2024 U.S. Dist. LEXIS 171512, at *4 (emphasis added). Ms. Wright did not plead "bona fide" applicant status—or any other subjective intent—because it is not an element in the statute. *See generally* Compl. *See also* Opening Br. of Plaintiffs/Appellants, *Branson et al. v. Wash. Fine Wines & Spirits*, No. 103394-0 (Wash. Sept. 19, 2024).[1]

Defendants, again ignoring this Court's prior rulings, argue that Ms. Wright sufficiently alleged injury-in-fact for Article III standing by alleging, among other things, that she was qualified, she expected to learn the rate of pay, she had to complete the application process without learning the pay, and that her ability to negotiate pay was adversely affected. *See id.* at 7-8. This Court, most recently in *Liu*, rejected a similar argument as insufficient to establish Article III jurisdiction, stating:

> plaintiffs must allege, **at minimum**, that they applied for the job with good-faith intent, and as such became personally exposed to the risk of harm caused by the violation. An allegation of time wasted from going through the motion of applying for a job without good-faith intent is insufficient to satisfy Article III standing.

*Liu*, 2024 U.S. Dist. LEXIS 171512, at *5 (emphasis added). Under this Court's analysis, allegations of harm, such as the allegations Defendants point to, are irrelevant without the corresponding risk of personal exposure to harm necessary to create and maintain Article III standing. *See id*. In other words, these allegations are not indicative of an injury-in-fact without

---

[1] Available at https://acdocportal.courts.wa.gov/PublicAccess/api/Document/AdcKlsrwqIiKaqmU1xARSPfjSrpi1k2a3ffq077n1L5melBWgPKWTs7WazsIÉqSYsngÉWnnwe5d750hoBdamU70%3D.

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 5

No. 2:24-cv-01261-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

the missing "bona fide" applicant allegation. *See id*. Crucially, Ms. Wright did not plead that she is a bona fide or good faith applicant because she is not required to under the plain language of RCW 49.58.110. The Court should accordingly reject Defendants' argument that they have established Ms. Wright's Article III standing despite the absence of an allegation of good faith.

          ii.      *Defendants continue to oppose removal despite this Court's prior rulings.*

Notably, Defendants removed this case *after* the Court adjudged in at least *eight* cases that an allegation of "bona fide" was required to meet the injury-in-fact requirement for Article III standing. *See* Defs.' Notice of Removal, EFC No. 1 (August 15, 2024). Defendants continue to oppose remand *after* this Court issued its July 2024 ruling in *Vera Whole Health, Inc.*, 2024 U.S. Dist. LEXIS 116904, which concluded that the injury-in-fact element required an allegation that plaintiff engaged in negotiations or was offered an interview. Despite the absence of any of these allegations in Ms. Wright's complaint, and inconsistent with this Court's prior rulings, Defendants continue their attempts to deny Ms. Wright her chosen forum as master of her complaint. The Court should reject these attempts and remand the case to state court.

    B.  <u>Defendants are not entitled to an additional opportunity to brief an issue that they chose not to address in their response.</u>

In her motion to remand, Ms. Wright argued that remand to state court would not be futile. Pl.'s Mot. to Remand at 3-6, ECF No. 12. While Ms. Wright questioned whether the futility exception continues to be good law, she fully briefed the merits of the issue. *See id*. at 5-6. Defendants, in their response to the motion to remand, chose not to respond to this argument. *See* Defs.' Opp. to Mot. to Remand at 11-12 n.9. Instead, they ask the Court for a "full opportunity to brief" the futility issue, if the Court "is inclined to remand." *Id*. The Court should decline this request. Defendants relinquished their opportunity to respond to Ms. Wright's fully briefed futility argument when they chose not to do so in their *responsive* brief. Defendants should not be rewarded with a second bite of the apple where they made such an unwise choice.

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 6

No. 2:24-cv-01261-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Further, Defendants, by failing to respond to the merits of Ms. Wright's futility argument, have effectively conceded that remand would not be futile. *See, e.g.*, *Beam v. Colvin*, 43 F. Supp. 3d 1163, 1170 (W.D. Wash. July 22, 2014) (finding party conceded issue by failing to address it in responsive brief); *Candice E. v. Berryhill*, No. 6:18-cv-01261-YY, 2019 U.S. Dist. LEXIS 104102, at *9 (D. Or. June 20, 2019) (finding defendant's failure to address an issue in her responsive brief is a concession of the issue) (citing *Bolbol v. City of Daly City*, 754 F. Supp.2d 1095, 1115 (N.D. Cal. 2010)); *Lykins v. Hohnbaum*, No. Civ. 01-63-JO, 2002 U.S. Dist. LEXIS 29618, at *6-7 (D. Or. Feb. 22, 2002) (finding plaintiff conceded dismissal of a claim on summary judgment by not addressing it). Regardless, this Court's prior orders make clear that returning this case to state court would not be futile. *See* Remand Orders.

C. <u>The Court lacks subject matter jurisdiction.</u>

Because Article III standing is a prerequisite to subject matter jurisdiction, without which the Court does not have subject matter jurisdiction, this Court need not address the remaining arguments regarding the elements of traditional diversity jurisdiction and CAFA jurisdiction. *See Warth*, 422 U.S. at 498-99 (supporting the proposition that Article III standing is a prerequisite to subject matter jurisdiction without which federal courts have no authority to adjudicate an action); *Vera Whole Health, Inc.*, 2024 U.S. Dist. LEXIS 116904, at *6 ("If a plaintiff lacks Article III standing, the Court does not have subject matter jurisdiction." (citing *Warth*, 422 U.S. at 498)). Nevertheless, if the Court chooses to reach those issues, it should conclude it lacks subject matter jurisdiction and remand.

    i.   *Defendants fail to show Ms. Wright's claim and pro-rata share of potential attorneys' fees exceed $75,000.*

Defendants have not established it is more likely than not that Ms. Wright's claim and pro-rata share of potential attorneys' fees exceed $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Because Ms. Wright seeks only $5,000, the only

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 7

No. 2:24-cv-01261-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1  reasonable dispute here is whether her pro-rata share of potential attorneys' fees exceed $70,000 ($75,000 - $5,000). Her potential attorneys' fees come nowhere close to meeting the jurisdictional threshold. In a case involving the same statute and virtually identical allegations, the Court recognized: "[T]his is not a case in which it goes without saying that the attorney fees will 'easily' climb to great heights." *Moliga v. Qdoba Rest. Corp.*, No. 2:23-CV-01084-LK, 2023 U.S. Dist. LEXIS 137178, at *9 (W.D. Wash. Aug. 7, 2023). Excepting subjective intent, just because there is a strong disagreement on the outcome, does not mean presenting facts and law to the Court will require a lot of attorney time. And the question of what, if any, subjective intent a plaintiff is required to plead to establish an RCW 49.58.110 violation is likely to soon be resolved by the Washington Supreme Court on a certified question. *Branson*, No. 103394-0. Any dispute as to those requirements will no longer be at issue.

        ii.    *Defendants fail to show CAFA's amount in controversy requirement is satisfied.*

To remove a case commenced as a class action in state court, CAFA requires that the removing defendant allege the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). *Harris v. KM Indus., Inc.*, 980 F.3d 694, 696 (9th Cir. 2020). Where the Defendants base the claimed amount of controversy on unreasonable assumptions, the court will remand. *Id.*[2] Additionally, Ms. Wright is not required to "introduce evidence outside the pleadings" to sustain a factual attack. *Id.* at 700. She "need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Id.* Importantly, "the burden of demonstrating the reasonableness of the assumptions on which the calculation of the amount in controversy was based remained at all times with" defendants. *Id.* at 701.

---

[2] Defendants allege Ms. Wright did not factually challenge Defendants' removal. Defs.' Opp. to Mot. to Remand at 14 n.10. She did. Similar to the plaintiff in *Harris*, Ms. Wright "directly challenged the truth" of Defendants' allegation that the putative class size is 3,000 individuals. *See Harris*, 980 F.3d at 700; Pl.'s Mot. to Remand at 11-12.

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 8

No. 2:24-cv-01261-MJP

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Similarly to the defendant's calculations in *Harris*, Defendants' calculations here "'improperly inflate the amount in controversy' by relying on 'unfounded assumptions.'" *See id.* at 698. Despite Defendant's assertions to the contrary, the Ninth Circuit has recognized that "a 'pattern and practice' of doing something does not necessarily mean *always* doing something." *See Arias v. Residence Inn*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d at 1198-99). Here, Ms. Wright alleged, on information and belief, that Defendants demonstrated a pattern of omitting wage information from their job postings; however, she did not allege that all applicants were affected. *See* Compl. ¶ 25 (specifically noting that "some, if not all" of Defendants' job postings withheld pay information). Despite this, Defendants ask the Court to assume that "all" of their job postings since January 1, 2023 have omitted wage information. They have provided no basis for this conclusion, and it is facially implausible. As such, their derivative assumptions must be disregarded as well. *Ibarra*, 775 F.3d at 1199 ("[A]ssumptions cannot be pulled from thin air but need some reasonable ground underlying them.").

Specifically, Defendants base their amount in controversy estimation on an erroneous assumption that there are upwards of 3,000 putative class members. Defendants continue to ignore the Class definition by asserting that more than 3,000 individuals submitted applications for *all* of Defendants' job openings in Washington. *See* Defs.' Opp. to Motion to Remand at 15. Defendants' estimation is overinclusive. The Class definition includes only those who "applied for a job opening in the State of Washington . . . *where the job posting did not disclose a wage scale or salary range*." Compl. at 7 (emphasis added). And Ms. Wright estimated the putative Class is comprised of "more than 40" and "potentially dozens" of Class members. *Id.* at 5, 7. Neither the Complaint nor Defendants' declaration supports the conclusion that the putative Class is anywhere close to 3,000 members.

Similarly, and again, ignoring the allegations in the Complaint and the Class definition, Defendants adopt the mistaken position that Ms. Wright seeks to represent non-Washington residents and non-U.S. citizens. *See* Defs.' Opp. to Mot. to Remand at 3. Defendants reach this erroneous conclusion by reasoning that its violative job posting advertised that the position was

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 9

No. 2:24-cv-01261-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

available in Washington, Texas, and Mexico. *Id.* The Class definition is plainly limited to those who "applied for *a job opening in the State of Washington* . . . where the job posting did not disclose a wage scale or salary range." Compl. at 7 (emphasis added). And Defendants' position that Ms. Wright's complaint includes persons who applied for a job opening outside of Washington is further evidence that its alleged 3,000 applicants is egregiously overinclusive.

Further, Defendants alone know the number of "individuals who, from January 1, 2023, applied for a job opening in the State of Washington" with Defendants "where the job posting did not disclose a wage scale or salary range." *See* Compl. at 8. Yet they refuse to provide this information, perhaps because the accurate number of putative Class members falls below CAFA's minimum plaintiff requirement.

The accurate number of putative Class members is simple for Defendants to ascertain. They need only count the number of applications submitted to job openings in Washington where the posting did not include the statutorily required pay information. Ms. Wright does not have access to this information. As such, she is unable to provide evidence to disprove Defendants' unreasonable assumptions. But she is not required to. *See Harris*, 980 F.3d at 700 (asserting plaintiff's "factual attack . . . need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence" and does not require that plaintiff "introduce evidence outside the pleadings"). Defendants' overinclusive estimation, which goes far beyond the putative Class definition, is merely a self-serving attempt to keep this case—a case about a Washington state law enacted to protect Washington state workers—out of Washington state court.

Defendants' unreasonable assumptions about the number of putative Class members, upon which it bases its amount in controversy estimation, "exaggerate the amount in controversy." *See id.* at 702. As such, Defendants have "failed to carry the burden of proving the statutory amount in controversy by a preponderance of the evidence." *See id.*

D. <u>Jurisdictional discovery is unnecessary and unwarranted.</u>

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 10

No. 2:24-cv-01261-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Defendants fail to establish this Court's Article III authority and therefore fail to establish that removal was proper. In a last-ditch effort to deny Ms. Wright her choice of forum as master of her complaint, Defendants ask the Court to order jurisdictional discovery. It is not necessary.

RCW 49.58.110's plain language does not require that a plaintiff allege any subjective intent element to establish a violation of the statute. *See* Plaintiffs'/Appellants' Opening Br., *Branson*, No. 103394-0. This Court has repeatedly ruled that an allegation of good faith is required for a plaintiff to have constitutional standing. *See* Remand Orders. And this Court specifically has previously held that an allegation of engaging in negotiations or being offered an interview is required to establish Article III standing. *See Vera Whole Health, Inc.*, 2024 U.S. Dist. LEXIS 116904. Nevertheless, Ms. Wright was not required to make any such allegation in her complaint in order to bring her claim in state court because the Washington Constitution does not limit state courts' jurisdiction as Article III of the U.S. Constitution limits the jurisdiction of federal courts. *See In re Estate of Reugh*, 10 Wn. App. 2d 20, 55-56 (2019).

Defendants have not met their burden of establishing this Court's Article III authority, and the Court should deny their request to engage in jurisdictional discovery.

## II.   CONCLUSION

For the foregoing reasons, Ms. Wright respectfully requests that the Court follow its prior rulings and remand this matter to King County Superior Court.

Respectfully submitted this 10th day of October, 2024.

EMERY | REDDY, PLLC

By:   */s/ Timothy W. Emery*
By:   */s/ Patrick B. Reddy*
By:   */s/ Paul Cipriani*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 11

No. 2:24-cv-01261-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiffs*

I certify that this memorandum does not exceed 4,200 words, in compliance with the Local Civil Rules.

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 12

No. 2:24-cv-01261-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

# CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Breanne Martell, WSBA #39632
Derek A. Bishop, WSBA #39363
Daniel Rhim, WSBA #58302
Littler Mendelson, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-3300
Email: bsmartell@littler.com
Email: debishop@littler.com
Email: drhim@littler.com

Dated this 10th day of October, 2024, at Seattle, Washington.

*/s/ Jennifer Chong*
Jennifer Chong, Legal Assistant
jennifer@emeryreddy.com

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 13

No. 2:24-cv-01261-MJP

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711